1  Maria R. Metcalf
2  954 Surrey Drive
   Chula Vista, CA 91902
3

FILED

08 APR 22 PM 4: 26

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA


DEPUTY

4        **IN THE UNITED STATES DISTRICT COURT**
5     **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

6

7  MARIA R. METCALF,                     )
                                          )
8            Plaintiff,                    )        CIVIL ACTION NO.
      v.                                   )
9                                          )
10  DREXEL LENDING GROUP, a               )
    California corporation, OLD            )     **'08 CV 731    W POR**
11  REPUBLIC TITLE COMPANY, a             )
    California corporation, AURORA         )
12  LOAN SERVICES LLC, a                  )
    California limited liability company   )
13   MORTGAGE ELECTRONIC                  )
    REGISTRATION SYSTEMS, INC.,           )
14  a Delaware corporation, and            )
15  ROBERT E. WEISS                        )
    INCORPORATED, a California             )
16  Corporation,                           )
                                           )
17                                         )     **VERIFIED COMPLAINT FOR DAMAGES**
             Defendants.                   )     **AND PETITION FOR INJUNCTIVE RELIEF**
18                                         )

19

20      Plaintiff, MARIA R. METCALF, sues Defendants DREXEL LENDING GROUP

21  (hereinafter Defendant "DREXEL"), OLD REPUBLIC TITLE COMPANY (hereinafter

22  Defendant "OLD REPUBLIC"), AURORA LOAN SERVICES, LLC (hereinafter Defendant

23  "AURORA'), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (hereinafter

24  Defendant "MERS"), and ROBERT E. WEISS INCORPORATED (hereinafter Defendant

25  "Weiss") and as grounds therefore would state as follows:

26

27

28

**Parties**

1.

Plaintiff, MARIA R. METCALF, (hereinafter referred to as "Plaintiff") is domiciled in the State of California, County of San Diego, City of Chula Vista, hereinafter Plaintiff.

2.

Defendant DREXEL, is a California corporation doing business in San Diego County, California. Defendant OLD REPUBLIC, is a California corporation doing business in San Diego County, California. Defendant AURORA is a California limited liability company doing business in San Diego County, California. Defendant MERS is a Delaware corporation doing business in San Diego County, California, Defendant WEISS is a California corporation doing business in San Diego County, California. All acts complained of occurred in San Diego County, California.

**Jurisdiction and Venue**

3.

Jurisdiction arises under 15 USC section 1601 et seq., 15 USC section 1640, Title 12, Regulation Z, Part 226.1 (c)(3), Title 24 CFR, Regulation X, Part 3500, 12 USC section 2601, 12 USC section 3752, 28 USC 1367, and UCC Article 3 section 3-306. This Court has pendent jurisdiction over all state law claims.

**General Background**

4.

This is an action for rescission of an illegal and void Mortgage and Note to certain

real estate, for damages, and for injunctive relief. This purported mortgage and note and the action taken by Defendants DREXEL, OLD REPUBLIC, MERS and WEISS contain unfair trade practices and predatory lending practices and violates Federal and State law.

5.

Plaintiff seeks recovery for damages for non-disclosure of Plaintiff's right to cancel, non-disclosure of certain Truth in Lending disclosures and Federal violations of numerous consumer rights.

6.

On or about February 1, 2007, Plaintiff and Defendants DREXEL, OLD REPUBLIC MERS and WEISS purported to execute a Mortgage and Note, purported loan number 0033798224. The said purported mortgage and note were never consummated by signing therein. Defendant never during the duration of the purported loan transaction, within a reasonable amount of time, ever gave the Plaintiff a signed copy of the purported mortgage and note. Said Defendant never proved ownership of the Note either before, during or after the purported default, foreclosure, sale and delivery of the Trustee's Deed to Defendant AURORA.

7.

Either before, during and/or after the settlement, Defendants DREXEL, OLD REPUBLIC, and MERS and WEISS failed and/or refused to provide Plaintiff with copies of important documents, including the complete mortgage and note which would explain their consumer rights, as well as other rights, including but not limited to, the right to cancel the contract and the Federal Truth in Lending Disclosures.

