PETER J. SALMON (SBN 174386)
MICHELLE A. MIERZWA (SBN 196175)
THOMAS N. ABBOTT (SBN 245568)
PITE DUNCAN, LLP
525 E. Main Street
P.O. Box 12289
El Cajon, CA 92022-2289
Telephone: (619) 590-1300
Facsimile: (619) 590-1385
E-Mail: tabbott@piteduncan.com

Attorneys for Defendant AURORA LOAN SERVICES, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA R. METCALF,<br><br>    Plaintiff,<br><br>v.<br><br>DREXEL LENDING GROUP, a California corporation, OLD REPUBLIC TITLE COMPANY, a California corporation, AURORA LOAN SERVICES LLC, a California limited liability company MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, and ROBERT E. WEISS INCORPORATION, a California Corporation,<br><br>    Defendants. | Case No. 3:08-cv-00731-W-POR<br><br>**DEFENDANT AURORA LOAN SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT AND IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT**<br><br>Date:<br><br>Time:<br><br>Courtroom: |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant AURORA LOAN SERVICES, LLC ("Aurora") respectfully submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss all purported causes of action set forth in Plaintiff's Complaint for Damages and Petition for Injunctive Relief on the grounds: Plaintiff has not properly served Aurora, each purported cause of action fails to state a claim upon which relief may be granted, and Plaintiff does not allege actionable conduct by Aurora.

///

///

## I. INTRODUCTION

This action arises out of a transaction wherein Plaintiff obtained a loan in the amount of $900,000.00 from defendant Drexel Lending Group secured by deed of trust, executed by Plaintiff on or about February 1, 2007. The gravamen of Plaintiff's complaint is that when the loan originated on February 1, 2007, defendants Drexel Lending Group ("Drexel"), Old Republic Title Company ("Old Republic"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Robert E. Weiss Incorporated ("Weiss") purportedly failed to comply with various statutory disclosure requirements pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. section 1601, *et. seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. section 2601, *et. seq.* Plaintiff has since defaulted on the loan, the deed of trust has been foreclosed, and the property encumbered thereby sold on February 22, 2008, to Aurora.

Any action under TILA or RESPA must be brought within one year from the date of the occurrence of the alleged violation. Further, Plaintiff's right of rescission under TILA expires three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first. Plaintiff's complaint, filed on April 22, 2008, fails to state facts showing how her claims are not barred by the applicable statute of limitations. Plaintiff's causes of action relating to disclosure violations are barred because the alleged violations occurred on or about February 1, 2007, more than one year before April 22, 2008, the date the complaint was filed. Plaintiff's right of rescission has expired because the property was sold on February 22, 2008, prior to the filing of the complaint on April 22, 2008.

As described below, Plaintiff's inability to allege facts to show her claims are timely entitles Aurora to have its motion granted as to all purported claims for relief without leave to amend.

## II. STATEMENT OF FACTS

On or about February 1, 2007, Maria R. Metcalf, made and executed a first priority deed of trust in favor of Drexel Lending Group as Lender and MERS as beneficiary, securing an obligation in the principal amount of $900,000.00. The deed of trust was recorded on February 13, 2007, in the Official Records of San Diego County as Instrument Number 2007-0101097. The deed of trust encumbered the real property commonly known as 954 Surrey Drive, Chula Vista, CA 91902 (the

"Property"). A true and correct copy of the deed of trust is attached as Exhibit A to Aurora's Request for Judicial Notice filed concurrently herewith (the "RJN").

On or about September 26, 2007, the trustee on the deed of trust caused a Notice of Default to be recorded in the Official Records of San Diego County as Instrument Number 2007-0626655. A true and correct copy of the Notice of Default is attached as Exhibit B to the RJN. On or about December 28, 2007, a Notice of Trustee's Sale was recorded in the Official Records of San Diego County as Instrument Number 2007-0797321. A true and correct copy of the Notice of Trustee's Sale is attached as Exhibit C to the RJN. On February 22, 2008, Aurora purchased the Property at foreclosure sale. On February 28, 2008, a Trustee's Deed Upon Sale was recorded in the Official Records of San Diego County as Instrument Number 2008-0102980. A true and correct copy of the Trustee's Deed Upon Sale is attached as Exhibit D to the RJN. On the date of the foreclosure sale Aurora was the authorized servicer of the loan secured by the deed of trust. A true and correct copy of the loan servicer identification summary from MERS' website is attached as Exhibit E to the RJN.

On or about April 22, 2008, Plaintiff filed her complaint in this action.

