Timothy M. Ryan, Bar No. 178059
Kimberly L. Roig, Bar No. 249004
THE RYAN FIRM
A Professional Corporation
1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
Telephone (714) 666-1362; Fax (714) 666-1443

Attorneys for Defendant DGG FINANCIAL CORPORATION dba DREXEL LENDING GROUP (erroneously sued as Drexel Lending Group, a California corporation)

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| MARIA R. METCALF, | ) CASE NO.: 3:08-cv-00731-W-POR |
|---|---|
| Plaintiff, | ) |
| vs. | ) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DGG FINANCIAL CORPORATION DBA DREXEL LENDING GROUP'S MOTION TO DISMISS |
| DREXEL LENDING GROUP, a California corporation; OLD REPUBLIC TITLE COMPANY, a California corporation; AURORA LOAN SERVICES, LLC; a California limited liability company; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and ROBERT E. WEISS INCORPORATED, a California corporation, | ) [F.R.Civ.P., rule 12(b)(6)] |
| | ) Date:       June 23, 2008 |
| | ) Time:       10:30 a.m. |
| | ) Courtroom:  7 |
| | ) Judge:      Hon. Thomas J. Whelan |
| Defendants. | ) NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1) |

1.   STATEMENT OF FACTS

In or about January 2007, Plaintiff Maria Metcalf ("Metcalf") was the borrower of loan number 070122001 and Defendant DGG Financial Corporation dba Drexel Lending Group ("Drexel") was the lender. (Complaint, p. 3:11-13.) Metcalf executed a Note ("Subject Note") secured by a Deed of Trust ("Subject Deed") on the real property located at 954 Surrey Drive in Chula Vista, California ("Subject Property"). (Request for

Judicial Notice ("RFJN"), Ex. 1.) As part of the loan transaction, Drexel provided Metcalf with all of the appropriate documents, notices and disclosures and, on February 13, 2007, Drexel recorded the Subject Deed. (RFJN, Ex. 1.) Drexel then sold the loan to Aurora Loan Services, LLC ("Aurora") on or about February 27, 2007. (RFJN, Ex. 2.) Subsequently, a Notice of Default was recorded, a Notice of Trustee's Sale was recorded, a foreclosure sale took place, and a Trustee's Deed Upon Sale was recorded on February 28, 2008. (RFJN, Exs. 3-5.)

## 2. SUMMARY OF ARGUMENT

Metcalf filed the current suit seeking "rescission of an illegal and void Mortgage and Note to certain real estate, for damages, and for injunctive relief." Metcalf alleges violations of the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), and asserts Unfair Trade Practices presumably in violation of 15 U.S.C. § 45.

Notwithstanding Metcalf's defective service, there are various additional flaws with Metcalf's Complaint. Regarding the TILA violations: (1) Metcalf's three-day unconditional right to rescind expired in February 2007; (2) assuming *arguendo* that Metcalf was entitled to an extended right to rescind, that right was terminated by sale of the Subject Property via foreclosure on February 28, 2008; (3) Drexel's assignment of the subject loan to Aurora divested Drexel of all the interest in the Subject Note and Subject Deed; and (4) actions for violation of TILA are subject to a one year statute of limitations, and Metcalf's right to claim relief expired in February 2008.

Furthermore, there is no private right of action for Metcalf's claims based on alleged violations of RESPA or Unfair Trade Practices.

Due to the fact that Metcalf has not properly effected service of her Complaint, has no right to rescind, and has no ability to file a private right of action for the purported RESPA and Unfair Trade Practices violations, Metcalf cannot be afforded the relief requested. Since Metcalf cannot be granted any relief, including injunctive relief, this action must be dismissed with prejudice for failure to state a claim upon which relief can be granted under *Federal Rule of Civil Procedure*, rule 12(b)(6).

3. **STANDARDS FOR MOTION TO DISMISS**

A motion to dismiss for failure to state a claim upon which relief can be granted is specifically authorized under rule 12(b)(6) of the *Federal Rules of Civil Procedure*. A motion to dismiss tests the legal sufficiency of the claims asserted and whether or not the Plaintiff is entitled to a remedy should the alleged facts prove to be true. A dismissal under rule 12(b)(6) is proper where plaintiff "can prove no set of facts which would entitle him to relief." (*Conley v. Gibson*, (1957) 355 U.S. 41, 45-46.)

In ruling on a motion to dismiss, the court must: (1) construe the complaint in the light most favorable to plaintiff, (2) accept all well pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. (*Cahill v. Liberty Mutual Insurance Co.*, (9th Cir. 1996) 80 F3d. 336, 337–338.)

