Steven L. Kester (Bar No. 82071)
skester@archernorris.com
ARCHER NORRIS
4695 MacArthur Court, Suite 350
Newport Beach, CA 92660
Telephone: 949.975.8200
Facsimile: 949.975.8210
E-mail: skester@archernorris.com

Attorneys for Defendant
OLD REPUBLIC TITLE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA R. METCALF,<br><br>    Plaintiff,<br><br>v.<br><br>DREXEL LENDING GROUP, a California corporation, OLD REPUBLIC TITLE COMPANY, a California corporation, AURORA LOAN SERVICES LLC, a California limited liability company, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, and ROBERT E. WEISS INCORPORATED, a California corporation,<br><br>    Defendants. | Case No. 08 CV 731 W POR<br><br>*Assigned to: Hon. Thomas J. Welan*<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT OLD REPUBLIC TITLE COMPANY TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date: July 28, 2008**<br><br>[*FRCP* 12(b)(6); and 12(e)]<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)** |

TO THE JUDGE OF THE DISTRICT COURT AND PRO SE PLAINTIFF MARIA R. METCALF:

PLEASE TAKE NOTICE that on July 28, 2008 at 10:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7 of the United States District Court, for the Southern District

of California, located at 940 Front Street, San Diego, California, defendant OLD REPUBLIC TITLE COMPANY (hereinafter "ORTC"), will and does hereby move the Court for an order dismissing plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12b(6) on the grounds that the complaint fails to state facts sufficient to state a cause of action upon which relief can be granted as against ORTC because all causes of action in the complaint are premised on alleged violations of the Truth in Lending Act ("*TILA*"), 15 USC §§ 1601, et. seq., and the Real Estate Settlement Procedures Act ("*RESPA*"), 12 USC §§ 2601, et. seq., which are barred as a matter of law by expiration of the applicable statutes of limitation.

At the same date, time and place, in the alternative, ORTC will also move the Court for an order, pursuant to FRCP 12(e), for a more definite statement on the grounds that the complaint is so vague and ambiguous that ORTC cannot be reasonably required to frame a responsive pleading.

The motion herein is based on this notice of motion and motion, the memorandum of points and authorities set forth herein below, the court's entire file herein, and any further evidence and argument as may be presented at the time of hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

1.  INTRODUCTION

Plaintiff's complaint filed April 22, 2008 asserts multiple purported causes of action for alleged violations of *TILA*, and *RESPA*, arising in connection with her $900,000 trust deed loan received from lender Drexel Lending Group ("Drexel") on February 1, 2007. Generally, *TILA* and *RESPA* require that certain disclosures be made to a credit applicant by the creditor at or prior to the consummation of a consumer credit transaction.

An action seeking damages under *TILA* and/or *RESPA* must be brought within one year from the date of the alleged violation. Plaintiff's extended right of rescission, if one actually exists, expires three years after consummation of the complained of transaction or upon sale of the subject property, whichever occurs first.

2. STATEMENT OF RELEVANT FACTS

On or about February 1, 2007 plaintiff received a $900,000 trust deed loan from Drexel. Because the violations alleged in the complaint must have occurred, if at all, on or before the date Drexel made the loan to plaintiff, February 1, 2007 is the date of the complained of transaction in this instance. It is also the date on which the statutes of limitation began to run. Plaintiff's specific allegation of the February 1, 2007 date in paragraph 6 of the complaint further supports that date as the date from which the limitations periods must be measured.

The loan from Drexel to plaintiff is evidenced by a Deed of Trust. Plaintiff personally appeared before Notary Public Francis Henry S. Calabig on February 1, 2007, at which time she signed the Deed of Trust. The Deed of Trust was subsequently recorded in the official records of the San Diego County Recorder's Office on February 13, 2007 as document # 2007-0101097. It grants a security interest in plaintiff's residence located at 954 Surrey Drive, Chula Vista, California ("Subject Property") in favor of lender Drexel and its nominee, Mortgage Electronic Registration Systems, Inc. ("MERS"). A true and correct copy of the recorded Deed of Trust is attached to ORTC's request for judicial notice as RJN 1 filed concurrently with this motion to dismiss and is incorporated herein by this reference. The transaction was thus consummated on February 1, 2007 and the security interest perfected on February 13, 2007.

On February 22, 2008, with the plaintiff in default of her obligations under the loan contract and the Deed of Trust, a trustee's sale of the Subject Property (the security for plaintiff's $900,000 loan from Drexel) was conducted and the property sold at public auction to Aurora Loan Services Group LLC ("Aurora"). True and correct copies of the recorded Notice of Default and Election to Sell Under Deed of Trust ("NOD"), Notice of Trustee's Sale ("NOTS") and Trustee's Deed Upon Sale ("Trustee's Deed") are attached as RJN 2, 3 and 4, respectively, to ORTC's request for judicial notice and are incorporated herein by this reference.

///
///
///
///

3. <u>FRCP 12(b)(6) MOTION TO DISMISS</u>

    A. <u>A DEFENDANT MAY MOVE TO DISMISS WHERE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED</u>

Any defendant may raise the defense of failure to state a claim upon which relief can be granted by way of a FRCP 12(b)(6) motion to dismiss. A Rule 12(b)(6) dismissal is proper where there is either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Sebastian International, Inc. v. Russolillo* 128 F. Supp. 630, 632 (C.D.Cal.2001), citing *Balistreri v. Pacific Police Department* 901 F.2d 696, 699 (9th Cir. 1990). To avoid such a dismissal, the complaint must allege facts that establish all of the elements of the claims asserted. *Gooley v. Mobil Oil Corp.* 81 F.2d 513, 515 (1st Cir. 1988). Bald assertions, subjective characterizations and legal conclusions are insufficient. *DM Research Inc. v. College of American Pathologists* (1998) 2 F. Supp.2d 226-228, quoting *United States v. AVX Corp.* 962 F.2d 108, 115 (1st Cir. 1992). Moreover, the factual allegations must be specific enough to justify "dragging a defendant past the pleading threshold." Gooley, supra, 851 F.2d at 515. The court is not required, however, to accept conclusory legal allegations "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Sebastian International, Inc., supra, 128 F. Supp. at 633-634, citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994).

