Maria R. Metcalf
954 Surrey Drive
Chula Vista, CA 91902

FILED
2008 JUN 23 AM 10: 19

Maria R. Metcalf, plaintiff
Dennis R. Gray, intervenor

BY_____ YMX _____DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALLIFORNIA

| | |
|---|---|
| MARIA R. METCALF, | CASE NO. 3-08-CV-00731–W-POR |
| Plaintiff, | PLAINTIFF MARIA R. METCALF'S AND |
| v. | INTERVENOR DENNIS R. GRAY'S |
| | EX PARTE APPLICATION FOR |
| DREXEL LENDING GROUP, a California corporation, OLD REPUBLIC TITLE COMPANY, a California corporation, AURORA LOAN SERVICES LLC, a California limited liability company; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, and ROBERT E. WEISS INCORPORATED, a California Corporation, | EMERGENCY INJUNCTION TO STAY PENDING WRONGFUL AND ILLEGAL UNLAWFUL DETAINER EVICTION ; TO CONTINUE HEARING RE DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO REMAND OR ALTERNATIVELY, GRANT PLAINTIFF LEAVE TO AMEND THE COMPLAINT INCLUDING CLAIMS OF INTERVENOR'S INTEREST; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATIONS; AND CERTIFICATE RE NOTICE TO DEFENDANTS. |
| | NO HEARING DATE SET |
| | Simultaneous hearing set for: |
| | Date  June 23, 2008 |
| | Time: 10:30 a.m. |
| | Courtroom: 7 |

Plaintiff, Maria R. Metcalf and Intervenor Dennis R. Gray hereby request that the Court grant this ex parte motion for (1) an emergency restraining order to restrain the execution of eviction from the subject home premises at 954 Surrey Drive, Bonita, California with an emergency

Metcalf & Gray, Ex parte Emergency Injunction. 6/23/2008.  - 1

injunctive stay of pending wrongful and illegal unlawful detainer eviction until further order of this court due to lack of jurisdiction to conduct a wrongful sale of the subject property;

(2) deny the pending motions to dismiss and motions to remand this matter and

(3) grant plaintiff leave to amend her complaint and properly serve all parties.

Plaintiff tendered payment to the defendants re the subject property and intervener noticed defendants of his commercial superseding lien interest on the subject property to no avail. Intervenor is presently in possession of the property and will be joined on July 3, 2008 by plaintiff, his partner of over seventeen years. Plaintiff made attempts to verify or validate the debt and tendered payment of the debt. Defendants did not respond to these attempts. Status quo must be preserved to prevent immediate and irreparable harm and the court must preserve the issues presented in Metcalf's complaint.

Although Plaintiff wanted to file this motion sooner or seek counsel to do so to allow the Court to conduct a hearing, she was unsuccessful due to circumstances hampering her freedom and she is proceeding in pro se. Plaintiff is currently incarcerated at the Las Colinas Women's Detention Facility in Santee, California and will be released on July 3, 2008. Her ability to respond to the pending motions to dismiss and motions to remand this matter has been unduly restricted as a result of her present location. Due to these circumstances she was not free to seek legal counsel and was not allowed to respond effectively to the matters herein. On July 4, 2008 or as soon as possible, Plaintiff's intent is to amend the within complaint to protect her interests and join the interests of intervenor Dennis R. Gray.

A stay of pending eviction order from state unlawful detainer action (which is pending appeal) is necessary as the sole method of preserving a state of affairs in which the court can provide effective final relief, i.e. **preserve the status quo** as to defendants DREXEL LENDING

GROUP (hereinafter Defendant "DREXEL"), OLD REPUBLIC TITLE COMPANY (hereinafter Defendant "OLD REPUBLIC"), AURORA LOAN SERVICES, LLC (hereinafter Defendant "AURORA'), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (hereinafter Defendant "MERS"), and ROBERT E. WEISS INCORPORATED (hereinafter Defendant "Weiss").

Jurisdiction and Venue. Plaintiff's complaint alleges that the court has jurisdiction under 15 USC section 1601 et seq., 15 USC section 1640, Title 12, Regulation Z, Part 226.1 (c)(3), Title 24 CFR, Regulation X, Part 3500, 12 USC section 2601, 12 USC section 3752, 28 USC 1367, and UCC Article 3 section 3-306. This Court has pendent jurisdiction over all state law claims.

