Maria R. Metcalf
954 Surrey Drive
Chula Vista, CA 91902

Maria R. Metcalf, plaintiff
Dennis R. Gray, intervenor

FILED
2008 JUN 23 AM 10: 19
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA R. METCALF, Plaintiff, v. DREXEL LENDING GROUP, a California corporation, OLD REPUBLIC TITLE COMPANY, a California corporation, AURORA LOAN SERVICES LLC, a California limited liability company; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, and ROBERT E. WEISS INCORPORATED, a California Corporation, | CASE NO. 3-08-CV-00731–W-POR<br><br>PLAINTIFF MARIA R. METCALF'S AND INTERVENOR DENNIS R. GRAY'S EX PARTE APPLICATION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION; AND CERTIFICATE RE NOTICE.<br><br>Date June 23, 2008<br>Time: 10:30 a.m.<br>Courtroom: 7 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. INTRODUCTION.

Plaintiff makes this ex parte motion to move this court for a temporary restraining order to enjoin and restrain the defendants from evicting her family from their home at 954 Surrey Drive, Bonita, California; to request that pending motions to dismiss and motions to remove this action be denied; and to grant her leave to amend the complaint to cure the alleged deficiencies and

protect the interests of the intervenor Dennis Gray. Dennis Gray is currently in possession of the home property. Gray seeks to intervene in this case in order to protect his property interest previously noticed to defendants by his commercial lien, UCC registered # DG03171943. It is within the discretion of the Court to determine the fact, extent, and manner of participation of Dennis Gray.

ARGUMENT

I. Dennis Gray's Commercial Lien and his Desire to Participate in These Proceedings Provides Grounds for Necessary Intervention

The Federal Rules of Civil Procedure provide that a court may, at its discretion, permit intervention in a district court action "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b).(2) In exercising its discretion, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id.

Dennis Gray is the homebuilder of the subject dwelling and partner with Plaintiff for over 17 years. His commercial lien evidences his claim and as has questions of law and fact in common with the plaintiff's complaint. The intervention will not unduly delay or prejudice the rights of the original parties. Since plaintiff is in pro per and her current location has circumvented her ability to respond to currently pending motion matters, Gray joins her requests herein to stay the pending sheriff's eviction, for the court to deny all pending defendants' motions; and to allow plaintiff leave to amend her complaint. Plaintiff respectfully requests an extension of time to address the matters of the complaint and intervenor joins this request to maintain the status quo to allow the parties to participate in these proceedings and to preserve the issues presented in Metcalf's complaint and the in light of the violations of federal laws and regulations regarding

mortgages, fair debt collection practices, including the wrongful foreclosure and tender by plaintiff. Because the motions herein will deny plaintiff and intervenor a hearing on their rights to possession to their primary residence and home for their family, the Court must issue this order ex parte for it to have any effect whatsoever.

2. Dennis Gray Has a Claim That Shares a Question of Law or Fact with the Main Action

The second branch of Rule 24(b) provides for intervention, at the Court's discretion, "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). The commercial lien of Dennis Gray asserts such claim or defense and supports plaintiff's request to amend the complaint and deny the pending defendants' motions.

As used in Rule 24(b)(2), [t]he words 'claim or defense' manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit, as is confirmed by Rule 24(c)'s requirement that the person desiring to intervene serve a motion stating 'the ground therefor' and "accompanied by a pleading setting forth the claim or defense for which intervention is sought." Dennis Gray intends to join plaintiff as a co-plaintiff in an amended complaint.

Diamond v. Charles, 476 U.S. 54, 76-77 (1986) (O'Connor, J., concurring). That is, a would-be intervenor by permission must "assert[ an] actual, present interest that would permit him to sue or be sued by [someone] in an action sharing common questions of law or fact with those at issue in this litigation." Id. at 77; see also SEC v. United States Realty & Improvement Co., 310 U.S. 434, 459-60 (1940) (SEC properly permitted to intervene where its claim or defense was founded on an interest that could properly have been asserted by any participant in the main bankruptcy proceeding and had a question of law in common with the main proceeding); IBM, 1995-2 Trade Cas. (CCH) at 75,458 (permissive intervention improper because "none of the claims asserted by the Proposed Intervenors is legally cognizable in an independent lawsuit"); Donson Stores, Inc. v. Am. Bakeries Co., 58 F.R.D. 481, 483 (S.D.N.Y. 1973) ("[t]he rule

permitting intervention presupposes that the applicant has a right to maintain a claim for the relief he seeks."). Here Gray has attached a copy of his UCC Registered #DG03171943 commercial lien

The requirement that the would-be intervenor assert a claim that would allow him to bring an action that shares a question of law or fact with the main action reflects the "public interest in the efficient resolution of controversies." 7C Charles Alan Wright et al., Federal Practice and Procedure § 1901, at 230 (2nd ed. 1986). Without that commonality of claims, there is no saving from adding parties. See Mass. Sch. of Law, 118 F.3d at 782 ("litigative economy, reduced risks of inconsistency, and increased information" are the "hoped-for advantages" of intervention). Here the would-be intervenor has legitimate claims (and a basis for intervention as of right or alternatively joining the plaintiff as a co-plaintiff), thus the Court must permit intervention as it serves a legitimate interest.

