PETER J. SALMON (SBN 174386)
MICHELLE A. MIERZWA (SBN 196175)
THOMAS N. ABBOTT (SBN 245568)
PITE DUNCAN, LLP
525 E. Main Street
P.O. Box 12289
El Cajon, CA 92022-2289
Telephone: (619) 590-1300
Facsimile:  (619) 590-1385
E-Mail: tabbott@piteduncan.com

Attorneys for Defendant
AURORA LOAN SERVICES LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA R. METCALF,<br><br>  Plaintiff,<br><br>  v.<br><br>DREXEL LENDING GROUP, a California corporation, OLD REPUBLIC TITLE COMPANY, a California corporation, AURORA LOAN SERVICES LLC, a California limited liability company MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, and ROBERT E. WEISS INCORPORATION, a California Corporation,<br><br>  Defendants. | Case No. 3:08-cv-00731-W-POR<br><br>AURORA LOAN SERVICES LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR EMERGENCY INJUNCTION<br><br>NO HEARING DATE SET |

Defendant AURORA LOAN SERVICES LLC ("Aurora") hereby submits the following Memorandum of Points and Authorities in support of its Opposition to Plaintiff Maria R. Metcalf's ("Plaintiff" or "Metcalf") Ex Parte Application for Emergency Injunctive Relief.

## I.  INTRODUCTION

Plaintiff filed this case while in jail for allegedly passing bad checks.  Plaintiff seeks emergency injunctive relief: 1) for a stay of eviction from real property owned by Aurora; 2) to deny or continue Aurora's Motion to Dismiss and Motion to Remand; and 3) for leave of court to amend her complaint on the grounds that her incarceration has created "circumstances hampering her freedom and she is proceeding pro se."  Plaintiff also seeks to have Dennis Gray ("Gray") intervene

in the instant action.

Gray's somewhat incoherent and unintelligible allegations do not support the ability to obtain a temporary restraining order. Further, and more importantly, the Court should deny these requests because Plaintiff's circumstances have not changed during the duration of the instant action. Plaintiff has been in jail and was when she filed this action. Plaintiff voluntarily proceeded pro se understanding that she would have to prosecute this case from jail. Plaintiff fails to show any excusable neglect warranting relief from this Court. The Court should deny Plaintiff's request to have Gray intervene because the instant Ex Parte application does not provide an adequate opportunity for the parties to evaluate the claims of fact and law made in support of the request. Finally, Plaintiff's request for injunctive relief should be denied in its entirety because Plaintiff does not and cannot demonstrate a likelihood of success on the merits of her case.

## II. STATEMENT OF FACTS

### A. AURORA ACQUIRES TITLE TO THE PROPERTY

On or about February 1, 2007, Plaintiff made and executed a first priority deed of trust in favor of Drexel Lending Group, securing a promissory note in the principal amount of $900,000.00. The deed of trust was recorded on February 13, 2007, in the Official Records of San Diego County as Instrument Number 2007-0101097, against the real property commonly known as 954 Surrey Drive, Chula Vista, California 91902 (the "Property"). (Request for Judicial Notice (hereinafter referred to as "RJN"), Exhibit A). On or about September 26, 2007, a Notice of Default was recorded in the Official Records of San Diego County as Instrument Number 2007-0626655. (RJN, Exhibit B.) On or about December 28, 2007, a Notice of Trustee's Sale was recorded in the Official Records of San Diego County as Instrument Number 2007-0797321. (RJN, Exhibit C.) On February 22, 2008, Aurora purchased the Property at the properly noticed non-judicial foreclosure sale. On February 28, 2008, a Trustee's Deed Upon Sale was recorded in the Official Records of San Diego County as Instrument Number 2008-0102980 creating a presumption of validity of the sale. (RJN, Exhibit D.)

### B. AURORA SEEKS POSSESSION OF ITS PROPERTY

On March 18, 2008, Metcalf was served with written notice to surrender the Property within

three days pursuant to California Code of Civil Procedure section 1162. (RJN, Exhibits E & F.) On May 8, 2008, Aurora filed an unlawful detainer action, <u>Aurora Loan Services LLC v. Maria R. Metcalf</u> (case number 37-2008-00030978-CL-UD-SC), in the Superior Court for San Diego County (the "UD State Action"). (RJN, Exhibit G.) On May 15, 2008, Metcalf filed a petition for removal of the UD State Action (the "UD Federal Action"). (RJN, Exhibit H.) The UD Federal Action is assigned case number 08-CV-0872-WQH-RBB. <u>Id</u>. On May 12, 2008, Metcalf filed a Motion to Stay or Alternatively to Dismiss Unlawful Detainer Complaint. (RJN, Exhibit I.) On May 22, 2008, Gray filed a Prejudgment Claim of Right to Possession in the UD State Action. (RJN, Exhibit J.) The court is scheduled to issue an order on Aurora's Motion to Remand on August 11, 2008 in the UD Federal Action.

