1   Maria R. Metcalf
2   954 Surrey Drive
    Chula Vista, CA  91902
3

4   Maria R. Metcalf, plaintiff
5   Dennis R. Gray, intervenor

FILED

08 JUL -2 PM 2 34

CLERK, U.S. DISTRICT C.
SOUTHERN DISTRICT OF C...

BY:       Ecl        DEPUTY

6

7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  | MARIA R. METCALF,              )   CASE NO.  3-08-CV-00731-W-POR
                                     )
12         Plaintiff,               )
13     v.                            )   **REPLY TO OPPOSITION TO**
                                     )   **EX PARTE APPLICATION FOR**
14  DREXEL LENDING GROUP, a         )   **EMERGENCY INJUNCTION TO STAY**
    California corporation, OLD       )   **WRONGFUL AND ILLEGAL**
15  REPUBLIC TITLE COMPANY, a       )   **UNLAWFUL DETAINER**
16  California corporation, AURORA   )
    LOAN SERVICES LLC, a             )
17  California limited liability company; )
    MORTGAGE ELECTRONIC              )
18  REGISTRATION SYSTEMS, INC.,     )
19  a Delaware corporation, and      )
    ROBERT E. WEISS                  )
20  INCORPORATED, a California       )
    Corporation,                     )
21                                   )
                                     )
22                                   )   **NO HEARING DATE SET**

23  _____

24          Plaintiff, Maria  R. Metcalf and Dennis Gray, necessary party. owner and

25  intervenor of right reply to the opposition to their request for a stay in order to maintain the status

26  quo, and to preserve the issues presented in Metcalf's complaint as follows.  The opposition

27

28  attempts to confuse the court with its misleading statements to deflect the gravamen of its unfair

1

Reply to Opposition to Ex Parte Motion re Stay. 6/30/2008

1   According to the evidence before the court, METCALF is like to succeed on her claim

2   for violations of the Fair Debt Collection Practices Act, 15U.S.C.1962, et seq.  Communication

3   took place between the parties.  Defendant and its successor did not appropriately respond to the

4   request.  Accordingly, continued debt collection, including the foreclosure and unlawful detainer,

5   violates the Fair Debt Collection Practices Act.  A request for stay is proper for an emergency

6

7   injunctive stay of pending wrongful and illegal unlawful detainer eviction until further order of

8   this court will maintain the status quo due to the lack of jurisdiction to conduct a wrongful sale of

9   the subject property.  The Court must issue this motion ex parte for it to have any effect

10

11  whatsoever.

12  Dennis Gray, intervener, previously noticed defendants of his commercial superseding

13  lien interest on the subject property and his priority claim on the property under UCC.  Gray is a

14  necessary party to this action.   Gray has and continues to dwell in the property since he built it.

15

16  Public interest weighs in favor of allowing Gray to remain in his home particularly in light of the

17  serious questions of the propriety of foreclosure.

18  Here the parties invoke the supremacy power of this court to stay the pending irreparable

19  harm.  Plaintiff has a lawful right to her property and it is clear that a fraud was perpetrated on

20  her.  Simply put the defendant has no standing to proceed against plaintiff in foreclosure by

21

22  failure to provide debt verification and validation and failure to zero her account when payment

23  was tendered.  If the plaintiff and her family are evicted, she will lose her home and equity and

24  become homeless.

25  Even state court unlawful detainer stays of execution of judgments are allowed for up to

26  40 days without the landlord's consent, in a limited civil case for up to 40 days and in an

27

28  unlimited case for up to 70 days pending appeals.  [See CCP 918(b); CRC 8.104(a), 8.751(a).]

3

Reply to Opposition to Ex Parte Motion re Stay. 6/30/2008

trade practices and predatory lending practices including violations of Federal and state law in its non response to plaintiff's request for debt verification and her tender of payment. A stay is not restricted to a change in plaintiff's circumstances; rather this court must consider that Maria is denied a fair opportunity to correct service when defendants claim that they were not properly served. Plaintiff clearly is entitled to an opportunity to correct any deficiencies of the complaint by leave to amend the complaint as well as correct any deficiency in the service of the original complaint.

The circumstances of Maria Metcalf's incarceration for the past six months was not anticipated to be so prolonged at the outset. It was her understanding that she would be released quickly. From the beginning Metcalf expected to be released at any moment due to documents presented on her behalf yet her release date dragged on. Due to her temporary location she could not perform as she had expected in regards to this matter when it was filed. Her contacts were restricted and her limited communications did not allow her to get notice. She was restricted in her access to means to respond and otherwise hampered in her ability to appear in this matter.

A stay **must be granted** if the judge finds that (1) the moving party will suffer extreme hardship if no stay is granted and (2) a stay will not irreparably injure the nonmoving party. This relief is appropriate when it is the sole method of preserving a state of affairs in which the court can provide effective final relief.

The harm if any to the defendant can be compensated with a damage award. Plaintiff stands to lose her unique one of a kind home, designed and built by Dennis Gray. This harm is irreparable; money damages cannot compensate plaintiff and intervener for the loss of their primary residence. In addition, the public interest weighs in favor of allowing plaintiff to maintain her home, particularly in light of the egregious lender actions.

2

Status quo must be preserved to prevent immediate and irreparable harm and the court must preserve the issues presented in Metcalf's complaint. This ex parte request is properly brought in the instant complaint to preserve the status quo.

This Court is respectfully requested to grant the relief requested in this ex parte application to prohibit the pending sheriff's eviction from their home at the property located at 954 Surrey Drive, Bonita California. Should the court deny the pending motions to dismiss this matter, plaintiff must be given leave to amend her complaint or set a regularly heard motion to protect intervenor's interest and properly serve all parties.

Dated: July 2, 2008,                    Respectfully submitted,


By: _____
    Dennis R. Gray, Intervenor


By: _____
    Maria Metcalf, Plaintiff

# CERTIFICATE OF SERVICE

I, <u>Margilina Goudie</u> hereby certify this 2nd day of July 2008 I caused a true and correct copy of the foregoing ex parte motion by fax to defendants:

Defendant DREXEL LENDING GROUP at 8200 Haven Avenue, Suite 2109, Rancho Cucamonga, CA 91730, upon Defendant OLD REPUBLIC TITLE COMPANY at 9645 Granite Ridge Drive, Suite 300 San Diego CA 92123, upon Defendant MERS at PO Box 2026, Flint MI 48501, upon Defendant ROBERT E. WEISS INCORPORTED at 920 South Village Oaks Drive, Covina, CA 91724 and upon Defendant AURORA LOAN SERVICES LLC by serving JAMES T. LEE, ESQ attorney for Defendant AURORA at Law Offices of Robert E. Weiss Incorported at 920 South Village Oaks Drive, Covina, CA 91724.

By _Margilina A. Goudie_
    Margilina Goudie

Reply to Opposition to Ex Parte Motion re Stay. 6/30/2008