# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARIA R. METCALF,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DREXEL LENDING GROUP, et al.,<br><br>　　　　　　Defendants. | CASE NO: 08-CV-00731 W (POR)<br><br>**ORDER (1) DENYING EX PARTE APPLICATION TO STAY UNLAWFUL DETAINER ACTION, (2) GRANTING MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTIONS TO DISMISS, AND (3) DENYING MOTION TO AMEND COMPLAINT** |
|---|---|

Pending before the Court is Plaintiff Maria R. Metcalf's ex parte application for (1) a temporary restraining order ("TRO") staying an unlawful detainer action currently pending in federal court; (2) a continuance of the hearing on Defendants' motions to dismiss; and (3) leave to amend the Complaint. (Doc. No. 25.) For the reasons stated below, the Court **GRANTS IN-PART** and **DENIES IN-PART** Plaintiff's motion.

//
//

**I.     TEMPORARY RESTRAINING ORDER**

According to the Complaint, on or about February 1, 2007, Plaintiff entered into a loan agreement with certain Defendants relating to real property located in Chula Vista, California. (Compl., ¶6.) Plaintiff alleges that the mortgage and note for the property were never signed (Id.,) and that Defendants "failed and/or refused to provide Plaintiff with copies of important documents" required by the "the Federal Truth in Lending Disclosures." (Id., ¶7.)

At some point, Plaintiff defaulted on the loan, and Defendant Aurora Loan Services LLC ("Aurora") purchased the residence at a foreclosure sale. (Id., ¶6.)[1] Then on April 22, 2008, Plaintiff filed this lawsuit based on alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. section 1601, *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. section 2601, *et seq.* Plaintiff seeks compensatory damages and rescission of the mortgage and note.

Approximately two weeks after this lawsuit was filed, on May 7, 2008, Aurora filed an unlawful detainer action in the San Diego Superior Court. On May 15, 2008, Plaintiff (in this case) removed the unlawful detainer action to federal court (the "UD Action"). (See Doc. No. 1, Case No. 08cv872.) The case is currently assigned to District Judge William Q. Hayes. Aurora has filed a motion to remand the UD Action to state court. The hearing on the motion to remand is scheduled for August 11, 2008.

On June 23, 2008, Plaintiff filed the instant ex parte application for a TRO staying the UD Action and preventing Defendants from evicting Plaintiff and her family. But absent from Plaintiff's moving papers is any authority that would allow this Court to enjoin another pending federal case. And based on the Court's own research, it appears that the only time such an injunction *might* be available is where a class-action plaintiff is threatened by a "reverse auction" settlement. See e.g. Negrete v. Allianz Life Insurance Co. of North America, 523 F.3d 1091, 1099–1100 (9th Cir. 2008). This is not a class action, and this case does not involve a "reverse auction" settlement.

---

[1] Plaintiff appears to dispute that she defaulted on the note. (Compl., ¶6.)

Moreover, assuming the Court had authority to enjoin another federal case, Plaintiff has failed to establish the elements necessary to obtain a TRO.

The standard for granting a TRO is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996); Franklin v. Scribner, Civil No. 07-0438 BTM (LSP), 2007 WL 1491100, at *3 (S.D. Cal. May 21, 2007). Among the elements the moving party must establish is a likelihood of success on the merits. Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., 367 F.3d 1108, 1111 (9th Cir. 2004).

Here, Plaintiff has failed to establish a probability of success on the merits. Plaintiff is suing Defendants for alleged violations of TILA's disclosure requirements. But as Defendants point out in the pending motions to dismiss, the one-year statute of limitations appears to have run on Plaintiff's claim. Additionally, Plaintiff's claim for rescission also appears barred because the foreclosure sale already occurred. See Saygnarath v. BNC Mortgage, Inc., 2007 WL 1141495 (D.Minn. April 17, 2007); Williams v. G.M. Mortgage Corp., 2004 WL 3704081 (E.D.Mich. Aug. 18, 2004). For these reasons, the Court **DENIES** Plaintiff's application for a TRO.[2]

II. <u>**REQUEST TO CONTINUE PENDING MOTIONS**</u>

Plaintiff next requests that the Court either deny or continue the hearing on Defendants' pending motions to dismiss. Plaintiff contends that she has been unable to respond to the motions because she has been incarcerated, but is scheduled to be released on July 3, 2008.

As an initial matter, the Court notes that incarceration is not an excuse to fail to timely respond to a motion or to prosecute a case. To the extent Plaintiff's incarceration hindered her ability to file a timely opposition, Plaintiff should have filed a request for an extension of time *before* the opposition deadline.

---

[2] For these same reasons, the Court **DENIES** Plaintiff's request to stay the hearing on Aurora's motion to remand in the UD Action.

Nevertheless, because Plaintiff has not previously requested an extension of time in this case, the Court will continue the hearing date to August 1, 2008, in order to afford Plaintiff another opportunity to file an opposition. Accordingly, Plaintiff's opposition must be filed no later than **July 18, 2008.** There shall be no further extensions granted with respect to the pending motions.

### III. MOTION TO AMEND THE COMPLAINT

Plaintiff also seeks an order granting her leave to file an amended complaint. Federal Rule of Civil Procedure 15(a)(1)(A), however, provides that a "party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Here, none of the Defendants have filed a responsive pleading. Accordingly, at this time, Plaintiff does not need a court order to amend the complaint. Plaintiff's motion is, therefore, **DENIED AS MOOT.**[3]

### IV. CONCLUSION AND ORDER

For the foregoing reasons the Court **GRANTS IN-PART** and **DENIES IN-PART** Plaintiffs' motion (Doc. No. 25), and **HEREBY ORDERS** as follows:

1. Plaintiff's ex parte application for a TRO is **DENIED**.
2. Plaintiff's request to continue the hearing date on Defendants' motions to dismiss is **GRANTED**. The hearing is continued until August 1, 2008, and Plaintiff's opposition is due on or before **July 19, 2008**. The motions shall be taken under submission, so there shall be no oral argument pursuant to Civil Local Rule 7.1(d.1). There shall be no further continuances of the hearing on Defendants' motions to dismiss.

//
//

---

[3] Plaintiff is cautioned, however, that if she wants to file an amended complaint, she should do so before the hearing date on Defendants' motions to dismiss.

3.  Plaintiff's motion to amend the complaint is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: July 3, 2008

_____
Hon. Thomas J. Whelan
United States District Judge