Maria R. Metcalf, Pro se
Dennis R. Gray, Pro se
954 Surrey Drive
Chula Vista, CA 91902

FILED
08 JUL 22 PM 3:09
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA R. METCALF, DENNIS R. GRAY,<br><br>Plaintiffs,<br><br>vs.<br><br>DREXEL LENDING GROUP, a California corporation, AURORA LOAN SERVICES, LLC, a California limited liability company, and ROBERT E. WEISS INC., a California Corporation,<br><br>Defendant, | CASE NO. 08-CV-00731-W-POR<br><br>**AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **INJUNCTIVE RELIEF**<br>2. **STATUTORY DAMAGES**<br>3. **FRAUD**<br>4. **BREACH OF CONTRACT**<br>5. **QUIET TITLE AND**<br>6. **DECLARATORY RELIEF** |

Plaintiffs, Maria R. Metcalf and Dennis R. Gray, (Collectively "Plaintiffs") allege and sue Defendants DREXEL LENDING GROUP (hereinafter Defendant "DREXEL"), AURORA LOAN SERVICES, LLC (hereinafter Defendant "AURORA'), and ROBERT E. WEISS INCORPORATED (hereinafter Defendant "Weiss") (Collectively, "Defendants") and as grounds therefore would state as follows:

**PRELIMINARY ALLEGATIONS**

1. This complaint is filed for emergency injunctive relief and declaratory relief to enforce Plaintiff's rights due to defendants' violations of Federal and state statutes

regarding wrongful foreclosure and lending industry practices causing Plaintiffs to incur damages.

2. PLAINTIFFS are ignorant of the true names and capacities of the persons engaged in commercial activities of the defendants. Discovery will confirm the identity, capacity and interests of the defendant's agents when determined. However, Plaintiffs have seen no legal evidence on the record that would support assertions or conclusion that defendant has or acquired legal standing as a holder in due course required from lenders trying to conduct a foreclosures sale on homeowner's property.

3. On information and belief Plaintiffs alleges that defendants are committing fraud in the factum in that defendant (s) is not a person entitled to enforce the alleged debt because they lack standing as true holder of the alleged note and no claim for damages evidenced by audit accounting.

4. Plaintiffs objects to the non-judicial foreclosure or judicial foreclosure without sufficient evidence for the Court to review as proof of the identity of the real party in interest, i.e. the person legally vested with the power to enforce the note as a holder in due course for adequate and sufficient value paid for the note on the subject real property. Defendant may not foreclose on the subject property without showing lawful status and standing and legal capacity to enforce a true instrument.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States. This court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal claims and arise out of a

common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution.

6. Jurisdiction within this court is predicated upon various Federal questions arising under the United States Code including but not limited to 15 USCA § 1640 et seq. Commonly known as the Truth in Lending Act (TILA): 12 USCA § 2605 the Real Estate Settlement Procedures Act (RESPA) and 15 USCA § 1602 et seq. commonly known as the Homeowners Equity Protection Act, as well as 15 USCA §1692, commonly known as the Fair Debt Collection Practices Act.

7. Plaintiffs further pleads jurisdiction pursuant to the doctrine of pendente jurisdiction as to various related State Law causes of action.

8. The Court has jurisdiction of over Plaintiff's action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by 28 U.S.C. § 2203 and Rule 65 of the Federal Rules of Civil Procedure.

9. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gave rise to these claims occurred within the Southern District of California. The real property in question is located within San Diego County, California. Plaintiffs are a residents within said district, and as the defendants and each of them have or are doing business within the district and further as the pendente causes of action pursuant to California law concern real property within the County of San Diego, California.

### PARTIES

10. PLAINTIFFS are individuals and at all times relevant hereto were residents in possession of the property located at 954 Surrey Drive, Bonita, California 91902 ("Property"). Plaintiffs are currently threatened by

fraud, threats and financial duress by defendants' commercial activities in mortgage lending and foreclosure business.

11.  Defendant DREXEL, is a California corporation doing business in San Diego County, California. Defendant AURORA is a California limited liability company doing business in San Diego County, California. Defendant WEISS is a California corporation doing business in San Diego County, California. All acts complained of occurred in San Diego County, California.

### DEFENDANT IS A PREDATORY LENDER AND BROKER

12. There is no uniformly accepted definition of "predatory lending." However, the United States Department of Housing and Urban Development ("HUD") has defined predatory lending as lending "involving deception or fraud, manipulation of borrowers through aggressive sales tactics, or taking unfair advantage of a borrower.