8.

1

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS also intentionally failed

2

and/or refused to provide Plaintiff various disclosures that would indicate to Plaintiff that the

3

contract entered into was void and illegal. For instance, Defendant failed to disclose that the loan

4

obtained had an interest rate higher than stated and in the preliminary disclosures, which

5

6

preliminary disclosures wee never given.

7

9.

8

Defendant DREXEL, OLD REPUBLIC, MERS and WEISS attorney and/or settlement

9

agent did not furnish Plaintiff with copies of numerous important settlement documents, ever in

10

11

the loan's history.

12

10.

13

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS caused to be filed into the

14

records of the State of California documents which purported to be the mortgage or note

15

purported to be executed by Plaintiff.

16

17

11.

18

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS never during the duration

19

of the entire purported loan's history delivered upon the Plaintiff a Notice of Default and Right

20

to Cure, with the entire accounting to show where the charges allegedly owed were derived from.

21

22

12.

23

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS never during the duration

24

of the entire purported loan's history delivered upon Plaintiff an acceleration notice statement,

25

accelerating the purported loan. Further, said Defendants never followed the guidelines as set

26

27

forth by the Department of Housing and Urban Development (HUD) regarding advising

28

Plaintiff as to her right to seek a loan special forbearance, loan modification or other important consumer rights prior to acceleration.

13.

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS herein and at all times material hereto, were under legal obligation as fiduciaries and had the responsibility of overseeing the purported loan consummation and to make sure that the Plaintiff received all mandated documentation, before and after the purported consumer transaction.

14.

Defendant AURORA had actual/and or constructive notice of the forgoing claims of Plaintiff prior to taking delivery of the purported Trustee's Deed and is not a bona fide purchaser for value without notice as defined by 12 USC section 3752 (1).


**COUNT I (UNFAIR TRADE PRACTICES INVOLVING NON-COMPLIANCE WITH**

**15 USC SECTIONS 1601, ET. SEQ.)**

15.

The facts alleged above in paragraphs 1 through 14 are hereby realleged as though fully set out and incorporated by reference herein.

16.

The mortgage documents were not given by Defendants DREXEL, OLD REPUBLIC MERS, and WEISS after the settlement had taken place, and after Plaintiff had purported to sign the documents.

17.

The above-mentioned constitutes a false representation of the settlement in violation of the Real Estate Settlement Procedures Act (RESPA).

18.

As a direct, proximate, and foreseeable result of Defendant DREXEL, OLD REPUBLIC MERS and WEISS actions, Plaintiff is subject to loss of the property and loss of the use of the property and other damages as a result of Defendant DREXEL, OLD REPUBLIC, MERS and WEISS actions.

**COUNT II (DISCLOSURE VIOLATION PURSUANT TO 15 USC SECTION 1635 ET. SEQ.)**

19.

The facts alleged above in paragraphs 1 through 18 are hereby realleged as though fully set out and incorporated by reference herein.

20.

The present case credit transaction is governed by the disclosure requirements of Title 15 USC Section 1635, including the extended right of rescission by virtue of being a refinancing of obligations constituting a lien against Plaintiff's principal residence.

21.

The UCC 1 lien applies to the transaction under revised Article 9 and to Defendants DREXEL, OLD REPUBLIC, MERS and WEISS because lien rights on the property arose in favor of Defendants as a result of the transaction.

22.

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failed and/or refused to meet the disclosure requirements of Revised Article 9 of the UCC, by not providing the notice

required or filing it before, during or immediately after the settlement, as mandated under the Article.

23.

Plaintiff is specifically in the class of person this statute was designed to protect.

24.

As a direct, proximate and foreseeable result of Defendant DREXEL, OLD REPUBLIC, MERS and WEISS failure to provide proper notices, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT III (MISSING STATEMENTS VIOLATION, PURSUANT TO 15 USC SECTION 1635, ET. SEQ.)**

25.

The facts made above in paragraphs 1 through 24 are hereby realleged as though fully set out and incorporated by reference herein.

26.

The two required statements under 15 USC Section 1639 (a) (1) (A) and (B) are completely missing.

27.