### III. LEGAL STANDARD

When viewing the allegations of the complaint, and accepting as true the well averred facts, a motion to dismiss should be granted if there is no legal basis upon which a plaintiff could prevail. If there is neither a cognizable legal theory nor sufficient facts alleged to support a cognizable legal theory, the complaint should be dismissed pursuant to rule 12(b)(6). *Balistreri v. Pacifica Police Dep't*, 901 F. 2d 696, 699 (9th Cir. 1990). Only well averred facts must be accepted as true. The court is not required to accept legal conclusions cast in the form of factual allegations, unwarranted deductions of fact or unreasonable inferences. *Spreewell v. Golden State Warriors*, 26 F. 3d 979, 988 (9th Cir. 2001). Further, the court may consider facts of which judicial notice is taken. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

A complaint should be dismissed pursuant to Rule 12(b)(6) when it appears beyond doubt the plaintiff cannot prove facts entitling her to relief. *NOW Inc. v. Schiedler*, 510 U.S. 249, 256 (1994); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274-75 (9th Cir. 1990).

Similarly, leave to amend should not be afforded where amendment would be futile. *Schreiber Distributing Co v. Serv-Well Furniture Co. Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Futility exists where the complaint cannot be amended to cure the defect. *Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

### IV. ARGUMENT

**A. PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS IT WAS NOT PROPERLY SERVED UPON AURORA.**

Federal Rule of Civil Procedure 12(b)(4) and (5) provide that a defendant may file a motion to dismiss based upon either insufficiency of process or service of process. Federal Rule of Civil Procedure 4(h) requires service on a corporation to be effected by ". . . delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . ."

Federal Rules of Civil Procedure 4(c)(2) requires the summons and complaint in a federal action to be served by any person not a party to the action who is at least 18 years of age, unless otherwise provided by the Rules. Service by an unauthorized person is ineffective and is subject to being quashed. Fed. R. Civ. P. 4(c)(2); *Veeck v. Commodity Enterprises, Inc.*, 487 F.2d 423, 425 (9th Cir. 1973). Where validity of service is challenged by a Rule 12 Motion, the burden is on the plaintiff to establish the validity of service. *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985); *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3rd Cir. 1993).

In the instant case, service of the complaint on Aurora was ineffective. The Certificate of Service attached to the Complaint filed by the Plaintiff is facially defective as it fails to indicate whether or not the process server was at least 18 years of age, and someone other than Plaintiff. Moreover, the Certificate of Service indicates the complaint was not served on any officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process on behalf of Aurora, as it was delivered to an attorney who does not represent Aurora and who is not authorized to accept service on Aurora's behalf. Indeed, no such authorized person within

Aurora or authorized on Aurora's behalf was served. Accordingly, Aurora moves for a dismissal of the Plaintiff's complaint due to the insufficiency of process and/or service of process, or in the alternative, for the court to quash service of the complaint on Aurora.

**B. PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION BECAUSE EACH AND EVERY CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS.**

Where the facts and dates alleged in the complaint indicate the claims are barred by the statute of limitations, a motion to dismiss for failure to state a claim must be granted as a matter of law because the action is time-barred. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

**1. Plaintiff Cannot State a Claim for Damages Against Aurora Because the One Year Statute of Limitations Has Expired.**

The statute of limitations to bring a claim for damages under either TILA or RESPA is one year from the date of the occurrence of the violation. *See* 15 U.S.C. § 1640(e) [TILA claims]; 12 U.S.C. § 2614 [RESPA claims]. The one-year limitations period contained in both acts commence no later than the date of actual disclosure of actions constituting the alleged violation. *Katz v. Bank of California*, 640 F.2d 1024, 1025 (9th Cir. 1981). Therefore, the purported failure to make required disclosures are deemed to occur, if at all, at the time the loan documents are signed absent evidence showing fraudulent concealment or other action to prevent Plaintiff from discovering her claim. *Meyer v. Ameriquest Mtg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Moreover, actual knowledge is not required, as constructive knowledge of the injury will suffice. *Shiny Rock Mining Corp. v. United States*, 906 F.2d 1362, 1364-1365 (9th Cir. 1990).

Plaintiff's claims rest on various assertions that disclosures or documents were not provided at the time of settlement. An example of a few of the allegations are: "mortgage documents were not given by Defendants . . . after the settlement had taken place" (Complaint ¶ 16;) "[d]efendants fails [sic] and/or refused to meet the disclosure requirements of Section 1635 . . . during or immediately after the settlement" (Complaint ¶ 27;) "[t]he required statements are completing missing" (Complaint ¶ 31;) "[t]he disclosures made in relation to the consumer credit transaction were not presented in the manner required by law" (Complaint ¶37;) and "[t]he interest disclosures

were not given together with other information within the documents." (Complaint ¶ 48.) The alleged misconduct, which forms the gravamen of the complaint, occurred at the time of settlement on or about February 1, 2007. No allegations of fraudulent concealment or other conduct by Aurora to prevent Plaintiff from discovering her claim is alleged. Thus, on or about February 1, 2007, Plaintiff possessed sufficient knowledge of her claim. However, Plaintiff filed the complaint more than one year later, on April 22, 2008, and therefore, her claims are barred by the applicable statute of limitations.