In considering a motion, the Court is normally limited to considering the pleadings, but the Court may also consider attached exhibits and those matters of which the Court may take judicial notice:

> A court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment.

(*United States v. Ritchie*, (9th Cir. 2003) 342 F.3d 903, 908.)

The matters of which a Court may take judicial notice under rule 201 of the *Federal Rules of Evidence* include matters of public record including documents recorded with a County Recorder such as deeds of trusts and notices of default. (*In the Matter of Manges*, (5th Cir. 1994) 29 F.3d 1034, 1042.)

4. **METCALF DID NOT PROPERLY SERVE DREXEL AND HER COMPLAINT MUST BE DISMISSED**

*Federal Rules of Civil Procedure*, rule 4(h) discusses the manner in which service of a Summons and Complaint must be made on a corporation: either "in the manner

prescribed by Rule 4(e)(1) for serving an individual" or by "delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by the appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Rule 4(e)(1) states an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." California *Code of Civil Procedure* § 415.10 requires personal delivery of the summons and complaint. Failure to properly effect service subjects a plaintiff's Complaint to a motion to dismiss based upon insufficiency of process or insufficiency of service of process. (*Federal Rules of Civil Procedure*, rule 12(b)(4) and (5).)

Here, service of the Complaint on Drexel was ineffective. Metcalf's Certificate of Service is facially defective as it indicates the Complaint was not personally served upon Drexel nor upon any of Drexel's officers or authorized agents. Rather, the Summons and Complaint was delivered to the receptionist at Drexel's office on May 5, 2008, who is not authorized to accept service on Drexel's behalf. Accordingly, Drexel moves for dismissal of Metcalf's Complaint due to the insufficiency of process and/or service of process.

5. **METCALF FAILS TO STATE A CLAIM UNDER TILA AND HER TILA CAUSES OF ACTION MUST BE DISMISSED WITH PREJUDICE**

Of the 25 causes of action Metcalf alleges, 18 are for TILA and Regulation Z violations found in counts 2-12, 16-18, and 21-24.

A. **TILA Provides A Three-Day Unconditional Right To Rescind**

Under TILA, a homeowner has a right to rescind most transactions for which the home is taken as collateral, and the rescission right is absolute for three days. (15 U.S.C. § 1635(a).) The purpose of providing this cooling-off period is to permit consumers to reflect quietly and without pressure on the risks of encumbering the family home and give them an opportunity to reconsider such a major decision. (*Rudisell v. Fifth Third Bank*, (6th Cir. 1980) 622 F.2d 243, 249, n.9.)

Pursuant to 15 U.S.C. § 1604, the Board may proscribe regulations that carry out the purposes of TILA. These regulations have been published and are better known as Regulation Z ("Reg. Z"). (*Hardison v. General Finance Corporation*, (1984) 738 F.ed 893, 894-895.) The statute and Reg. Z set forth precise rules for calculating the three days. Unless the right to rescind has been validly waived, the consumer may exercise the right to rescind until midnight of the third business day following the latest of the following events:

1. Consummation of the transaction;
2. Delivery of a proper notice of the right to rescind; or
3. Delivery of all the material disclosures correctly made.

(15 U.S.C. § 1635(a); Reg. Z §§ 226.15(a)(3), 226.23(a)(3).)

The point at which consummation occurs is that time at which the consumer becomes contractually obligated on a credit transaction, which is determined by reference to state law. (Reg. Z § 226.2(a)(13); Official Staff Commentary § 226.2(a)(13).) The date of "delivery" is the date upon which the required material disclosures and notice of right to rescind are given to the consumers in a form they may keep. (Reg. Z §§ 226.5(a)(1), 226.17(a)(1), 226.15(b)(1), 226.23(b)(1), Second Proposed Revised Truth in Lending Regulation Z, reprinted in Consumer Cred, Guide (CCH) Rpt. 319, at 63.)

Here, Drexel disputes Metcalf's allegation that Metcalf never received notices of her right to cancel. However, accepting Metcalf's claim as true, the next analysis is whether Metcalf's extended right to rescind still exists or was previously extinguished.

**B.  Any Purported Extended Right To Rescind Has Been Extinguished Due To Sale Of The Subject Property Via Foreclosure On February 28, 2008**

Congress has provided that if a creditor does not properly deliver the rescission notice and all the material disclosures, the right to rescind is continued until whichever of the following events occurs first:

1. The expiration of three years after consummation of the transaction;
2. The transfer of all of the consumer's interest in the property; or
3. The sale of the property.

THE RYAN FIRM
A Professional Corporation

(15 U.S.C. § 1635(f); Reg. Z §§ 226.15(a)(3), 226.23(a)(3).)