In ruling on a motion to dismiss, the Court can consider facts of which judicial notice may be taken. *MGIC Indem. Corp. v. Wiseman*, 803 F.2d 500, 504 (9th Cir. 1986). Leave to amend should not be afforded where the complaint cannot be amended to cure the defect. See, *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.* 806 F.2d 1393, 1401 (9th Cir. 1986) and *Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Where the facts set forth in the complaint demonstrate that the claims are barred by expiration of the statute of limitations, a motion to dismiss must be granted. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

B. **PLAINTIFF'S DAMAGES CLAIMS UNDER *TILA* AND *RESPA* ARE BARRED BY EXPIRATION OF THE APPLICABLE STATUTES OF LIMITATION**

The statute of limitations for damages claims under *TILA* is one year from the date of the occurrence of the violation. 15 USC §1640(e). Likewise, the statute of limitations for a damages claim under *RESPA* §§ 2607 and 2608 is one year. 12 USC § 2614. While § 2614 of *RESPA* does provide a three year statute of limitations for § 2605 violations relating to servicing of mortgage loans and administration of escrow accounts, it is inapplicable here because no such claims are set out in the complaint.

Here, the violation, if it occurred at all, must have occurred commensurate with the granting of plaintiff's $900,000 loan on February 1, 2007. Thus, plaintiff's claims for damages under either *TILA* or *RESPA* expired on February 1, 2008. Since plaintiff did not file her complaint until April 22, 2008, a date well after the applicable statutes of limitation had expired, the damages claims are barred as a matter of law.

C. **PLAINTIFF'S RESCISSION CLAIMS UNDER *TILA* AND ITS IMPLEMENTING REGULATION Z ARE ALSO BARRED**

Plaintiff's rescission claims are premised on *TILA* (15 USC § 1635) and its implementing Regulation Z (12 CFR § 226.23). The statute of limitations for exercising the extended right of rescission under *TILA* is three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first. 15 USC § 1635(f). While the transaction in this case was consummated on February 1, 2007, the Subject Property was sold to Aurora Loan Services LLC on February 22, 2008. Thus, plaintiff's right of rescission expired two months before she filed her complaint.

4. **ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**

A motion pursuant to FRCP 12(e) for a more definite statement of the claims being presented against the defendant is appropriate when the complaint is so vague and ambiguous that the defendant cannot be reasonably required to frame a responsive pleading. FRCP 12(e); Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter

08 CV 731 W POR

Group 2002) § 9:345, et seq.

In the instant case, the plaintiff's complaint fails to state any viable cause of action against ORTC. Instead, the complaint merely asserts a series of rambling, speculative and conclusory allegations, which do not provide the required factual basis to support an action against ORTC for violation of either *TILA* or *RESPA*. The complaint fails to articulate any facts which would support any such claim. Any claim for damages or rescission is barred by expiration of the applicable statutes of limitation. Additionally, plaintiff's complaint is utterly defective in that it fails to clearly and unambiguously allege that ORTC is a creditor. Civil liability under *TILA* applies only to a creditor who fails to comply with the act's requirements. 15 USC § 1640(a). Much more is needed here in order for the complaint to set forth clear and definite claims.

If this action is not dismissed outright, plaintiff must be required to present a much more definite statement of the factual basis for her claims. Movant ORTC cannot be reasonably expected to substantially respond to plaintiff's complaint without considerably more factual detail, especially as it pertains to its alleged involvement. For example, ORTC is repeatedly lumped together with other named defendants throughout the complaint, without the slightest effort to distinguish the acts or involvement of each. Furthermore, at many points in the complaint plaintiff makes reference to code sections as proscribing certain actions when in fact the code sections have nothing to do with the alleged actions (e.g.; see Counts XIX, XX and XXIII of plaintiff's complaint). The complaint is vague and/or ambiguous and, as such, it would be unreasonable to require ORTC to frame a substantive responsive pleading.

If this honorable Court determines not to dismiss the complaint in this action, ORTC respectfully requests that it issue an order directing the plaintiff to file a more definite statement of her allegations.

5.   CONCLUSION

Plaintiff's complaint fails to allege facts sufficient to support a cause of action as against ORTC. The statute of limitations on plaintiff's damages claims expired February 1, 2008 and her claims for rescission expired no later than the date of the trustee's sale of the Subject Property, February 22, 2008. Because plaintiff waited to file her complaint until April 22, 2008, the claims

1  set forth therein barred by expiration of the applicable statutes of limitation as a matter of law.
2  Thus, the complaint should be dismissed. Further, since plaintiff cannot allege any set of facts to
3  support a claim for damages or rescission which is not barred, she should not be given leave to
4  amend. In the alternative, plaintiff should be ordered to file a more definite statement.

5  Dated: June 19, 2008

ARCHER-NORRIS

*/s/ Steven L. Kester*
Steven L. Kester
Attorneys for Defendant
OLD REPUBLIC TITLE COMPANY