Further this court has jurisdiction regarding violations of Fair Debt Collection Practices Act Civil Code 1788, Title 15 U.S.C. Section 1692 and the Rosenthal Fair Debt Collection Practices Act. Defendants' unfair trade practices and predatory lending practices and violations of Federal and State law apply to bar the defendants' failure to comply with the applicable state and federal lending and debt collection practices to estop any further action against the subject property of plaintiff and intervenor's property interest.

Application for Injunctive relief re Defendant's Wrongful Acts. Defendants did not respond appropriately to plaintiff's requests regarding verification of the debt and her tender of payment. Nor have defendants' responded to Dennis Gray's commercial lien for labour and construction to build the residential home. The balance of hardships clearly favors the plaintiff and Dennis Gray. Defendants stand to lose the costs paid to effectuate the foreclosure and unlawful detainer as well as any decline in value of the home before the Court can fully decide the issues presented by Plaintiff's complaint and application. This harm can be recompensed with a damage award. Plaintiff and Gray stand to lose their home. This harm is irreparable; money damages can not compensate them for the loss of their primary residence. Further, the public interest weighs in favor of allowing them to maintain their home, particularly in light of

the serious questions of the propriety of the sale and foreclosure. Plaintiff may well be entitled to compensation from the defendants for their fraudulent conduct and commercial injury.

<u>Relief Requested From the Court</u>. In an abundance of caution and based upon legal and equitable considerations, this Court should enter an emergency restraining order to stay the immediately pending eviction from plaintiff's home, deny any and all defendants' pending motions to dismiss and motions to remand this matter, and grant plaintiff leave to amend her complaint and properly serve all parties or alternatively, an extension of time to respond. It is most likely that the plaintiff and intervenor will prevail on their claims.

This ex parte motion is filed on an emergency basis in that if the pending sheriff's eviction currently pending does immediately takes place, the Plaintiff will lose the subject property, possession of the property and her possessions, and all of her equity in the property even if her claims are meritorious. Plaintiff requests that the Court grant a Preliminary Temporary Restraining Order without Bond, as she is unable to provide a bond of any kind or type.

When the Court weighs the potential harm to plaintiff and intervenor in balance against the rights of the defendants, greater injury will be inflicted upon plaintiff and intervenor in the loss of their home than upon defendants. The public interest will be served by allowing plaintiff and intervenor to preserve the status quo to their home preventing them from becoming homeless, deny the pending motions to dismiss and motions to remand this matter and grant plaintiff leave to amend her complaint and properly serve all parties.

The intervenor may not be prevented from protecting his interest. Intervenor intended to join her in protecting their interests to their home. In order to maintain the status quo, and to preserve the issues presented in Metcalf's complaint, this Court is respectfully requested to grant the relief requested in this ex parte application to prohibit the pending sheriff's eviction from

their home at the property located at 954 Surrey Drive, Bonita California; deny the pending motions to dismiss and motions to remand this matter and grant plaintiff leave to amend her complaint protecting intervenor's interest and properly serve all parties.

Dated: June 22, 2008                    Respectfully submitted,

By: _____
Dennis R. Gray, Intervenor

By: _____
Maria Metcalf, Plaintiff

| Dennis Randall Gray |
| c/o PO Box 744 |
| Bonita, California state [91908] |
| non domestic |

*A Security (15 USC)*
*A USSEC Tracer Flag*
*Not a point of Law*

# UCC Registered # DG03171943 AOCL

# Affidavit of Obligation Commercial Lien
(This is a verified plain statement of fact)

**Maxims:**

All men and women know that the foundation of law and commerce exists in the telling of the truth, the whole truth, and nothing but the truth.

Truth as a valid statement of reality is sovereign in commerce.

An unrebutted affidavit stands as truth in commerce.

An unrebutted affidavit is acted upon as the judgement in commerce.

Guaranteed—All men shall have a remedy by the due course of law. If a remedy does not exist, <u>or if the existing remedy has been subverted,</u> then one may create a remedy for themselves and endow it with credibility by expressing it in their affidavit. (Ignorance of the law might be an excuse, but it is not a valid reason for the commission of a crime when the law is easily and readily available to anyone making a reasonable effort to study the law.)

All corporate government is based upon Commercial Affidavits, Commercial Contracts, Commercial Liens and Commercial Distresses, hence, governments cannot exercise the power to expunge commercial processes.