3. The Court Should Grant The Requested Injunctive Relief and Requested Other Relief to Protect the Property Rights of Plaintiff and Intervening Party Seeking to Protect His Interests.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may grant preliminary injunctive relief or temporary restraining orders in order to prevent "immediate and 6 irreparable injury." Fed. R. Civ. P. 65(b). This equitable relief is within the discretion of the Court after balancing various factors. *Benda* v. *Grand Lodge of the Int'l Assoc. of Machinists & Aerospace Workers*, 584 F.2d 308,314 (9th Cir. 1978). Traditionally, the "criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Dollar Rent A Car* v. *Travelers Indem. Co.*, 774 F.2d 1371, 1374

(9th Cir. 1985); *see, e.g., Save Our Sonoran, Inc.* v. *Flowers,* 408 F.3d 1113, 1120 (9th Cir. 2005); *Johnson* v. *Cal. State Bd. of 14 Accountancy,* 72 F.3d 1427, 1430 (9th Cir. 1995).

Alternatively, the Court may grant temporary relief on a lesser showing of probable success. "If the harm that may occur to the plaintiff is sufficiently serious, it is only necessary that there be a fair chance of success on the merits." William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86,88 (9th Cir. 1975) (quoting C. Tennant & Sons, Inc. v. NY Terminal Conference, 299 F. Supp. 796, 799 (S.D.N.Y. 1969)); see Johnson, 72 F.3d at 1430; Benda, 584 F.2d at 314. The burden may be met by demonstrating either "a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in its favor." Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981); see Sonoran 408 F.3d at 1120 (explaining that "[t]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are ... outer reaches of a single continuum." (Citations omitted)); Johnson, 72 F.3d at 1430; Sports Form, Inc. v. United Press Int'l, Inc., 686 F.2d 751, 752 (9th Cir. 1982); Benda 584 F.2d at 314.

Moreover, preliminary relief in the form of a temporary restraining order can be granted without notice when immediate and irreparable injury would result. Fed. R. Civ. P. 65(b). "Ex parte temporary restraining orders are no doubt necessary in certain circumstances but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 439, 94 S. Ct. 1113 (1974). When the requirements of

Rule 65 are met and the applicant "sufficiently demonstrates the reason that notice should not be required," an ex parte temporary restraining order may be issued. In re Vuitton et Fils SA., 606 F.2d 1,4 (2d Cir. 1979) (internal quotation marks omitted) (noting this relief is particularly appropriate "when it is the sole method of preserving a state of affairs in which the court can provide effective final relief). Moreover, if notice would "render fruitless further prosecution of the action," which is contrary to the intent of the Rule, notice is not necessary for the issuance of a temporary restraining order. Id. at 5; Am. Can Co. v. Mansukhani, 742 F.2d 314,322 (7th Cir. 1984); see also Adobe Sys., Inc. v. S Sun Prods., Inc., 187 F.R.D. 636, 639 (S.D. Cal. 1999).

The Court should grant plaintiff and Dennis Gray's ex parte motion in its entirety to preserve the status quo since Dennis Gray is a necessary party and plaintiff is unable to adequately protect her interest until her release on July 3, 2008.

## CONCLUSION

The Court should grant plaintiff and Dennis Gray's ex parte motion in its entirety to preserve the status quo and to preserve the issues presented in the complaint since Dennis Gray is a necessary party and plaintiff has been impeded by intervening circumstances that have hampered her ability to respond. All pending motions to dismiss and motions to remand must be denied. A stay of the pending immediate eviction from the subject premises must issue to prevent irreparable injury to plaintiff and Dennis Gray.

Dated: June 23, 2008

By: ____________________
Dennis R. Gray, Intervenor

By: ____________________
Maria Metcalf, Plaintiff

**SUPPORTING DECLARATION OF DENNIS R. GRAY**

I, Dennis R. Gray, declare:

1. I am a partner of plaintiff in the within matter and intervenor party. The facts set forth herein are within my personal knowledge and, if called upon to do so, I could and would competently testify thereto under oath. This declaration is made in support of ex parte application for injunctive stay of pending sheriff's eviction of my home located at 954 Surrey Drive, Bonita California set for immediate execution; request to court to deny all pending motions to dismiss and motions to remand the within action; and request to allow plaintiff to amend the complaint and properly serve all parties.

2. I am the builder and investor of monies, time, and labor into the single family home that is wrongfully threatened by the actions and fraudulent activities of the defendants in this action. Contrary to defendants' representations, they have no standing to carry out a nonjudicial foreclosure sale and further wrongful claims in a state unlawful detainer action. I gave them notice of my commercial lien and affidavit attached hereto and UCC registered #DG03171943 and plaintiff letters requesting validation and verification of the alleged debt. Defendants dishonored all communications. See a true copy of my commercial lien attached hereto as Exhibit "A".

3. Plaintiff provided a tender of payment by bond to the designated pay off department. Full tender was not accredited to plaintiff's account.

4. Plaintiff and I are left without a remedy and our home is set for pending eviction by sheriff immediately.

5. Plaintiff is incarcerated and will be released on July 3, 2008 from the Las Colinas Women's Detention Facility in Santee, California. Our ability to respond was stopped by the circumstances of her location which kept our communications to a minimal level. Her ability to respond to the pending motions to dismiss and motions to remand this matter has been unduly restricted as a result of her present location. Due to these circumstances she was not free to seek

legal counsel and was not allowed to respond effectively to the matters herein. On July 4, 2008 or as soon as possible, Plaintiff's intent is to amend the within complaint to protect her interests and join my interests as intervenor.

6. Since our visits and communications are restricted, I was unable to effectively respond to the defendants' multiple motions and wrongful allegations. I agreed to wait until Plaintiff could amend her complaint to protect my interests. However, since the plaintiff is not being released in time to make an adequate response and pending defendants motions could make her complaint moot, I requests the court grant plaintiff leave to amend the complaint to protect our family's home and my commercial lien interests.

7. This ex parte application is being faxed to defendants who appeared in this action to advise that any opposition to this ex parte request must be immediately filed with the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on 23th day of June, 2008 at Bonita, California.

Dennis R. Gray 6/23/08

Dennis R. Gray, Intervenor