  C. METCALF IS JAILED AND LATER FILES THE INSTANT ACTION

On December 11, 2007, Plaintiff was incarcerated at the Las Colinas Detention Facility located at 900 Cottonwood Avenue in Santee, California. The Sheriff Department records indicate that the charges against her involved the passing of bad checks. <u>See</u> Abbott Decl., Ex. A. Plaintiff has been in jail continuously since then and is tentatively scheduled for release on July 3, 2008. Abbott Decl., ¶ 2. On April 22, 2008, from jail, Plaintiff filed the complaint in the instant action. On May 14, 2008, Aurora filed a Motion to Dismiss for failure of proper service and because Plaintiff's claims were barred by the statutes of limitations. On June 23, 2008, this Court was scheduled to issue an Order in regard to Aurora's Motion to Dismiss. Plaintiff failed to file an opposition. Aurora filed a reply citing the non-opposition. On June 23, 2008, Plaintiff filed the instant Ex Parte application, seeking for the first time, to have Gray intervene.

### III.  SUMMARY OF THE ARGUMENT

Plaintiff's Ex Parte application should be denied because Plaintiff voluntarily choose to proceed pro se notwithstanding the fact she was in jail. Indeed, Plaintiff does not deny that she knew her incarceration would continue during the period of time in which responsive pleadings were due. Plaintiff cannot state facts to show that her failure to oppose Aurora's Motion to Dismiss was caused by excusable neglect. <u>See</u> Fed. R. Civ. P. 6(b)(1)(B). Therefore, the Court should deny Plaintiff's request to continue or deny the Motion to Dismiss.

1    This Court should neither deny nor continue Aurora's Motion to Remand pending before Judge William Hayes in the UD Federal Action, but rather should allow Judge Hayes to rule on the motion in the ordinary course. Metcalf is a defendant in that proceeding and should not be permitted to remove Aurora's case without the required subject matter jurisdiction.. The federal court need not exercise jurisdiction over this state court eviction matter. The hearing on Aurora's Motion to Remand is scheduled for August 11, 2008. Plaintiff's application for injunctive relief as to the UD Federal Action filed in this case is procedurally improper, and should have been filed in the UD Federal Action. Metcalf has sufficient time to file an opposition to the Motion to Remand in that proceeding. To require this Court to decide that Motion is akin to improper forum shopping and a waste of this Courts valuable resources.

The Court should also deny Plaintiff's request for leave to amend the instant complaint. Plaintiff seeks to amend the complaint to add Gray as an intervener on the grounds he is in possession of the Property. In so much as Gray is in possession, he is admittedly doing so without Aurora's authorization. In a desperate attempt to conjure up an argument, Gray cites to an unclear and frankly unintelligible claim of a UCC commercial lien – a tactic often raised by those seeking debt elimination. Gray's argument is nonsensical and should not be given any credence by the Court. An Ex Parte application is simply not appropriate because Plaintiff has not provided Aurora with an adequate opportunity to evaluate her claims of fact and law in support of her request for leave to amend. Moreover, Gray's interest as an occupant of the Property is already noted in the UD State Action and UD Federal Action because he filed a Prejudgment Claim of Right to Possession. (See RJN, Exhibit I.) There is no reason that Plaintiff's Motion for Leave to Amend should be heard on an ex parte basis.

Finally, Plaintiff's request for injunctive relief should be denied in its entirety because Plaintiff does not and cannot show that she is likely to prevail on the merits of her claims against Aurora in the instant action, as set forth in detail below. Ashcroft v. American Civil Liberties Union, 542 U.S. 656, 665 (2004).