13.  Since predatory lenders are constantly developing new techniques to take advantage of borrowers, it is generally accepted by the lending industry and government agencies that monitor that industry that predatory lending practices, include engaging in aggressive, high pressure and/or misleading tactics.  Defendant lender, its associates and assignees engaged in this kind of conduct toward PLAINTIFF after it acquired control of her loan that originated with AURORA, the original beneficiary under that a Deed of Trust dated on February 02, 2007.

14.  PLAINTIFFS alleges the defendants and/or its predecessors or assignees operate a for profit foreclosure business.  The event of foreclosure creates a negative financial comment to be placed in the Plaintiff's credit file resulting in further damage to Plaintiffs.

## OWNERSHIP AND INFORMATION ON ALLEGED DEBT VERIFICATION AND ACCOUNTING.

15. From December, 2007, continuing to date, PLAINTIFFS requested defendants to verify the alleged debt and their standing as a holder in due course ("HIDC"). The requests have gone unanswered. The Notice of Default and Election to Sell under Deed of Trust, filed in September 2007, is defective in that there is no proof of the identity of the HIDC and the request for information to validate the alleged debt and provide an audit accounting has gone unanswered.

16. Defendant's trustee, Robert E. Weiss, Inc. sent notices that it was attempting to collect a debt. Defendants' agents are in default in violation of the Fair Debt Collection Practices Act for State and Federal law.

17. Defendant parties are subject to equitable estoppel under laches and are barred from further proceeding on the matter until they identify the holder in due course by possession of the original documents under law and the alleged debt is verified with audit accounting of payments and Plaintiff's July 23rd, 2007, offer of tender.

18. California courts and Federal courts require more compliance documentation of ownership from defendants trying to foreclose. Foreclosure may not proceed without documentary proof of standing. This provides legal authority for the simultaneously filed emergency application of temporary injunction to enjoin the Unlawful Detainer action Initiated by the Defendants.

19. In addition Plaintiffs tendered full payment in kind in again to defendant to no avail. It was never applied nor acknowledged. Full tender

was not accredited to Plaintiff's account and Plaintiff's tender was never returned.

20. Since the claims of the Plaintiff are deemed true in her certification of the complaint and defendants' non- response and lack of meaningful response to certify standing and loan accounting, Plaintiff should prevail on all her claims.

## FIRST CAUSE OF ACTION
### INJUNCTIVE RELIEF against Defendants

21. PLAINTIFF realleges and incorporates by reference the allegations contained in paragraphs 1-21.

22. The trustee's wrongful sale must be restrained to prevent great and irreparable injury to the Plaintiffs should the trustee sale occur as scheduled and restraining defendant and its agents from taking any action negatively affecting Plaintiff's rights to the property.

23. PLAINTIFF request the court for a Restraining Order enjoining and restraining the named Defendant parties from evicting the Plaintiffs on any date subsequent. This court should stay defendants from taking any action negatively affecting Plaintiff's rights to the property until a further order of this court until the court determines (1) the holder in due course with the wet ink signature on promissory note and original contract and (2) trustee produces the legally required audited accounting of all fees, penalties, payments, interest, and other charges on loan number 0033203712. The rights of the trustee must be declared invalid.

24. Plaintiffs will suffer irreparable injury if the eviction is not enjoined permanently. Defendants have no standing to proceed in foreclosure on the subject property by their omissions and conduct failing to provide valid verification of the alleged debt documents in addition to their waiver by non-response and non disclosure.

25. Further Defendant has wrongfully failed to apply Plaintiff's offered payments accurately, and wrongfully pursues an eviction without proper documentation reviewed by the court. Thus, Plaintiffs is likely to prevail on her claims. Since Plaintiff has no other plain, speedy, or adequate remedy, and the injunctive relief requested is necessary and appropriate to prevent irreparable eminent injury to Plaintiffs.

## SECOND CAUSE OF ACTION

## **STATUTORY DAMAGES** Against Defendants

26. PLAINTIFF realleges and incorporates by reference the allegations contained in paragraphs 1-26.

27. Plaintiff is entitled to statutory damages from defendant for its acts and conduct, including fraudulent conduct and commercial injury to the Plaintiffs.

28. Defendant appears to have explicitly broken 4 Federal laws:

1) 15 USC §1601 et seq. Truth in lending requires that banks disclose all details of the transaction.

2) 12 USC § 1831n(2)(A) Requires banks to follow "Uniform accounting principles consistent with GAA"

3) 12 USC § 2605 RESPA: requires that banks acknowledge and respond to "a Qualified written request"

4) 15 USC § 1611 Whoever willfully and knowingly (1) gives false or inaccurate information or fails to provide information which he is required to disclose under the provision of the subchapter or any regulation.