Defendants also failed and/or refused to meet the disclosure requirements of Section 1635, by not providing the notice/disclosure or filing it before during or immediately after the settlement, as required under this statute.

28.

Plaintiff is specifically in the class of persons this statute was designed to protect.

29.

As a direct, proximate, and foreseeable result of Plaintiff's failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendant's failure.

**COUNT IV (MISSING DISCLOSURE STATEMENTS VIOLATION, PURSUANT TO 15 USC SECTION 1638, ET. SEQ.)**

30.

The facts alleged above in paragraphs 1 through 29 are hereby realleged as though fully set forth and incorporated by reference herein.

31.

The required disclosure statements are completely missing under 15 USC Section 1638 (a) (2) (B) (a) (9), (a) (11) and (a) (12) and Regulation Z, Part 226.17 et. seq.

32.

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failed and/or refused to meet the disclosure requirements of Section 1638(a)(2)(B)(a)(9),(a)(11) and (a)(12) and Regulation Z, Part 226.17 et. seq.

33.

Plaintiff is specifically in the class of persons this statute was designed to protect.

34.

As a direct, proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC MERS and WEISS failure to provide proper notice/disclosure, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT V (DISCLOSURE VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)**

35.

The facts alleged above in paragraphs 1 through 34 are hereby realleged as though fully set out and incorporated by reference herein.

36.

The Federal Reserve Board Interpretation, Title 12 Code of Federal Regulations Part 226, Supplement 1, Paragraph 23(a) (1), provides that in the present case the transaction is rescindable for reasons above and below stated.

37.

The disclosures made in relation to the consumer credit transaction were not presented in the manner required by law. Furthermore, the disclosures were not grouped together and were not segregated from everything else as required by Title 12 Code of Federal Regulations, Section 226.17(a) (1) and in this case were not given at all.

38.

Plaintiff is specifically in the class of persons this statute was designed to protect.

39.

As a direct, proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failure to provide proper notice/disclosure, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT VI (RIGHT TO RECIND VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)**

40.

38. The facts alleged above in paragraphs 1 through 39 are hereby realleged as though fully set our and incorporated by reference herein.

41.

The right to rescind or cancel settlement document was unsigned by both parties,

was not disclosed or given, as required by Title 12 Code of Federal Regulations Section 226.18

et seq.

42.

Plaintiff is specifically in the class of persons this statute was designed to protect.

As a direct, proximate and foreseeable result of Plaintiff's failure to provide proper

notice/disclosure, Plaintiff is subject to loss of property and loss of use of property and other

damages as a result of Defendants failure.

**COUNT VII (RIGHT TO CANCEL VIOLATIONS, PURSUANT TO TITLE 12 CODE**

**OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)**

43.

The facts alleged above in paragraphs 1 through 42 are hereby realleged as though

fully set forth and incorporated by reference herein.

44.

There was no separate form to cancel, as required by Title 12 Code of Federal

Regulation, Section 226 et. seq.

45.

Plaintiff is specifically in the class of persons this statute was designed to protect.

46.

As a direct, proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC,

MERS and WEISS failure to provide proper notice/disclosure, Plaintiff is subject to loss of

property and loss of use of property and other damages as a result of Defendants failure.

**COUNT VIII (DECEPTIVE GROUPING VIOLATIONS, PURSUANT TO TITLE 12**

**CODE OF FEDERAL REGULATIONS SECTION 226, ET., SEQ.)**

47.

The facts made above in paragraphs 1 through 46 are hereby realleged as though fully set forth and incorporated by reference herein.

48.

The interest disclosures were not given together with other information within the documents.

49.

Plaintiff is specifically in the class of persons this statute was designed to protect.

50.

As a direct, proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC MERS and WEISS failure to provide proper notice/disclosure, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT IX (GOOD FAITH ESTIMATE VIOLATIONS, PURSUANT TO TITLE 12**

**CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)**

51.

The facts alleged above in paragraphs 1 through 50 are hereby realleged as though fully set forth and incorporated by reference herein.

52.

A good faith estimate copy was not received by Plaintiff, as required by 12 Code of Federal Regulation, Section 226.18(c) and 12 USC Section 2601 et seq.