Because a claim barred by the statute of limitation cannot be cured by amendment, leave to amend should not be afforded because amendment would be futile. *Schreiber Distributing Co v. Serv-Well Furniture Co. Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**2.  Plaintiff Cannot State a Claim for Rescission Because the Statute of Limitations Expired Upon the Sale of the Property.**

Plaintiff's cause of action for rescission is premised on section 1635 and the implementating regulations. *See* Complaint ¶ 41; 15 U.S.C. § 1635; 12 C.F.R. § 226.23. The time limit for exercising the right of rescission under TILA is three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f). The transaction consummated on or about February 1, 2007; however, the property was foreclosed and sold to Aurora on or about February 22, 2008. Thus, the foreclosure sale has terminated Plaintiff's right of rescission. *See Hallas v. Ameriquest Mtg. Co.*, 406 F.Supp.2d 1176, 1183 (D.Or. 2005).

**C.  EACH CAUSE OF ACTION CONTAINED IN THE COMPLAINT MUST BE DISMISSED AS TO AURORA BECAUSE THEY DO NOT ALLEGE ACTIONABLE CONDUCT BY AURORA.**

Each cause of action in the complaint contains allegations of conduct by defendants Drexel, Old Republic, MERS and Weiss, which is purportedly actionable under TILA and RESPA. Absent from the complaint, however, is any mention of actionable conduct by Aurora. For example, in support of the purported cause of action for unfair trade practices (first cause of action), Plaintiff alleges:

> The mortgage documents were not given by Defendants DREXEL, OLD REPUBLIC, MERS, and WEISS after the settlement had taken place, and after Plaintiff had purported to sign the documents. (Complaint ¶ 16.)

The sole reference to Aurora in the entire complaint appears in paragraph 14, wherein Plaintiff states:

> AURORA had actual/and [sic] or constructive notice of the forgoing claims of Plaintiff prior to taking delivery of the purported Trustee's Deed and is not a bona fide purchaser for value without notice as defined by 12 USC section 3752(1)." (Complaint ¶ 14.)

Section 3752(1) defines a bona fide purchaser as "a purchaser for value in good faith and without notice of any adverse claim, and who acquires the security property free of any adverse claim." 12 U.S.C. § 3752(1). Aurora purchased the property and acquired title on February 22, 2008. (See Exhibit A to the RJN.) Plaintiff, however, did not file her complaint until April 22, 2008. Accordingly, Plaintiff's claim that Aurora had actual or constructive knowledge of the claims in her complaint are directly contradicted by facts judicially noticeable by the court: the date of the filing of the complaint and the date on which Aurora acquired title to the property. Moreover, the first through twenty-fifth causes of action in the complaint fail to allege any conduct by Aurora to support each of those causes of action. Because each cause of action is unsupported by any allegations against Aurora that would support each respective cause of action, these causes of action should be dismissed.

### D. EACH CAUSE OF ACTION UNDER THE TRUTH IN LENDING LAW SHOULD BE DISMISSED BECAUSE AURORA IS NOT A CREDITOR.

Civil liability under TILA does not apply to loan servicers; rather, it only applies to a "creditor who fails to comply with any requirement imposed" under the act. 15 U.S.C. § 1640(a) [emphasis added]. The description of the return of money or property following rescission under TILA provides ". . . the creditor shall return . . . any money or property given as earnest money, down payment, or otherwise . . . ." 15 U.S.C. § 1635(b) [emphasis added]. For purposes of TILA, a "creditor" refers only to:

> a person who both (1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the indebtedness or, if there is no such evidence of indebtedness, by agreement. 15 U.S.C. § 1602(f) [emphasis added].

Plaintiff's Complaint does not allege that Aurora regularly extends consumer credit of any

kind, nor that Aurora is the party to whom the debt was initially payable. Indeed, the deed of trust identifies the original lender as Drexel Lending Group. (See Exhibit A to the RJN.) Aurora is merely the party authorized to receive and apply payments from the borrower to the lender. Aurora's status as the authorized loan servicing agent can be confirmed by searching the database maintained by MERS, the beneficiary on the deed of trust and the party acting solely as a nominee for Drexel and Drexel's successor's and assigns. (See Exhibit E to the RJN.)