Important here is the fact that the extended rescission right is terminated when the secured property has been sold or transferred. (*Hefferman v. Bitton*, (9th Cir. 1989) 882 F.2d 379.) The sale or transfer of the property need not be voluntary to terminate the right to rescind the transaction. (Reg. Z Official Staff Commentary § 226.23(a)(3)-3.) A foreclosure sale of the consumer's principal residence will generally terminate the consumer's right to rescind. (Reg. Z Official Staff Commentary § 226.23(a)(3)-3.)

In *Walker v. Contimortgage*, (Bankr. N.D. Ill. 1999) 232 B.R. 725, the court opined:

> "Once there has been a final foreclosure sale of the borrower's principal residence and the redemption period has expired, the right to rescind will be terminated."

Metcalf is not entitled to an extended right to rescind because that right was extinguished due to the sale of the Subject Property. The recorded Trustee's Deed Upon Sale shows the Subject Property has been foreclosed upon. Moreover, Metcalf judicially admits this fact in Paragraph 6 of her Complaint:

> "Said Defendant never proved ownership of the Note either before, during or after the purported default, foreclosure, sale and delivery of the Trustee's Deed to Defendant AURORA."

Metcalf's "entitlement" to an extended right to rescind has been extinguished due to the sale of the Subject Property. Thus, Metcalf fails to state a claim upon which relief can be granted and her Complaint must be dismissed with prejudice.

C. **Drexel Cannot Rescind A Loan Transaction In Which It Has No Interest**

Property interests are determined by state law (*Oscar v. University Students Co-Operative Association*, (9th Cir. 1991) 939 F.2d 808, 811) and, under California law, an assignment divests the assignor of all interest in the note and deed of trust. (*Santens v. Los Angeles Finance Co.*, (1949) 91 Cal.App. 197, 200-201.)

Memorandum of Points and Authorities in Support of Motion to Dismiss

While Metcalf alleges in her Complaint that Drexel was the purported lender, Metcalf neglects to advise the Court that Drexel assigned all of its beneficial interest in the Subject Deed to Aurora as evidenced by the recorded Assignment of Deed of Trust. (RFJN, Ex.2.)

Therefore, based on the matters of which the Court may take judicial notice and upon the California authority regarding the effect of assignments, Drexel has no interest in the Subject Note and Subject Deed and cannot rescind the transaction as a matter of law. Metcalf's fails to state TILA claims upon which relief can be granted and these causes of action must be dismissed with prejudice.

**D.    Metcalf's Right To Claim A Truth In Lending Act Violation Expired One Year After Consummation Of The Subject Loan, Or In February 2008**

Pursuant to 15 U.S.C. § 1640, actions for a TILA violation are subject to a one year statute of limitations:

> (e) Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

The one year statute for violations based on nondisclosure begins to run on the date of the closing of the loan. (*Tucker v. Beneficial Mortgage Company*, (E.D. Va. 2006) 437 F.Supp.2d 584, 589.)

In this case, Metcalf contends that TILA violations occurred in connection with her loan which was closed in February 2007. Metcalf's claims are based primarily upon her allegation that she was not provided with copies of the notice of right to cancel or any copies of disclosures or other required documents from the time the loan closed to this date. Metcalf filed this action in April 2008, which is beyond the one year statute of limitations for asserting violations under TILA. As such, Metcalf's 18 TILA causes of action are time barred and must be dismissed with prejudice.

///
///

### 6. METCALF FAILS TO STATE A CLAIM UNDER RESPA OR UNFAIR TRADE PRACTICES AND THESE CAUSES OF ACTION MUST BE DISMISSED WITH PREJUDICE

Metcalf alleges five RESPA causes of action and one cause of action for alleged Unfair Trade Practices in counts 1, 13-15, and 19-20 of her Complaint. However, none of Metcalf's claims fall within a statute permitting a private right of action.

#### A. Metcalf's RESPA Claims Do Not Fall Under 12 U.S.C. § 2614, Therefore Her Private Right Of Action Is Impermissible

RESPA can be found in 12 U.S.C. §§ 2601-17. (*Campbell v. Machias Savings Bank*, (D.Me. 1994) 865 F.Supp. 26, 29.) 12 U.S.C. § 2614 is the only provision of the Act that provides for a private right of action. (*Brophy v. Chase Manhattan Mortgage Co.*, (E.D. Pa. 1996) 947 F.Supp. 879, 881.) Section 2614 provides:

> Any action pursuant to the provisions of section 2605, 2607 or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction....