The <u>Legitimate Political Power</u> of a corporate entity is absolutely dependent upon its possession of Commercial Bonds against Public Hazard, because no Bond means no responsibility, means no power of Official signature, means no real corporate political power, means no privilege to operate statutes as the corporate vehicle.

The Corporate Legal Power is secondary to Commercial Guarantors. Case law is not a responsible substitute for a Bond.

Municipal corporations which include cities, counties, states and national governments have no commercial reality without bonding of the entity, its vehicle (statutes), and its effects (the execution of its rulings).

Except for a Jury, it is also a fatal offense for any person, even a Judge, to impair or to expunge, without a Counter-Affidavit, any Affidavit or any commercial process based upon an Affidavit.

Judicial non-jury commercial judgments and orders originate from a limited liability entity called a municipal corporation, hence must be reinforced by a Commercial Affidavit and a Commercial Liability Bond.

A foreclosure by a summary judgment (non-jury) without a commercial bond is a violation of commercial law.

Governments cannot make unbonded rulings or statutes which control commerce, free enterprise citizens, or sole proprietorships without suspending commerce by a general declaration of martial law.

It is tax fraud to use Courts to settle a dispute/controversy which could be settled peacefully outside of or

without the Court.

An official (officer of the court, policeman, etc.) must demonstrate that he/she is individually bonded in order to use a summary process.

An official who impairs, debauches, voids or abridges an obligation of contract or the effect of a commercial lien without proper cause, becomes a lien debtor and his/her property becomes forfeited as the pledge to secure the lien. Pound breach (breach of impoundment) and rescue is a felony.

**It is against the law for a Judge to summarily remove, dismiss, dissolve or diminish a <u>Commercial Lien</u>.**
**Only the Lien Claimant or a Jury can dissolve a <u>Commercial lien</u>.**

Notice to agent is notice to principal; notice to principal is notice to agent.

<u>PUBLIC HAZARD BONDING OF CORPORATE AGENTS  All officials are required by federal, state, and municipal law to provide the name, address and telephone number of their public hazard and malpractice bonding company and the policy number of the bond and, if required, a copy of the policy describing the bonding coverage of their specific job performance.  Failure to provide this information constitutes corporate and limited liability insurance fraud (15 USC) and is prim-a-facie evidence and grounds to impose a lien upon the official personally to secure their public oath and service of office.</u>


**Parties:**

**Lien Claimant:**
Dennis Randall Gray
c/o P O Box 744
Bonita, California state [91908]
non domestic without the U.S.

**Lien Debtor(s):**

**DREXEL LENDING GROUP**
8200 HAVEN AVENUE, SUITE 2109
RANCHO CUCAMONGA, CA 91730

**LEHMAN BROTHERS BANK, FSB**
327 INVERNESS DRIVE
SOUTH ENGLEWOOD, CO 80112

**AURORA LOAN SERVICES, LLC.**
10350 PARK MEADOWS DRIVE
Littleton, CO 80124

**PITE & DUNCAN, LLP**
Attorneys at Law
1820 E. First Street, Suite 420
Santa Ana, CA 92705

**ROBERT E. WEISS INCORPORATED**
920 S. VILLAGE OAKS DRIVE
COVINA, CA 91724

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc.**
1595 SPRING HILL RD, SUITE 310
VIENNA, VIRGINIA 22188

OTHER PARTIES/LIEN DEBTOR(S):
JOHN DOES 1-100

## Allegations:

Allegations arise from the conduct of Lien Debtors in regards to their conduct doing business as **DREXEL LENDING GROUP, LEHMAN BROTHERS BANK, FSB, AURORA LOAN SERVICES, LLC., PITE & DUNCAN, LLP & ROBERT E. WEISS INCORPORATED.**