/././

/././

## IV. ARGUMENT

### A. THE MOTION TO DISMISS AND MOTION TO REMAND SHOULD NOT BE CONTINUED OR DENIED BECAUSE PLAINTIFF HAS NOT OPPOSED THE MOTION AND CANNOT SHOW EXCUSABLE NEGLECT FOR FAILING TO FILE AN OPPOSITION

Plaintiff argues the Court should deny or continue Aurora's pending Motion to Dismiss and its Motion to Remand filed in the UD Federal Action because Plaintiff is incarcerated and proceeds pro se in the instant matter. Plaintiff does not and cannot assert any facts to justify denying Aurora's pending motions nor is there any good cause to continue them either. In addition, Plaintiff has ample time to file an opposition to the motion for remand in the UD Federal Action and no emergency exists to warrant Plaintiff's requested relief.

Federal Rules of Civil Procedure, Rule 6(b) governs how a court may extend time to file an opposition. When an opposition is not filed before the deadline, the court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act <u>because of excusable neglect</u>." Fed. R. Civ. P. 6(b)(1)(B) [emphasis added]. To determine whether neglect is excusable, a court must consider all four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; <u>and</u> (4) whether the movant acted in good faith." <u>In re Veritas Software Corp. Sec. Litig.</u>, 496 F.3d 962, 973 (9th Cir. 2007) [emphasis added]; <u>Bateman v. U.S. Postal Serv.</u>, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

Each factor weighs against Plaintiff's Ex Parte application. First, the danger of prejudice to Aurora is great if Plaintiff is permitted an extension of time to oppose the pending Motion to Dismiss. Although Aurora has owned the Property since February 28, 2008, it cannot obtain possession to market the Property or otherwise exercise its ownership rights over the Property. Further delay prejudices Aurora because market values of real property in San Diego County continue to decline, and Aurora continues to advance amounts for insurance, property taxes and maintenance..

Second, the length of delay is uncertain and the potential impact on the proceedings is great.

The instant Ex Parte application does not set a clear time period for consideration of Aurora's Motion to Dismiss; rather, it cites the date Plaintiff expects to be released from jail, July 3, 2008. Plaintiff's release date is uncertain because the San Diego County Sheriff's office only estimates July 3, 2008, as the date of her release from jail. See Abbott Decl., ¶ 2. Indeed, Plaintiff acknowledges the uncertainty of her situation by asking for a continuance of the August 11, 2008, hearing in regard to Aurora's Motion to Remand in the UD Federal Action as well. It appears Plaintiff does not even know when she can tend to her case. Plaintiff's alleged conduct of passing bad checks is what caused her incarceration. Aurora should not be prejudiced for her alleged conduct by having to wait even longer (at its substantial prejudice) for a ruling on its motions. What Plaintiff requests is inequitable. Thus, the length of delay is highly uncertain and will greatly prejudice Aurora each day that it is unable to exercise its rights over the Property.

Third, Plaintiff's reason for not timely filing an opposition -- being in jail -- does not justify granting the instant Ex Parte application in this case. Plaintiff was put in jail on December 11, 2007, more than four months before filing the instant action on April 22, 2008. Had she been put in jail after filing the instance action, the situation might be different. Aurora should not bear the burden of Plaintiff's choice to proceed as a pro se litigant when she knew she would not be free to prosecute her claims. Moreover, the facts show that Plaintiff is fully capable of tending to her legal interests during her confinement. For example, Metcalf filed a Motion to Dismiss in the UD State Action on May 12, 2008 (see RJN, Exhibit I) and a petition for removal on May 15, 2008. (See RJN, Exhibit H.) Plaintiff does not state excusable neglect.

Finally, Plaintiff acted in bad faith when she filed the instant Ex Parte application after she failed to oppose Aurora's Motion to Dismiss. The Motion to Dismiss was filed on May 14, 2008. Plaintiff had ample time to respond. In fact, Plaintiff demonstrated her ability to litigate from her jail cell when she filed her petition for removal on May 15, 2008 (see RJN, Exhibit H) and filed a motion to dismiss in the UD State Action on May 12, 2008. (See RJN, Exhibit I.) However, in this matter, Aurora's Motion to Dismiss shows that Plaintiff's claims are barred by various statutes of limitations. Plaintiff's Ex Parte application is nothing more than a transparent attempt to avoid the dispositive consequences of the statutes of limitations. Plaintiff is playing fast and loose with the

Federal rules and such bad faith conduct by Plaintiff and should not be condoned.