29. Defendant acted in violation of:

a. 15 USCA 1611 et seg. The requirements of the Truth in Lending Act requirements in that among other things:

1). They have refused and continued to refuse to validate and otherwise make a full accounting and required disclosures as to the true finance charges and fees.

2). They have improperly retained funds belonging to Plaintiffs in amounts to be determined.

3). To disclose the status of the ownership of said loans.

b. Violation of 15 USCA § 1692 and California Civil Code § 1788 in that they are **"debt collectors"** either directly or through agents as that term is used in both the United States Code and the California Civil Code at § 1788 et seq. and failed to respond to her demands in such a way as to meet the requirements of the act. Plaintiff alleges that she is entitled to statutory damages under each act.

30. Defendants appear to have broken California state laws:
1) Business and Professions Code 17200 for unfair and deceptive business practices; 2) Unjust enrichment; 3) breach of fiduciary duty; 4) conversion, 5) negligence and 6) violations of the California Consumer Protection Act; 7) violations of California Civil Code 2943 for not supplying Payoff Demand Statements, if requested by mail [both bank and trustee].

31. These violations are such as to require rescission and or cancellation of the loan herein and return of all funds received by Defendants, their predecessors, their agents, or assigns from Plaintiffs.

### THIRD CAUSE OF ACTION

### FRAUD Against Defendants

32. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-32.

33. Plaintiff entered an agreement associated with the property and the other parties agreed to act for her sole benefit with regards to the documentation relating to her home.

34. Recently Plaintiff came to find out that no one disclosed certain facts that they were necessarily required to disclose and went further to conceal such facts known by each of the defendants.

35. The defendant's concealed facts relevant to the validity of the property while under a clear duty/obligation to disclose such facts to the Plaintiffs, chose to intentionally conceal these material facts.

36. Defendant presented the Plaintiffs documentation which clearly indicated that they were owners in due course knowing that such documentation was in fact false and fraudulent.

37. Defendants owe a fiduciary duty to the Plaintiffs and an absolute duty to disclose anything which might be relevant to fraudulent activity by any of its associates and/or employees or predecessors or agents.

38. Defendants knew that Plaintiffs was not aware of the material facts not disclosed by them, particularly that the Plaintiffs would not be able to readily discover such material and legal facts which would affect Plaintiff's legal position including Plaintiff's rightful title to the property.

39. Defendants concealed such material facts within their own files and records and thereby maintained complete custody and control of such fraudulent documents with tend to prove Plaintiff's position and/or proves to this court that the position of the defendants has no legal significance over the Plaintiff's legal title position.

40. Defendants knowingly acted with a total disregard for the truth of the material facts presented n the documents provided to the Plaintiffs.

41. Defendants knew that Plaintiffs would rely on the misrepresentations placed forth in the documents presented to the Plaintiffs, namely that the defendants have ownership rights as holders in due course.

42. Defendants knew that their actions through the misrepresentation of the facts would immediately cause the Plaintiffs to lose financial interest in the property and that without the wilful, intentional and fraudulent actions of the defendants the plalintiff would not have been made to suffer any injuries.

43. Defendants knew that their misrepresentations would in fact become the predominant, decisive and substantial factors of influencing the course of the conduct of the Plaintiffs.

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT Against Defendant

44. PLAINTIFF realleges and incorporates by reference the allegations contained in paragraphs 1-42.

45. Plaintiffs alleges that at all times there existed between Plaintiffs and defendants either a direct or implied contractual covenant of good faith and fair dealing requiring defendants to safeguard protect or otherwise care for the assets and/or rights of Plaintiffs. Said covenant prohibited the

## FIFTH CAUSE OF ACTION

## QUIET TITLE Against Defendants

48. PLAINTIFF realleges and incorporates by reference the allegations contained in paragraphs 1-46.

49. Plaintiffs is the owner in fee and is in possession and control of certain real property commonly known as 954 Surrey Drive, in the City of Bonita, County of San Diego, State of California as described in the grant deed by which she obtained simple title to the above described real property by Grant Deed dated 02/02/2007 and recorded in the office of the Recorder of the County of San Diego.

50. Defendants claim an interest or estate in Plaintiff's above described property disputing or denying Plaintiff's right to ownership and by contending that ownership is or will rest in them by means of a trustee's sale.

51. Plaintiffs alleges that Defendant has no such right of title or estate in said property in that sale proposed will be fraudulent or otherwise illegal and transfer no right to Defendants.

52. Defendant has wrongfully interfered with or threatens to interfere with Plaintiffs's use and enjoyment of the above described property in that they threaten to dispossess her.