53.

Plaintiff is specifically in the class of persons this statute was designed to protect.

54.

As a direct, proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failure to provide proper notice/disclosure, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT X (CONSUMER STATEMENT MISSING VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGUALATIONS SECTION 226, ET. SEQ.)**

55.

The facts made above in paragraphs 1 through 54 are hereby realleged as though fully set out and incorporated by reference herein.

56.

A statement that the consumer should refer to the appropriate contract document and clause for information about nonpayment, default, the right to accelerate was not given, as required by Title 12 Code of Federal Regulation, Section 226.18(p).

57.

Plaintiff is specifically in the class of persons this statute was designed to protect.

58.

As a direct, proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failure to provide proper notice/disclosure, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT XI (DISCLOSURE VIOLATIONS, PURSUANT TO TITLE 15 USC SECTION 1601, ET. SEQ. AND REGULATION Z).**

59.

The facts made above in paragraphs 1 through 58 are hereby realleged as though fully set out and incorporated by reference herein.

60.

Since this action was commenced, Defendants DREXEL, OLD REPUBLIC, MERS and WEISS have continued and so continues to violate the Consumer Credit Protection Act, Title 15 United States Code, Section 1601 et seq., and Regulation Z, Title 12 Code of Federal Regulations, Part 226, which was adopted pursuant to such Act, by failing to properly make the disclosures required by the Act and Regulation Z, as herein after more particularly set forth.

61.

Plaintiff is specifically in the class of persons this statute was designed to protect.

62.

As a direct, proximate, and foreseeable result of Defendants DREXEL, OLD REPUBLIC MERS and WEISS failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT XII (FAILURE TO DISCLOSE CALCULATION OF MORTGAGE BALANCE, PURSUANT TO TITLE 12 CFR SECTION 226.4, ET. SEQ.)**

63.

The facts and allegations above in paragraphs 1 through 62 are hereby realleged as though fully set forth and incorporated by reference herein.

64.

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failed to disclose in or with the disclosure statements, because no disclosure statements were given, the amount of the balance to which the rate was applied and an explanation of how that balance was determined

and further failed to disclose the fact that the balance is determined without first deducting all credits and payments made as required by Title 12 Code of Federal Regulations, Section 226.4 et seq.

65.

Plaintiff is specifically in the class of persons this statute was designed to protect.

66.

As a direct, proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failure to provide proper acceleration notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT XIII (FAILURE TO DISCLOSE ITEMIZATION OF CHARGES,**

**PURSUANT TO TITLE 12 USC SECTION 2610 ET. SEQ.)**

67.

The facts alleged above in paragraphs 1 through 66 are hereby realleged as though fully set forth and incorporated by reference herein.

68.

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failed to disclose in or with the acceleration statement the amounts, itemized and identified by type, of charges other than finance charges debited to the account during the acceleration period as required by Title 12 Code of Federal Regulations, Section 226.21.

69.

Plaintiff is specifically in the class of persons this statute was designed to protect.

70.

As a direct, proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT XIV (INFLATION OF ACCELERATION FEES, IN VIOLATION OF TITLE 12 USC SECTION 2610, ET. SEQ.)**

71.

The facts alleged above in paragraphs 1 through 70 are hereby realleged as though fully set forth and incorporated by reference herein.

72.

Defendants inflated the acceleration fees without operation of law, which amounts to usurious interest, in violation of Banking Law at 12 USC Section 2610 et seq.

73.

Plaintiff is specifically in the class of persons this statute was designed to protect.

74.

As a direct, proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC MERS and WEISS failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT XV (FAILURE TO DISCLOSE DATE, IN VIOLATION OF TITLE 12 USC SECTION 2610, ET. SEQ.)**

75.

The facts alleged above in paragraphs 1 through 74 are hereby realleged as though fully set forth and incorporated by reference herein.

76.

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failed to disclose the date by which or the time period within which the new balance or any portion of the new balance must be paid to avoid additional finance charges as required by Title 12 Code of Federal Regulations, Section 226.18(p).

77.