Although TILA does not define the terms "servicing" or "servicer;" RESPA does. A servicer is the party servicing the loan, and servicing means:

> receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan. 12 U.S.C. § 2605(i)(3).

Judicially noticeable facts confirm that Aurora did not extend consumer credit to Plaintiff; rather, as the loan servicer, it simply received and applied any scheduled periodic payments from the Plaintiff as the borrower. Accordingly, because Aurora is not a creditor, TILA does not apply to Aurora. Thus, counts 1-12, 16-18, and 21-24 under TILA should be dismissed without leave to amend as to Aurora.

### E. IF THE COURT DOES NOT DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6), THE COURT SHOULD ORDER THE PLAINTIFF TO MAKE A MORE DEFINITE STATEMENT.

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief shall contain a short and plain statement of the claims showing that the pleader is entitled to relief. Furthermore, "[e]ach averment of a pleading shall be simple, concise, and direct." Aurora seeks an order that the Plaintiff must make a more definite statement because the allegations in the Complaint are so uncertain that Plaintiff has failed to satisfy her Rule 8 burden of clear and concise pleading, and Aurora cannot prepare an answer to the allegations contained therein. The complaint alleges numerous violations of TILA and RESPA relating to disclosure at the time the loan was obtained by Plaintiff; however, the complaint fails to identify: (1) any specific acts by Aurora that sustain such claims as against Aurora; (2) how Aurora purportedly obtained actual or constructive notice of Plaintiff's complaint around the time of the foreclosure sale in February 2008; and (3) how Aurora comes under the purview of TILA when it was only servicing the loan. As a result, to the

extent the court does not dismiss the complaint pursuant to Rule 12(b), the Plaintiff should be required to make a more definite statement of the allegations against Aurora.

### V. CONCLUSION

For the aforementioned reasons, Aurora respectfully requests the Court to grant its Motion to Dismiss the Plaintiff's complaint without leave to amend.

Dated: May 9, 2008               PITE DUNCAN, LLP

                                 _____
                                 THOMAS N. ABBOTT
                                 Attorneys for Defendant
                                 AURORA LOAN SERVICES, LLC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (FRCP 12(b)(6))

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>Peter J. Salmon (SBN 174386)<br>Michelle A. Mierzwa (SBN 196175)<br>Thomas N. Abbott (SBN 245568)<br>PITE DUNCAN, LLP<br>525 E. Main Street<br>P. O. Box 12289<br>El Cajon, CA 92022-2289<br>ATTORNEY FOR: (Name) Defendant AURORA LOAN SERVICES, LLC | TELEPHONE NO.<br>(619) 590-1300 | *FOR COURT USE ONLY* |
|---|---|---|
| **U. S. DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA**<br>STREET ADDRESS:      940 Front Street<br>MAILING ADDRESS:<br>CITY & ZIP CODE:      San Diego, California 92101-8900<br>BRANCH:      Edward J. Schwartz U.S. Courthouse | | |
| PLAINTIFF:   MARIA R. METCALF | | |
| DEFENDANT:   DREXEL LENDING GROUP, et al. | | |
| **DECLARATION OF SERVICE**<br>[CCP 1013, 2015.5 and 1011]   [CRC 2003 and 2006(d)] | | CASE NUMBER:<br>CV07-08149 RGK(JCRx) |

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1820 E. First Street, Suite 420, Santa Ana, California 92705. On May 12, 2008, I served the following document(s) or true copies thereof, with all exhibits, described as: **DEFENDANT AURORA LOAN SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT AND IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT**, on the interested parties in this action as follows:

SEE COURT'S SERVICE LIST AS OF THE DATE OF THIS DECLARATION

[APPLICABLE PARAGRAPH(S) CHECKED:]

__X__   BY ELECTRONIC TRANSFER: I caused the above-entitled document(s) to be electronically filed and served on the interested parties via CM/ECF e-service at http://www.casd.uscourts.gov/ on May 12, 2008. A copy transmission receipt will be maintained with the original document(s) in our office.

____   BY MAIL: I caused such envelope with first-class postage fully prepaid thereon to be placed in the United States mail at Santa Ana, California.

____   BY MAIL IN THE ORDINARY COURSE OF BUSINESS: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U. S. Postal Service on that same day with first-class postage thereon fully prepaid at Santa Ana, CA, in the ordinary course of business.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____   BY PERSONAL SERVICE: I caused the foregoing document to be personally served by hand to the offices of the addressee.

____   BY FACSIMILE TRANSMISSION: I caused the foregoing document to be sent via facsimile transmission to the facsimile number(s) listed with each party.

____   STATE: I certify/declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__   FEDERAL: I certify/declare/state under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed: May 12, 2008

_____
Barbara J. Finley