Thus, § 2614 provides for an *express* private right of action for claims brought under § 2605 (servicing of mortgage loans and administration of escrow accounts), 2607 (prohibitions against kickbacks and unearned fees ) and 2608 (title companies; liability of seller). (12 U.S.C. § 2614.) To determine whether RESPA provides for an *implied* private right of action, the Court must focus on "the intent of Congress when it enacted the statute in question." (*Daily Income Fund, Inc. v. Fox*, (1984) 464 U.S. 523, 536.) "[U]nless ... Congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." (*Karahalios v. National Fed'n of Fed. Employees*, (1989) 489 U.S. 527, 532-33.) "There is a presumption against implied rights of action – a presumption that will endure unless plaintiff proffers adequate evidence of contrary congressional intent." (*Stowell v. Ives*, (1st Cir. 1992) 976 F.2d 65, 70, n. 5.) Thus, the burden of demonstrating Congressional intent to create an implied right of action lies with

Memorandum of Points and Authorities in Support of Motion to Dismiss

the plaintiffs. (*Suter v. Artist M.*, (1992) 503 U.S. 347.)

Since the statute specifically provides for a private right of action under specific sections, a private right should not be implied absent Metcalf's proffer of adequate evidence of congressional intent. Metcalf's Complaint is devoid of any evidence showing her entitlement to bring a private right of action for her claims. Metcalf alleges violations under 12 U.S.C. §§ 2601 or 2610, et seq. premised upon (1) "failure to disclose a lower interest rate," (2) "failure to disclose loan origination fee," and (3) "failure to give proper notice of default and right to cure and acceleration of notice." None of Metcalf's claims fall within the ambit of 12 U.S.C. §§ 2605, 2607 or 2608. Since Metcalf is unable to rebut the presumption against implied rights of action, Metcalf may not proceed with her RESPA claims and her RESPA claims must be dismissed with prejudice.

**B.     Metcalf May Not Bring A Private Right Of Action For Alleged Unfair Trade Practices Under 15 U.S.C. § 45**

Metcalf alleged a cause of action for unfair business practices "involving non-compliance with 15 U.S.C. Sections 1601, et seq." Presumably, Metcalf is claiming Unfair Trade Practices in violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a). However, that statute does not permit a private right of action:

> The case law and authorities following Moore v. New York Cotton Exchange, 270 U.S. 593, 603, 46 S.Ct. 367, 70 L.Ed. 750 (1926) make it clear that no private right of action lies under Section 5 of the Federal Trade Commission Act. Plaintiffs have not cited, nor has this court found, any case or authority whatsoever which supports plaintiffs' contentions here.

(*Carlson v. Coca-Cola Company*, (N.D. Cal. 1970) 318 F.Supp. 785, 786.)

Just like Metcalf's RESPA claims, there is no private right of action under 15 U.S.C. § 45. Metcalf has not met her burden in citing any authority that would permit her to bring such a private right of action. Absent any authority, there is no private right of action and Metcalf's cause of action must be dismissed.

### 7. METCALF IS NOT ENTITLED TO ANY RELIEF AND HER CLAIM FOR INJUNCTIVE RELIEF MUST BE DISMISSED

As detailed above, 24 out of 25 of Metcalf's causes of action lack merit. Metcalf's 25th cause of action is for injunctive relief. Metcalf's 18 TILA claims must be dismissed because Metcalf's "right" to rescind the loan has been extinguished and Metcalf's right to bring a TILA action has expired. Metcalf's 6 claims under RESPA and for Unfair Trade Practices must be dismissed because Metcalf is not entitled to bring a private action for those claims. As such, Metcalf is not entitled to any relief at all – including injunctive relief – and Metcalf's claim for injunctive relief must be dismissed.

### 8. CONCLUSION

Metcalf cannot set forth any set of circumstances which would allow her the relief requested because: (1) Metcalf has failed to properly serve her Complaint upon Drexel; (2) Metcalf's three day right to rescind has expired; (3) Metcalf's purported extended right to rescind has been extinguished due to sale of the Subject Property; (4) Drexel does not have an interest in the subject loan and cannot rescind the transaction as a matter of law; (5) Metcalf's right to claim a Truth in Lending Act violation has expired; (6) Metcalf has not proffered any authority entitling her to bring a private action for her RESPA claims; and (7) Metcalf has not proffered any authority entitling her to bring a private action for her Unfair Trade Practices claim. Collectively, these facts are fatal to Metcalf's Complaint for rescission. Accordingly, Metcalf's Complaint must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

DATED: May 15, 2008

THE RYAN FIRM
A Professional Corporation

By:_____
TIMOTHY M. RYAN
KIMBERLY L. ROIG
Attorneys for Defendant DGG
FINANCIAL CORPORATION dba
DREXEL LENDING GROUP

r:\9187 drexel lending group\9187-0005 maria r. metcalf v. dgg financial\law & motion\motion to dismiss\memorandum of points and authorities revised.doc