1. In 1983, Dennis Randall Gray Purchased Lot # 198 of Rancho Robinhood III in the City of Chula Vista State of California according to map # 8604. The sum paid was approximately $55,000.00 U.S.D.
2. Dennis Randall Gray had plans drawn for a Single Family Residence drawn up by "Hyde Drafting" which cost approximately $22,000.00.
3. Dennis Randall Gray acquired the necessary building permits from the city of Chula Vista for approximately $15,000.00.
4. Dennis Randall Gray acquired a Construction Loan in the amount of $160,000.00.
5. Aside from the expenditure of real money, Dennis Randall Gray, with much investment in time and labor, labored on the land with his own hands and got the land ready for construction with further investment of real money.
6. Dennis Randall Gray, with much investment in time and labor and supervision, hired various laborers to build the Residence which took approximately one (1) year to finish.
7. In December of 1985, Dennis Randall Gray, finally acquired a final inspection and a certificate of Habitability from the city of Chula Vista.
8. Dennis Randall Gray is entitled to recover the value of labor and capital investment made by Dennis Randall Gray in the amount of $252,000.00 dollars in capital and an equal Dollar amount in Labor for a total of $504,000.00.
9. Dennis Randall Gray is entitled to recover the value of labor Brenda Sue Gray expended on the residence in the amount of One Hundred Eight Thousand ($180,000.00) dollars over the next seven years.
10. Dennis Randall Gray is entitled to recover the value of labor and capital investment made by Maria Rosario Metcalf in the amount of Five Hundred Twenty Thousand ($520,000.00) dollars, in Renovations and other capital improvements to the Residence.
11. Dennis Randall Gray, Brenda Sue Gray, and Maria Rosario Metcalf are entitled to recover the value of all capital payments made in the servicing of the loans obtained over the past 264 months which is estimated to be approximately Five Hundred Twenty Eight Thousand Dollars ($528,000.00).
12. The aggregate of the labor and capital of Dennis Randall Gray, Brenda Sue Gray, and Maria Rosario Metcalf is valued at One million Seven Hundred Thirty Two Thousand ($1,732,000.00) Times (X) Two (2) + Three Million Four Hundred Sixty Four Thousand ($3,464,000.00) and is **by this lien** recovered by Dennis Randall Gray as against the present property known as 954 Surrey Drive, Bonita, California State [91902] described as: Lot # 198 of Rancho Robinhood III in the City of Chula Vista State of California according to map # 8604.
13. 954 Surrey Drive, Bonita, California State [91902] described as: Lot # 198 of Rancho Robinhood III in the City of Chula Vista State of California according to map # 8604, its products, proceeds, and fixtures are **hereby surety** for **Three Million Four Hundred Sixty Four Thousand ($3,464,000.00).**