### B. AURORA'S MOTION TO REMAND IS SCHEDULED FOR HEARING ON AUGUST 11, 2008 AND THEREFORE PLAINTIFF HAS TIME TO OPPOSE THE MOTION TO REMAND IN THE UD FEDERAL ACTION

Metcalf argues Aurora's Motion to Remand in the UD Federal Action should be denied or continued by this Court. As a preliminary matter, Metcalf cites no authority for this Court to rule on pending motions in the UD Federal Action. However, even if this Court sees fit to rule on the pending Motion to Remand in the UD Federal Action, it should deny Metcalf's request. The hearing is already scheduled for August 11, 2008 in that proceeding. Metcalf has over two weeks to respond to the Motion to Dismiss in the UD Federal Action.

### C. PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT IS NOT JUSTIFIED ON AN EX PARTE BASIS

Ex Parte relief is justifiable only in limited circumstances. For example, orders extending time <u>for good cause shown</u>. <u>See</u> Fed. R. Civ. P. 6(b). Good cause for Ex Parte relief must show why the moving party should be allowed to go to the head of the line. <u>Mission Power Engineering Co. v. Continental Cas. Co.</u>, 883 F.Supp. 488, 492 (1995). Ex Parte relief is not intended to "save the day" for parties who have failed to present requests when they should have under the Federal Rules. <u>Id</u>. Ex Parte relief is proper only on rare occasions. <u>See</u> <u>In re Intermagnetics America, Inc.</u>, 101 BR 191, 193 (1989). Ex Parte relief is not proper when substantive issues are at stake.

Plaintiff requests leave of this Court to amend her complaint to add Gray as an intervener and to add additional claims. Plaintiff's request is not appropriate on an Ex Parte basis. The new issues and factual allegations that Metcalf raises in support of her request for leave to amend require more time to evaluate than is available in the context of the instant Ex Parte application. Plaintiff filed the instant Ex Parte application on June 23, 2008 with the Court; and the Court granted Aurora until June 26, 2008, to file an opposition. This period of time is simply not sufficient to evaluate Plaintiff's new claims and facts.

### D. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF IN ITS ENTIRETY BECAUSE SHE CANNOT

SHOW THAT SHE IS LIKELY TO PREVAIL ON HER CLAIMS AGAINST AURORA

The criteria for granting preliminary injunctive relief are:

"(1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief. The moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Owner Operator Independent Drivers Ass'n, Inc. v. Swift Transp. Co., Inc., 367 F.3d 1108, 1111 (9th Cir. 2004).

The threshold issue, however, is for Plaintiff to show that she is likely to prevail on the merits. Ashcroft v. American Civil Liberties Union, 542 U.S. 656, 665 (2004). Plaintiff does not and cannot cite facts to satisfy this threshold requirement because she cannot show any likelihood of success on the merits of her claim against Aurora. To satisfy this initial requirement, Plaintiff must show that her claims are likely to prevail under the same standards that will apply at trial. Thus, for example, Plaintiff must demonstrate a likelihood of prevailing on any affirmative defense as well as on Plaintiff's case in chief. Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., 57 F3d 1319, 1325 (Fed. Cir. 2004). To further illustrate, Plaintiff must demonstrate likelihood of success on the merits "in light of the presumptions and burdens that will inhere at trial on the merits." A & M Records, Inc. v. Napster, Inc, 239 F3d 1004, 1015 n.3 (9th Cir. 2001).

In the instant proceeding, Plaintiff's claims are barred by the statute of limitations. Plaintiff's TILA and RESPA claims are barred by the one-year statute of limitations because Plaintiff brought these claims more than one-year after her loan was originated. Plaintiff's claim for rescission is time barred because the property was sold. Clearly, Plaintiff did not demonstrate how she can prevail on her claims because she cannot. Indeed, Plaintiff acknowledges as much by attempting to inject new claims by a new plaintiff, Gray, into the instant action. Injecting Gray into the case will not cure this basic legal defect under the statutes of limitations. Plaintiff should not be permitted to manipulate the Court in this way. Therefore, the Court should deny Plaintiff's request for injunctive relief.

## V.  CONCLUSION

For the foregoing reasons, the Court should sustain Aurora's opposition to the instant Ex Parte application. The Court should deny Plaintiff's request to continue or deny Aurora's pending Motion to Dismiss in this action and the Motion to Dismiss pending in the UD Federal Action, deny Plaintiff's request for leave to amend the complaint to add Gray as a plaintiff and add new claims, and grant such other relief to Aurora as the Court deems property

Dated: June 26, 2008

PITE DUNCAN, LLP

By: _/s/ Thomas N. Abbott_
    THOMAS N. ABBOTT
Attorneys for Defendant,
AURORA LOAN SERVICES LLC
E-mail: tabbott@piteduncan.com