53. Defendant's threat to dispossess Plaintiffs of her home unless and until enjoined or restrained by order of the court will cause grave and irreparable injury to Plaintiffs in that she will be deprived of the use and enjoyment of unique property.

54. Plaintiff has no adequate remedy at law for the threatened and continuing conduct in that she will have no home and will lose all she has

52. Defendant has wrongfully interfered with or threatens to interfere with Plaintiffs's use and enjoyment of the above described property in that they threaten to dispossess her.

53. Defendant's threat to dispossess Plaintiffs of her home unless and until enjoined or restrained by order of the court will cause grave and irreparable injury to Plaintiffs in that she will be deprived of the use and enjoyment of unique property.

54. Plaintiff has no adequate remedy at law for the threatened and continuing conduct in that she will have no home and will lose all she has put into said home. Said loss is not one which can be compensated by mere payment of damages.

55. Plaintiff further alleges that the conduct herein is of such a character as to give her title to the above described property in fee.

## SIXTH CAUSE OF ACTION

## DECLARATORY JUDGMENT Against Defendants

56. PLAINTIFF realleges and incorporates by reference the allegations contained in paragraphs 1-54.

57. PLAINTIFF respectfully requests that the court declare that Plaintiffs is protected by the Fair Debt Collections Practices Act with its companion of Title 15 U.S.C. §1692 with all its reserved rights, benefits, and privileges.

58. The Court should determine if the alleged debt collector or some other company has possession and can produce the original Note and Deed of Trust to identify the holder of the original instruments on the record. No one has been identified as the holder in due course.

59. The Court should declare whether or not the defendant can demonstrate legal status and standing in the true legal capacity as holder in due court of the original signed deed of trust and any related note.

60. The Court should determine whether or not the defendant's violated state securities laws as seen by California Financial Code §33560© and 22340 is applicable where there is fraudulent selling of eligible notes when in fact they are not selling them, merely the collection rights under the servicing agreement.

61. A judicial determination is appropriate to determine the Plaintiff's rights and duties before the subject property is sold at a trustee's sale.

62. Plaintiffs is informed and believes that she has alleged grounds for cancellation of the mortgage documents and deeds of trust for cause as stated herein and specifically as the character and relationship of the parties, the existence of the ground for recovery, including fraud, false representations, or impossibility of performance, defendant's failure to perform, and the inadequacy of a remedy at law.

63. The court should declare that laches applies to bar the alleged debt collector, or, since the trustee failed to comply with the Fair Debt Collection Practices Act in order to proceed to trustee sale of the property, the trustee is equitably estopped from taking any further action against the subject property.

WHEREFORE, Plaintiffs respectfully prays that this Honorable Court grant to her the following relief:

1. Compensatory damages according to proof;
2. Judicial declaration of the parties' rights, duties and obligations;

3. Injunctive relief without bond granting Plaintiffs a Permanent Restraining Order enjoining and restraining the Unlawful Detainer Action and any subsequent sale to maintain the status quo pending adjudication;

4. Cancel and release any deeds of trust in favor of Plaintiffs;

5. Statutory damages for violations;

6. Attorneys' fees according to statute and costs of suit; and

7. Such other and further relief as the court deems equitable, fair and just.

Date: July 21, 2008                                     Respectfully submitted,

*/s/ Maria R. Metcalf*
Maria R. Metcalf

*/s/ Dennis R. Gray*
Dennis R. Gray

## VERIFICATION

We, Maria R. Metcalf and Dennis R. Gray, plaintiffs in the above-entitled action. We have read the foregoing complaint for damages and know the contents thereof. The facts and allegations contained therein are true and correct of our own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, we believe them to be true.

We declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Diego, California.

Dated:   July 21, 2008

_____
Maria R. Metcalf

_____
Dennis R. Gray

## CERTIFICATE OF SERVICE

I, Margilina Goudie hereby certify that the foregoing Amended Complaint for Damages and for Injunctive relief was served by U.S. Mail with adequate postage there upon the Defendant DREXEL LENDING GROUP at 8200 Haven Avenue, Suite 2109, Rancho Cucamonga, CA 91730, upon Defendant ROBERT E. WEISS INC. at 920 South Village Oaks Drive, Covina, CA 91724 and upon Defendant AURORA LOAN SERVICES, LLC by serving THOMAS N. ABBOT attorney for Defendant AURORA at Law Offices of PITE DUNCAN, LLP. at 525 Main Street, El Cajon, CA 92022-2289.

Margilina Goudie
954 Surrey Drive
Chula Vista, CA 91902
Phone (619) 399-1066

By _Margilina Goudie_

Margilina Goudie  July 21st, 2008