Plaintiff is specifically in the class of persons this statute was designed to protect.

78.

As a direct, proximate and foreseeable result of Defendants failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT XVI (FAILURE TO PROVIDE COPIES OF MORTGAGE, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ.**

79.

The facts alleged above in paragraphs 1 through 78 are hereby realleged as though fully set forth and incorporated by reference herein.

80.

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failed to give to Plaintiff signed copies of the complete mortgage as required by 15 USC Section 1601 et seq. within a reasonable amount of time or never during the entire period of the Loan Agreement.

81.

Plaintiff is specifically in the class of persons this statute was designed to protect.

82.

As a direct, proximate and foreseeable result of Defendants failure to provide proper

notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT XVII (FAILURE TO OBTAIN SIGNED LOAN DOCUMENTS, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ., AND TITLE 12, REGULATION Z, PART 226 ET. SEQ.)**

83.

The facts alleged above in paragraphs 1 through 82 are hereby realleged as though fully set forth and incorporated by reference herein.

84.

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failed to give the required sentences in various loan documents and have them signed by the Plaintiff, as required by 15 USC Section 1601 et seq. and Title 12, Regulation Z, Part 226 et seq.

85.

Plaintiff is specifically in the class of persons this statute was designed to protect.

86.

As a direct, proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC MERS and WEISS failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT XVIII (FAILURE TO DISCLOSE USE OF SETTLEMENT FEES IN VIOLATION OF TITLE 12, REGULATION Z AND 15 USC SECTION 1601, ET. SEQ).**

87.

The facts made above in paragraphs 1 through 86 are hereby realleged as though fully set forth and incorporated by reference herein.

88.

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failed to disclose to the

Plaintiff that the settlement fees could not be a part of the amount financed as required by Title

12, Regulation Z and 15 USC Section 1601 et seq.

89.

Plaintiff is specifically in the class of persons this statute was designed to protect.

90.

As a direct, proximate, and foreseeable result of Defendants DREXEL, OLD

REPUBLIC, MERS and WEISS failure to provide proper notice, Plaintiff is subject to loss of

property and loss of use of property and other damages as a result of Defendants failure.

**COUNT XIX (FAILURE TO DISCLOSE LOWER INTEREST RATE, IN VIOLATION**

**OF 12 USC SECTION 2601, ET SEQ.**

91.

The facts alleged above in paragraphs 1 through 90 are hereby realleged as though fully

set forth and incorporated by reference herein.

92.

Defendant failed to disclose to Plaintiff that the loan obtained has an interest rate higher

than the rate reflected in the Preliminary Disclosures and do not fall within the tolerances as

required by 12 USC Section 2601 et seq.

93.

Plaintiff is specifically in the class of persons this statute was designed to protect.

94.

As a direct, proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC MERS and WEISS failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT XX (FAILURE TO DISCLOSE LOAN ORIGINATION FEE, IN VIOLATION OF 12 USC SECTION 2601, ET. SEQ).**

95.

The facts made above in paragraphs 1 through 94 are hereby realleged as though fully set forth and incorporated by reference herein.

96.

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failed to disclose to Plaintiff that the loan obtained required loan origination fees, whereas the Preliminary Disclosures reflected no such fees as required by 12 USC Section 1601 et seq.

97.

Plaintiff is specifically in the class of persons this statute was designed to protect.

98.

As a direct and proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failure to provide proper notice, Plaintiff is subject to loss of property, loss of use of property and other damages as a result of Defendants failure.

**COUNT XXI (FAILURE TO GIVE 3 DAY COOLING PERIOD, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND REGULATION Z)**

99.

The facts alleged above in paragraphs 1 through 98 are hereby realleged as though fully set forth and incorporated by reference herein.

100.

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failed to give Plaintiff the required 3 day cooling off period, as required by Regulation Z and 15 USC Section 1601 et seq.

101.

Plaintiff is specifically in the class of persons this statute was designed to protect.

102.

As a direct, proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC MERS and WEISS failure to provide proper disclosure, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

## COUNT XXII (FAILURE TO GIVE CONSPICUOUS WRITINGS, IN VIOLATION OF 15 USC SECTION 1601, ET SEQ, AND TITLE 12 CODE OF FEDERAL REGULATIONS, SECTION 226.18)

103.