## Proof of Allegations:

3

1. <u>Lien Debtors affirm that</u> Dennis Randall Gray Purchased Lot # 198 of Rancho Robinhood III in the City of Chula Vista State of California according to map # 8604. The sum paid was approximately $55,000.00 U.S.D. **<u>If no timely rebuttal, it is AFFIRMED.</u>**
2. <u>Lien Debtors affirm that</u> Dennis Randall Gray had plans drawn for a Single Family Residence drawn up by "Hyde Drafting" which cost approximately $22,000.00. **<u>If no timely rebuttal, it is AFFIRMED.</u>**
3. <u>Lien Debtors affirm that</u> Dennis Randall Gray acquired the necessary building permits from the city of Chula Vista for approximately $15,000.00. **<u>If no timely rebuttal, it is AFFIRMED.</u>**
4. <u>Lien Debtors affirm that</u> Dennis Randall Gray acquired a Construction Loan in the amount of $160,000.00. **<u>If no timely rebuttal, it is AFFIRMED.</u>**
5. <u>Lien Debtors affirm that</u> Aside from the expenditure of real money, Dennis Randall Gray, with much investment in time and labor, labored on the land with his own hands and got the land ready for construction with further investment of real money. **<u>If no timely rebuttal, it is AFFIRMED.</u>**
6. <u>Lien Debtors affirm that</u> Dennis Randall Gray, with much investment in time and labor and supervision, hired various laborers to build the Residence which took approximately one (1) year to finish. **<u>If no timely rebuttal, it is AFFIRMED.</u>**
7. <u>Lien Debtors affirm that</u> In December of 1985, Dennis Randall Gray, finally acquired a final inspection and a certificate of Habitability from the city of Chula Vista. **<u>If no timely rebuttal, it is AFFIRMED.</u>**
8. <u>Lien Debtors affirm that</u> Dennis Randall Gray is entitled to recover the value of labor and capital investment made by Dennis Randall Gray in the amount of $252,000.00 dollars in capital and an equal Dollar amount in Labor for a total of $504,000.00. **<u>If no timely rebuttal, it is AFFIRMED.</u>**
9. <u>Lien Debtors affirm that</u> Dennis Randall Gray is entitled to recover the value of labor Brenda Sue Gray expended on the residence in the amount of One Hundred Eight Thousand ($180,000.00) dollars over the next seven years. **<u>If no timely rebuttal, it is AFFIRMED.</u>**
10. <u>Lien Debtors affirm that</u> Dennis Randall Gray is entitled to recover the value of labor and capital investment made by Maria Rosario Metcalf in the amount of Five Hundred Twenty Thousand ($520,000.00) dollars, in Renovations and other capital improvements to the Residence. **<u>If no timely rebuttal, it is AFFIRMED.</u>**
11. <u>Lien Debtors affirm that</u> Dennis Randall Gray, Brenda Sue Gray, and Maria Rosario Metcalf are entitled to recover the value of all capital payments made in the servicing of the loans obtained over the past 264 months which is estimated to be approximately Five Hundred Twenty Eight Thousand Dollars ($528,000.00). **<u>If no timely rebuttal, it is AFFIRMED.</u>**
12. <u>Lien Debtors affirm that</u> The aggregate of the labor and capital of Dennis Randall Gray, Brenda Sue Gray, and Maria Rosario Metcalf is valued at One million Seven Hundred Thirty Two Thousand ($1,732,000.00) Times (X) Two (2) + Three Million Four Hundred Sixty Four Thousand ($3,464,000.00) and is **by this lien** recovered by Dennis Randall Gray as against the present property known as 954 Surrey Drive, Bonita, California State [91902] described as: Lot # 198 of Rancho Robinhood III in the City of Chula Vista State of California according to map # 8604. **<u>If no timely rebuttal, it is AFFIRMED.</u>**
13. <u>Lien Debtors affirm that</u> 954 Surrey Drive, Bonita, California State [91902] described as: Lot # 198 of Rancho Robinhood III in the City of Chula Vista State of California according to map # 8604, its products, proceeds, and fixtures are **hereby surety** for **Three Million Four Hundred Sixty Four Thousand ($3,464,000.00)**. **<u>If no timely rebuttal, it is AFFIRMED.</u>**

NOTICE is hereby given that **Lien Debtors have ten (10) days** after receipt of this Affidavit of Obligation to rebut, deny, or otherwise prove invalid the above allegations. Failures to rebut, deny, or otherwise prove any **single** allegation will be construed to be failure to rebut, deny, or otherwise prove **all** allegations.

**Ledgering:** Ledgering in the instant matter is comprised solely of the value of currency and the labor expended by Dennis Randall Gray, Brenda Sue Gray and Maria Rosario Metcalf, in the amount of **Three Million Four Hundred Sixty Four Thousand ($3,464,000.00)** in functional currency of the United States.

4

**Surety:** Surety for the value of this Affidavit of Obligation/Commercial Lien is the Single Family Residence identified as: 954 Surrey Drive, Bonita, California State [91902] described as: Lot # 198 of Rancho Robinhood III in the City of Chula Vista State of California according to map # 8604, its products, proceeds, and fixtures. If the value of **Three Million Four Hundred Sixty Four Thousand ($3,464,000.00)** cannot be had by the Single Family Residence identified as: 954 Surrey Drive, Bonita, California State [91902] described as: Lot # 198 of Rancho Robinhood III in the City of Chula Vista State of California according to map # 8604, **then the public hazard bonds of Lien Debtors are seized to satisfy any remaining value.**

I, Dennis Randall Gray, certify on my own commercial liability that I have read the above and I have grounds and do know that it is true, correct, and complete, and not misleading, the truth, the whole truth, and nothing but the truth.

*DENNIS-RANDALL GRAY:*
Dennis Randall Gray, Secured Party Creditor
c/o P O Box 744
Bonita, California [91902]

## NOTARY

On this date, _____, a man, appearing in his true character, who identified himself as **Dennis Randall Gray** appeared before me, _____, a notary public residing in _____ county, California state, and attested to the truth of this affidavit with his oath and autograph.

_____
NOTARY PUBLIC

Seal

**Mortgage Electronic Registration Systems**
**1595 Spring Hill Rd, Suite 310**
**Vienna, Virginia 22182**

mers
1595 Spring Hill Rd, Suite 310
Vienna, Virginia 22182

Phone:   (800) 646-6377
Fax:     (703) 748-0183

5