The facts alleged above in paragraphs 1 through 102 are hereby realleged as though fully set forth and incorporated by reference herein.

104.

By reason of the foregoing, Defendants DREXEL, OLD REPUBLIC, MERS and WEISS have failed to make the disclosures required by 15 USC Section 1601 et seq. and Title 12 Code of Federal Regulations, Section 226.18, clearly and conspicuously in writing, in a form that Plaintiffs could keep as required by 15 USC section 1601 et seq. and Title 12, Code of Federal Regulations, Section 226.18. As a proximate result of the foregoing, the Plaintiff herein has the right to rescind the entire transaction.

105.

Plaintiff is specifically in the class of persons this statute was designed to protect.

106.

As a direct, proximate, and foreseeable result of Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT XXIII (FAILURE TO GIVE PROPER NOTICE OF DEFAULT AND RIGHT TO CURE AND ACCELERATION NOTICE, IN VIOLATION OF 12 USC 2601 ET SEQ, 15 USC SECTION 1601, ET SEQ. AND TITLE 12 CODE OF FEDERAL REGULATIONS, SECTION 226.18)**

107.

The facts alleged above in paragraphs 1 through 106 are hereby realleged as though fully set forth and incorporated by reference herein.

108.

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS have further failed to give proper notice of Notice of Default and Right to Cure and acceleration of the loan transaction as required by 12 USC Section 2601 et seq. and 15 USC Section 1601 et seq.

109.

Plaintiff is specifically in the class of persons this statute was designed to protect.

110.

As a direct, proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC MERS and WEISS failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT XXIV (VIOLATION FAILURE TO DISCLOSE INTEREST RATE PURSUANT TO REGULATION Z, PART 226.4)**

111.

The facts alleged above in paragraphs 1 through 110 are hereby realleged as though fully set forth and incorporated by reference herein.

112.

Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failed to disclose beginning interest rates and the adjustable rate rider.

113.

Plaintiff is specifically in the class of person this statute was designed to protect.

114.

As a direct, proximate and foreseeable result of Defendants DREXEL, OLD REPUBLIC, MERS and WEISS failure to provide proper notice Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

**COUNT XXV (INJUNCTIVE RELIEF)**

115.

The facts alleged above in paragraphs 1 through 114 are hereby realleged as though fully set forth and incorporated herein.

116.

Plaintiff has been and will be seriously injured unless Defendants DREXEL, OLD REPUBLIC, MERS and WEISS foreclosure and post-foreclosure activities complained of are preliminarily and permanently enjoined. Plaintiff will suffer irreparable injury of a continuing nature that cannot be adequately calculated or compensated in money damages.

117.

Plaintiff seeks an injunction to enjoin Defendants DREXEL, OLD REPUBLIC, MERS and WEISS from keeping relevant documents such as, complete loan package but not limited to forwarding all relevant foreclosure documents to Plaintiff, and further enjoined from continued prosecution of eviction, detainer, ejectment or any other action against Plaintiff by any one and or all Defendants.

**Prayer for Relief**

Plaintiff prays for the following relief:

118.

Rescission of the entire Mortgage and note amounting to clear title to property with Fixtures as a result of the aforementioned, and

119.

As a result of Defendant's aforesaid violation, Defendants are liable to Plaintiff in an Amount not less than $200.00 and up to $2,000.00 for each and every violation, and

120.

Damages as a result of the aforementioned violations, to be fixed and awarded by the Court, including the alleged mortgage amount of $900,000.00., and

121.

Damages for the Unfair and Deceptive Acts and Practices in the amount of $4,000.00 for each and every violation, and

122.

Damages in the amount of three times the interest paid and clear title to the property stemming from the usurious interest, and

**123.**

Judgment against Defendant for return of the down payment, and other payments, as well as interest on the above amount, and

**124.**

Cost of litigation as provided in Title 15 United States Code, Section 1601, et seq., and

**125.**

Such other and further relief as the court deems equitable, appropriate and just.

Dated this 22nd, day of April, 2008.

## VERIFICATION

BEFORE ME the undersigned authority duly authorized to administer oaths, personally appeared Maria R. Metcalf, who after being duly sworn, deposes and says that the foregoing facts and allegations are true and correct.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Maria R. Metcalf_

Maria R. Metcalf, Affiant/Plaintiff

_Corazon G. Espiritu_

Signature of Notary Public

My Commission Expires: Feb 03, 2010



CORAZON G. ESPIRITU
Commission # 1642885
Notary Public - California
San Diego County
My Comm. Expires Feb 3, 2010

Maria Metcalf - Complaint for damages & Lis Pendens - 24

**CERTIFICATE OF SERVICE**

I, Maria R. Metcalf hereby certify that the foregoing Complaint for Damages and for

Injunctive relief was served by U.S. Mail with adequate postage there upon the Defendant

DREXEL LENDING GROUP at 8200 Haven Avenue, Suite 2109, Rancho Cucamonga, CA

91730, upon Defendant OLD REPUBLIC TITLE COMPANY at 9645 Granite Ridge Drive,

Suite 300 San Diego CA 92123, upon Defendant MERS at PO Box 2026, Flint MI 48501, upon

Defendant ROBERT E. WEISS INCORPORTED at 920 South Village Oaks Drive, Covina, CA

91724 and upon Defendant AURORA LOAN SERVICES LLC by serving JAMES T. LEE, ESQ

attorney for Defendant AURORA at Law Offices of Robert E. Weiss Incorported at 920 South

Village Oaks Drive, Covina, CA  91724.

MARIA R. METCALF
Plaintiff, pro-se
954 Surrey Drive
Chula Vista, CA  91902
Phone (619) 399-1066

By *Maria R Metcalf*
Maria R. Metcalf

Maria Metcalf – Complaint for damages & Lis Pendens – 25

# UNITED STATES
# DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 150103      — MS

## April 22. 2008
## 16:31:13

## Civ Fil Non-Pris

USAO #.: 08-CV-0731-W CIVIL FILING
Judge..: THOMAS J WHELAN
Amount.:                $350.00 CA

## Total—> $350.00

FROM: METCAF VS. DREXTEL LENDING GP
      CIVIL FILING

JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

Maria R. Metcalf, pro se

**DEFENDANTS** Drexel Lending Group, Old Republic Title Company, Aurora Loan Services LLC, Mortgage Electronic Registration Systems, Inc., Robert Weiss

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   SAN BERNADIWO

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Maria R. Metcalf, pro se   954 SURRY DR
(619) 399-1066   BONITA CA 91902-

08 APR 22 AM 9 O

Attorneys (If Known)   '08 CV 731  W POR
James T. Lee for Aurora Loan Svcs.

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ' 1  U.S. Government Plaintiff | (X) 3  Federal Question (U.S. Government Not a Party) |
| ' 2  U.S. Government Defendant | ' 4  Diversity (Indicate Citizenship of Parties in Item III) |

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ' 1 | | Incorporated or Principal Place of Business In This State | ' 4 | |
| Citizen of Another State | ' 2 | ' 2 | Incorporated and Principal Place of Business In Another State | ' 5 | ' 5 |
| Citizen or Subject of a Foreign Country | ' 3 | ' 3 | Foreign Nation | ' 6 | ' 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ' 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ' 610 Agriculture | ' 422 Appeal 28 USC 158 | ' 400 State Reapportionment |
| ' 120 Marine | ' 310 Airplane   ' 362 Personal Injury - | ' 620 Other Food & Drug | ' 423 Withdrawal | ' 410 Antitrust |
| ' 130 Miller Act | ' 315 Airplane Product   Med. Malpractice | ' 625 Drug Related Seizure | 28 USC 157 | ' 430 Banks and Banking |
| ' 140 Negotiable Instrument | Liability   ' 365 Personal Injury - | of Property 21 USC 881 | | ' 450 Commerce |
| ' 150 Recovery of Overpayment | ' 320 Assault, Libel &   Product Liability | ' 630 Liquor Laws | **PROPERTY RIGHTS** | ' 460 Deportation |
| & Enforcement of Judgment | Slander   ' 368 Asbestos Personal | ' 640 R.R. & Truck | ' 820 Copyrights | ' 470 Racketeer Influenced and |
| ' 151 Medicare Act | ' 330 Federal Employers'   Injury Product | ' 650 Airline Regs. | ' 830 Patent | Corrupt Organizations |
| ' 152 Recovery of Defaulted | Liability   Liability | ' 660 Occupational | ' 840 Trademark | ' 480 Consumer Credit |
| Student Loans | ' 340 Marine   **PERSONAL PROPERTY** | Safety/Health | | ' 490 Cable/Sat TV |
| (Excl. Veterans) | ' 345 Marine Product   ' 370 Other Fraud | ' 690 Other | | ' 810 Selective Service |
| ' 153 Recovery of Overpayment | Liability  'X 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ' 850 Securities/Commodities/ |
| of Veteran's Benefits | ' 350 Motor Vehicle   ' 380 Other Personal | ' 710 Fair Labor Standards | ' 861 HIA (1395ff) | Exchange |
| ' 160 Stockholders' Suits | ' 355 Motor Vehicle   Property Damage | Act | ' 862 Black Lung (923) | ' 875 Customer Challenge |
| ' 190 Other Contract | Product Liability   ' 385 Property Damage | ' 720 Labor/Mgmt. Relations | ' 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ' 195 Contract Product Liability | ' 360 Other Personal   Product Liability | ' 730 Labor/Mgmt.Reporting | ' 864 SSID Title XVI | ' 890 Other Statutory Actions |
| ' 196 Franchise | Injury | & Disclosure Act | ' 865 RSI (405(g)) | ' 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ' 740 Railway Labor Act | **FEDERAL TAX SUITS** | ' 892 Economic Stabilization Act |
| ' 210 Land Condemnation | ' 441 Voting   ' 510 Motions to Vacate | ' 790 Other Labor Litigation | ' 870 Taxes (U.S. Plaintiff | ' 893 Environmental Matters |
| ' 220 Foreclosure | ' 442 Employment   Sentence | ' 791 Empl. Ret. Inc. | or Defendant) | ' 894 Energy Allocation Act |
| ' 230 Rent Lease & Ejectment | ' 443 Housing/   **Habeas Corpus:** | Security Act | ' 871 IRS—Third Party | ' 895 Freedom of Information |
| ' 240 Torts to Land | Accommodations   ' 530 General | | 26 USC 7609 | Act |
| ' 245 Tort Product Liability | ' 444 Welfare   ' 535 Death Penalty | **IMMIGRATION** | | ' 900 Appeal of Fee Determination |
| (X) 290 All Other Real Property | ' 445 Amer. w/Disabilities -   ' 540 Mandamus & Other | ' 462 Naturalization Application | | Under Equal Access |
| | Employment   ' 550 Civil Rights | ' 463 Habeas Corpus - | | to Justice |
| | ' 446 Amer. w/Disabilities -   ' 555 Prison Condition | Alien Detainee | | ' 950 Constitutionality of |
| | Other | ' 465 Other Immigration | | State Statutes |
| | ' 440 Other Civil Rights | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| (X) 1 Original Proceeding | ' 2 Removed from State Court | ' 3 Remanded from Appellate Court | ' 4 Reinstated or Reopened | ' 5 Transferred from another district (specify) | ' 6 Multidistrict Litigation | ' 7 Judge from Magistrate Judgment |

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity) 15USC1601:
15 USC SEC 1601 ET SEQ

Brief description of cause Complaint for damages for violation of Truth in Lending and for rescission and injunctive relief:
COMPLAINT FOR DAMAGES, PETITION FOR INJUNCTIVE RELIEF

### VII. REQUESTED IN COMPLAINT:

' CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $900,000.00**

CHECK YES only if demanded in complaint:
JURY DEMAND: (X) Yes   ' No

### VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   4/22/08

SIGNATURE OF ATTORNEY OF RECORD   Maria R Metcalf

FOR OFFICE USE ONLY

RECEIPT # 150103   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

MS 4/22/08