1  JOHN D. DUNCAN (SBN 179560)
   PETER J. SALMON (SBN 174386)
2  MICHELLE A. MIERZWA (SBN 196175)
   PITE DUNCAN, LLP
3  4375 JUTLAND DRIVE, SUITE 200
   SAN DIEGO, CA 92117
4  TELEPHONE: (619) 590-1300
   FACSIMILE: (619) 590-1385
5  E-Mail: mmierzwa@piteduncan.com

6  Attorneys for Defendant AURORA LOAN SERVICES LLC

7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10 | MARIA R. METCALF,                          | Case No. 3:08-cv-00731-W-POR
11 |     Plaintiff,                             | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
12 |     v.                                     | DEFENDANT AURORA LOAN SERVICES LLC'S *AMENDED* NOTICE
13 | DREXEL LENDING GROUP, a California         | OF MOTION AND MOTION TO DISMISS PLAINTIFFS FIRST
14 | corporation, OLD REPUBLIC TITLE COMPANY, a California corporation, | AMENDED COMPLAINT AND ALTERNATIVELY FOR A MORE
15 | AURORA LOAN SERVICES LLC, a California limited liability company | DEFINITE STATEMENT
16 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a | Date:       September 15, 2008
   | Delaware corporation, and ROBERT E.        | Time:       9:30 a.m.
17 | WEISS INCORPORATION, a California          | Courtroom:  7
   | Corporation,,
18 |                                            | NO ORAL ARGUMENT WILL BE
   |     Defendants.                            | HEARD  [Civ LR 7.1(d)1]
19

20     Defendant AURORA LOAN SERVICES LLC ("Aurora") submits the following

21 Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiffs' First

22 Amended Complaint ("FAC") for Damages and Petition for Injunctive Relief on the grounds that

23 (1) Plaintiff Dennis Gray lacks standing and (2) each purported cause of action alleged by Plaintiffs

24 fails to adequately state a claim for relief.

25 /./.

26 /./.

27 /./.

28 /./.

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................... 1

II.  STATEMENT OF FACTS ........................................................ 1

    1.  Factual History ........................................................... 1
    2.  Procedural History ...................................................... 2

III. LEGAL STANDARD ............................................................... 2

IV.  ARGUMENT ........................................................................... 3

    A.  GRAY LACKS STANDING BECAUSE HE IS NOT ENTITLED TO AN ADJUDICATION OF THE CLAIMS ASSERTED IN THE FAC. ............ 3

    B.  THE FAC FAILS TO STATE A CAUSE OF ACTION UNDER TILA AND RESPA BECAUSE CLAIMS UNDER THOSE ACTS ARE BARRED BY THE STATUTE OF LIMITATIONS. ............ 4

    C.  EACH CAUSE OF ACTION MUST BE DISMISSED BECAUSE PLAINTIFFS DO NOT ALLEGE ACTIONABLE CONDUCT BY AURORA. ............ 5

    D.  ANY CAUSE OF ACTION UNDER THE TRUTH IN LENDING LAW SHOULD BE DISMISSED BECAUSE AURORA IS NOT A CREDITOR .... 6

    E.  THE CAUSE OF ACTION FOR INJUNCTIVE RELIEF FAILS BECAUSE IT IS MOOT AND THE EVICTION ACTION IS PENDING IN ANOTHER FEDERAL CASE. ............ 7

    F.  PLAINTIFFS' FRAUD CAUSE OF ACTION FAILS TO STATE A CLAIM FOR RELIEF BECAUSE IT LACKS SUFFICIENT PARTICULARITY ...... 8

    G.  THE CLAIM FOR BREACH OF CONTRACT FAILS BECAUSE PLAINTIFFS DO NOT SPECIFY THE CONTRACT OR ITS TERMS ....... 9

    H.  PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR QUIET TITLE. ............ 9

    I.  IF THE COURT DOES NOT DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6), THE COURT SHOULD ORDER THE PLAINTIFF TO MAKE A MORE DEFINITE STATEMENT. ............ 10

V.   CONCLUSION ....................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

Allen v. Wright,
    468 U.S. 737, 752 (1984) .................................................. 3

Bell Atlantic Corp. v. Twombly,
    127 S.Ct. 1955, 1965 (2007) ............................................ 2, 6

CDF Firefighters v. Maldonado,
    158 Cal.App.4th 1226, 1239 (2008) ...................................... 9

City of Los Angeles v. Lyons,
    461 U.S. 95, 111 (1983) .................................................. 7

Clegg v. Cult Awareness Network,
    18 F.3d 752, 754-55 (9th Cir. 1994) .................................... 2, 6

Elk Grove Unified School Dist. v. Newdow,
    542 US 1, 14 (2004) ...................................................... 4

Fiedler v. Clark,
    714 F2d 77, 79–80 (9th Cir. 1983) ....................................... 3

G.D. Searle & Co. v. Superior Court,
    49 Cal.App.3d 22, 29 (1975) ............................................. 8

Hallas v. Ameriquest Mtg. Co.,
    406 F.Supp.2d 1176, 1183 (D.Or. 2005) ................................. 5

Jablon v. Dean Witter & Co.,
    614 F.2d 677, 682 (9th Cir. 1980) ....................................... 4

Katz v. Bank of California,
    640 F.2d 1024, 1025 (9th Cir. 1981) ..................................... 4

Lazar v. Superior Court,
    12 Cal.4th 631, 645 (1996) ............................................... 8

Lujan v. Defenders of Wildlife,
    504 US 555, 560–561 (1992) ............................................ 4

Meyer v. Ameriquest Mtg. Co.,
    342 F.3d 899, 902 (9th Cir. 2003) ....................................... 5

MGIC Indem. Corp. v. Weisman,
    803 F.2d 500, 504 (9th Cir. 1986) ....................................... 2

Moore v. Brewster,
    96 F.3d 1240, 1245 (9th Cir.1996) ....................................... 8

Reddy v. Litton Industries, Inc.,
    912 F.2d 291, 296 (9th Cir. 1990) ....................................... 3

Schreiber Distributing Co v. Serv-Well Furniture Co. Inc.,
    806 F.2d 1393, 1401 (9th Cir. 1986) .................................................... 2, 5, 8

Shiny Rock Mining Corp. v. United States,
    906 F.2d 1362, 1364-1365 (9th Cir. 1990) .................................................... 5

Spreewell v. Golden State Warriors,
    26 F. 3d 979, 988 (9th Cir. 2001) .................................................... 2

Stansfield v. Starkey,
    220 Cal.App.3d 59, 72-74 (1990) .................................................... 8

Vess v. Ciba-Geigy Corp. USA,
    317 F.3d 1097 (2003) .................................................... 8

Weinberger v. Romero–Barcelo,
    456 US 305, 312 (1982) .................................................... 7

**STATUTES**

12 U.S.C. § 2605(i)(3) .................................................... 7
    § 2614 .................................................... 4

15 U.S.C. § 1602(f) .................................................... 6
    §1635(f) .................................................... 5
    § 1640(a) .................................................... 6
    § 1640(e) .................................................... 4

Cal. Civ. Proc. § 761.020 .................................................... 9

Federal Rule of Civil Procedure 12(b)(6) .................................................... 2, 10

Federal Rule of Civil Procedure 9(b) .................................................... 8

-iii-
MEMEORANDUM OF POINTS AND AUTHORITIES                                    1681725.wpd

## I. INTRODUCTION

This action arises out of a transaction wherein Plaintiff Maria R. Metcalf ("Metcalf") obtained a loan for $900,000.00 from defendant Drexel Lending Group ("Drexel") secured by deed of trust, executed by Metcalf on or about February 1, 2007 ("Subject Loan"). Metcalf has since defaulted on the loan, the deed of trust has been foreclosed, and the property encumbered thereby sold on February 22, 2008, to Aurora. Plaintiff Dennis Gray ("Gray") is allegedly a resident of the property. Metcalf and Gray are hereinafter referred to collectively as "Plaintiffs".

The FAC is rambling, incoherent and exclusively comprised of legal conclusions and conclusory statements of fact rebutted by judicially noticeable evidence. Plaintiffs cite numerous state and federal statutes (as well as several common law causes of action) but utterly fail to allege ultimate facts to support liability against Aurora. Even after amending their complaint, Plaintiffs cannot state facts to support a claim for relief against Aurora. Moreover, Gray lacks standing to assert any claims relating to the Subject Loan as he is not a party to the loan documents. Therefore, amendment is futile and the Court should grant the Motion to Dismiss without leave to amend.

## II. STATEMENT OF FACTS

*1. Factual History*

On or about February 1, 2007, Metcalf made and executed a first priority deed of trust in favor of Drexel as Lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, securing an obligation in the principal amount of $900,000.00. (Request for Judicial Notice ("RJN"), Ex. A.) The deed of trust was recorded on February 13, 2007, in the Official Records of San Diego County as Instrument Number 2007-0101097, and encumbered the real property commonly known as 954 Surrey Drive, Chula Vista, CA 91902 ("Property"). (Id.)

Defendant Robert E. Weiss, Incorporated ("Weiss") caused a Notice of Default to be recorded in the Official Records of San Diego County as Instrument Number 2007-0626655 on or about September 26, 2007 (RJN, Ex. B); and caused a Notice of Trustee's Sale to be recorded in the Official Records of San Diego County as Instrument Number 2007-0797321 on or about December 28, 2007. (RJN, Ex. C.) On February 22, 2008, Aurora purchased the Property at foreclosure sale /././

1 | and a Trustee's Deed Upon Sale was recorded in the Official Records of San Diego County as
2 | Instrument Number 2008-0102980 on February 28, 2008. (RJN, Ex. D.)

3 |     2.    *Procedural History*

4 | On or about April 22, 2008, Metcalf filed the initial complaint in this action ("Complaint").
5 | The Complaint alleged causes of action for unfair trade practices, violations of and rescission under
6 | the Truth in Lending Act ("TILA"), violations of the Real Estate Settlement Procedures Act
7 | ("RESPA"), and injunctive relief. On May 14, 2008, Aurora filed a Motion to Dismiss on the
8 | grounds Metcalf's claims based on TILA and RESPA were barred by the statute of limitations.
9 | Metcalf did not oppose Aurora's Motion to Dismiss; rather, one day before the hearing scheduled
10 | on Aurora's motion, Metcalf filed the FAC, adding purported resident of the Property, Gray, as an
11 | additional plaintiff and dismissing MERS from the action. The FAC attempts to allege causes of
12 | action for injunctive relief, statutory damages, fraud, breach of contract, quiet title, and declaratory
13 | relief. However, the FAC merely lists purported statutory violations and legal conclusions regarding
14 | fraud and breach of contract without the benefit of any ultimate facts to support these claims.

### III.   LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged. <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994). The court is not required to accept legal conclusions cast in the form of factual allegations, unwarranted deductions of fact or unreasonable inferences. <u>Spreewell v. Golden State Warriors</u>, 26 F.3d 979, 988 (9th Cir. 2001). The court, however, may consider facts of which judicial notice is taken. <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986). In addition, the factual allegations "must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007). A complaint should be dismissed pursuant to Rule 12(b)(6) when it appears the plaintiff cannot prove facts entitling her to relief. (<u>Id</u>.) Similarly, leave to amend should not be afforded where amendment would be futile. <u>Schreiber Distributing Co v. Serv-Well Furniture Co. Inc.</u>, 806 F.2d 1393, 1401 (9th

28 | /././

1986). Futility exists where the complaint cannot be amended to cure its defects. <u>Reddy v. Litton Industries, Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990).

## IV.   ARGUMENT

The FAC contains absolutely no allegations of acts or omissions by Aurora to constitute any cause of action against Aurora. To the contrary, the FAC almost exclusively contains conclusions of law, or mere citations to federal and state statutes. Moreover, Plaintiffs fail to address how their claims based on TILA and RESPA are not barred by the statute of limitations, as described in detail in Aurora's Motion to Dismiss the original complaint. The FAC is an unsuccessful and desperate attempt to "throw in the kitchen sink" to draw attention away from the time-barred claims.[1] For these reasons, the Court should grant the Motion to Dismiss. In addition, because Plaintiffs have already amended their pleadings and had the opportunity to respond to the issues raised in Aurora's Motion to Dismiss the original complaint, further leave to amend appears to be futile and the Court should dismiss the instant action in its entirety <u>without leave to amend</u>.

### A.   GRAY LACKS STANDING BECAUSE HE IS NOT ENTITLED TO AN ADJUDICATION OF THE CLAIMS ASSERTED IN THE FAC.

As an initial matter, Gray lacks standing to be a plaintiff in this action. The Complaint was originally filed solely by Metcalf, the borrower under the Subject Loan. This made sense because Metcalf held title to the Property (before it was sold to Aurora at foreclosure) and Metcalf executed the loan documents, including the deed of trust. Inexplicably, however, Gray has inserted himself into this action as an additional plaintiff solely on the basis that he allegedly resides at the Property. Gray, however, lacks standing to bring any of the claims contained in the FAC. All of these claims are based upon or arise out of the Subject Loan, to which Gray was not a party.

A party's standing is determined by "whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." <u>Allen v. Wright</u>, 468 U.S. 737, 752 (1984). Standing to sue in federal court is governed by federal law, even in diversity cases based on state law claims and in actions removed from state court. See <u>Fiedler v. Clark</u>, 714 F2d 77, 79–80 (9th Cir. 1983).

---

[1] Plaintiffs add new legally conclusory allegations regarding state law claims, but as discussed below, these claims are wholly unsubstantiated by ultimate facts.

It is Gray's burden to prove standing by showing: an injury in fact, causation, and redressability. <u>Lujan v. Defenders of Wildlife</u>, 504 US 555, 560–561 (1992). Moreover, the claim must be for injury to Gray's own legal rights and interests, rather than the legal rights or interests of Metcalf, as the borrower under the Subject Loan. <u>Elk Grove Unified School Dist. v. Newdow</u>, 542 US 1, 14 (2004). These requirements are an indispensable part of Gray's case, and therefore, each element must be supported in the same way as any other matter on which Gray bears the burden of proof. <u>Lujan v. Defenders of Wildlife</u>, 504 US at 561.

The FAC alleges claims (in conclusory fashion) related solely to Metcalf's rights and duties from the loan <u>she</u> obtained from Drexel. Gray was not a party to the loan transaction with Drexel; he does not appear on the deed of trust; and he did not hold title to the Property at any time relevant to this action because he transferred title to Metcalf by way of quitclaim deed on January 15, 1999, over seven years before the Subject Loan was originated. (RJN, Ex. E.) Gray does not allege any facts to support standing and is simply not entitled to an adjudication of the particular claims asserted in the FAC, which are all concerned with the rights under the Subject Loan. Therefore, the Court should not permit Gray to interfere in this action and all causes of action by Gray against Aurora should be dismissed without leave to amend.

**B. THE FAC FAILS TO STATE A CAUSE OF ACTION UNDER TILA AND RESPA BECAUSE CLAIMS UNDER THOSE ACTS ARE BARRED BY THE STATUTE OF LIMITATIONS.**

Where the facts and dates alleged in the complaint indicate the claims are barred by the statute of limitations, a motion to dismiss for failure to state a claim must be granted as a matter of law because the action is time-barred. <u>Jablon v. Dean Witter & Co.</u>, 614 F.2d 677, 682 (9th Cir. 1980). The statute of limitations to bring a claim for damages under either TILA or RESPA is one year from the date of the occurrence of the violation. <u>See</u> 15 U.S.C. § 1640(e) [TILA claims]; 12 U.S.C. § 2614 [RESPA claims]. The one-year limitations period contained in both Acts commence no later than the date of actual disclosure of actions constituting the alleged violation. <u>Katz v. Bank of California</u>, 640 F.2d 1024, 1025 (9th Cir. 1981). Therefore, the purported failure to make required disclosures are deemed to occur, if at all, at the time the loan documents are signed absent evidence showing fraudulent concealment or other action to prevent Plaintiff from discovering her

claim. Meyer v. Ameriquest Mtg. Co., 342 F.3d 899, 902 (9th Cir. 2003). Moreover, actual knowledge is not required, as constructive knowledge of the injury will suffice. Shiny Rock Mining Corp. v. United States, 906 F.2d 1362, 1364-1365 (9th Cir. 1990).

Plaintiffs fail to show how their claims under these acts are not barred by the statutes of limitation described above. The loan closed on or about February 1, 2007. (See Complaint ¶ 16; RJN, Ex. A.) The FAC contains no allegations of fraudulent concealment or other conduct by Aurora to prevent Plaintiffs from discovering their claim. Thus, on or about February 1, 2007, Plaintiffs possessed sufficient knowledge of their claim. However, the original complaint was filed more than one year later, on April 22, 2008, and therefore, their claims are barred by the applicable statute of limitations.

Plaintiffs' claim for rescission is also barred by the statute of limitations. The time limit for exercising the right of rescission is three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f). The deed of trust was foreclosed and the Property sold to Aurora on February 22, 2008; the Complaint was filed on April 28, 2008. Thus, the foreclosure sale has terminated the right of rescission. See Hallas v. Ameriquest Mtg. Co., 406 F.Supp.2d 1176, 1183 (D.Or. 2005).

Because a claim barred by the statute of limitation cannot be cured by amendment, leave to amend should not be afforded because amendment would be futile. Schreiber Distributing Co v. Serv-Well Furniture Co. Inc., 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, any claims based on purported violations of TILA or RESPA must be dismissed, without leave to amend.

C. **EACH CAUSE OF ACTION MUST BE DISMISSED BECAUSE PLAINTIFFS DO NOT ALLEGE ACTIONABLE CONDUCT BY AURORA.**

The FAC is devoid of allegations of actionable conduct by Aurora. Instead, Plaintiffs state the legal conclusion that Aurora has violated numerous state and federal statutes. Plaintiffs list (in equally conclusory fashion) numerous common law causes of action which they allege justify liability against Aurora. However, no ultimate facts whatsoever are set forth to support these claims. The Court is not required to accept legal conclusions cast in the form of factual allegations if those

conclusions cannot be reasonably drawn from the facts alleged. <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994). It follows, therefore, that if no ultimate facts are alleged, the Court cannot even give Plaintiffs the benefit of the doubt. The factual allegations presented by Plaintiffs must be sufficient to raise a right to relief above the speculative level. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007). Here, no ultimate facts are alleged, and therefore, Plaintiffs' claims are nothing more than speculation. Accordingly, the Court should grant the Motion to Dismiss without leave to amend. In addition to the general lack of ultimate facts in the FAC, the specific causes of action are subject to dismissal for the specific deficiencies as described below.

### D. ANY CAUSE OF ACTION UNDER THE TRUTH IN LENDING LAW SHOULD BE DISMISSED BECAUSE AURORA IS NOT A CREDITOR.

Civil liability under TILA does not apply to loan servicers; rather, it only applies to a "<u>creditor</u> who fails to comply with any requirement imposed" under the act. 15 U.S.C. § 1640(a) [emphasis added]. For purposes of TILA, a "creditor" refers only to:

> a person who <u>both</u> (1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which payment of a finance charge is or may be required, <u>and</u> (2) is the person to whom the debt arising from the consumer credit transaction is initially payable <u>on the face of the indebtedness</u> or, if there is no such evidence of indebtedness, by agreement. 15 U.S.C. § 1602(f) [emphasis added].

The FAC does not allege that Aurora regularly extends consumer credit of any kind, nor that Aurora is the party to whom the debt was initially payable. Indeed, the deed of trust identifies the original lender as Drexel. (<u>See</u> RJN, Ex. A.) Plaintiffs attempt to cure this basic defect by stating that Aurora was the beneficiary on the deed of trust. (FAC ¶ 13.) Judicially noticeably facts, however, directly contradict Plaintiffs' false allegation. (<u>See</u> RJN, Ex. A. [identifying MERS as the beneficiary].) Contrary to being a lender (or beneficiary), Aurora was merely the party authorized to receive and apply payments from Metcalf to the lender.[2] Aurora's status as the authorized loan

---

[2] Although TILA does not define the terms "servicing" or "servicer;" RESPA defines a servicer as the party servicing the loan, and servicing means receiving any scheduled periodic payments from a Metcalf pursuant to the terms of any loan and making the payments of principal and interest and such other payments with respect to the amounts received from Metcalf as may be
(continued...)

servicing agent can be confirmed by searching the database maintained by MERS, the beneficiary on the deed of trust and the party acting solely as a nominee for Drexel and Drexel's successor's and assigns. (See RJN, Ex. F.) Judicially noticeable facts confirm Aurora did not extend consumer credit to Plaintiff; rather, as the loan servicer, it simply received and applied any scheduled periodic payments from Metcalf. Accordingly, because Aurora is not a creditor under the terms of the act, TILA does not apply to Aurora. The Court, therefore, should grant the Motion to Dismiss without leave to amend regarding any claims against Aurora based on TILA.

### E. THE CAUSE OF ACTION FOR INJUNCTIVE RELIEF FAILS BECAUSE IT IS MOOT AND THE EVICTION ACTION IS PENDING IN ANOTHER FEDERAL CASE.

Plaintiffs request injunctive relief to enjoin the "trustee's wrongful sale" and eviction from the Property. The first asserted purpose for injunctive relief is moot because the trustee's sale occurred on February 22, 2008, and the latter cannot be sustained because the unlawful detainer action is pending in another federal case.

"The basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Weinberger v. Romero–Barcelo, 456 US 305, 312 (1982). Plaintiffs must demonstrate that they are threatened with a "concrete and particularized" legal harm, coupled with "a sufficient likelihood that they will again be wronged in a similar way." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). Because the trustee's sale already occurred on February 22, 2008, there is no threat of future injury to Plaintiffs. Because the foregoing requirements are not present and injunctive relief is not justified, Plaintiffs' prayer for injunctive relief against the foreclosure sale must be denied as moot.

Plaintiffs also seek to enjoin their eviction from the Property. Plaintiffs raised this issue in their previous ex parte application for a temporary restraining order. On July 3, 2008, Judge Whelan denied Plaintiffs' request to enjoin the eviction, holding that no authority exists for one federal court to issue injunctive relief on a matter currently pending in another federal case. (See RJN, Ex. G.)

---

[2](...continued)
required pursuant to the terms of the loan.
12 U.S.C. § 2605(i)(3).

1  In continuing to assert entitlement to enjoin the eviction in the FAC, Plaintiffs again cite no authority
2  to rebut this basic principle cited by Judge Whelan. Accordingly, the Court should deny Plaintiffs'
3  current request for injunctive relief as well.

     **F.    PLAINTIFFS' FRAUD CAUSE OF ACTION FAILS TO STATE A CLAIM FOR RELIEF BECAUSE IT LACKS SUFFICIENT PARTICULARITY.**

6       Federal Rule of Civil Procedure 9(b) requires particularity in pleading the "circumstances
7  constituting fraud." The particularity requirement in Rule 9(b) applies to state law causes of action,
8  and federal courts examine state law to determine whether the elements of fraud have been pleaded
9  sufficiently to state a cause of action. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097 (2003). To
10  state a cause of action for fraud in California, Plaintiffs must allege ultimate facts to show each
11  element with particularity. Stansfield v. Starkey, 220 Cal.App.3d 59, 72-74 (1990); Lazar v.
12  Superior Court, 12 Cal.4th 631, 645 (1996). The policy of liberal construction of the pleadings will
13  not be invoked to sustain a pleading alleging fraud. G.D. Searle & Co. v. Superior Court, 49
14  Cal.App.3d 22, 29 (1975); Lazar v. Superior Court, 12 Cal.4th at 645.

15       Under California law, the essential elements of a fraud claim are: a false representation,
16  knowledge of its falsity, intent to defraud, justifiable reliance, and damages. Moore v. Brewster, 96
17  F.3d 1240, 1245 (9th Cir.1996). Plaintiffs' fraud claim contains no specific facts whatsoever to
18  show any of these essential elements. Specifically, Plaintiffs fail to identify: 1) against which
19  defendant they allege fraud; 2) the specific false representation; 3) the agreement they had with the
20  "defendant" that forms the basis of their fraud allegation; 4) the material facts subject to the
21  misrepresentation; 5) any specifics to show how they reasonably relied on the misrepresentation; 6)
22  the circumstances by which any fiduciary duty arose toward them; and 7) how they suffered damages
23  as a result of fraud. The FAC is completely devoid of the necessary particular factual allegations!

24       Plaintiffs have already amended their pleadings and had the opportunity to allege facts to
25  support this claim, yet they have not been able to state any ultimate facts to constitute a claim for
26  fraud against Aurora. The Court can reasonably conclude this failure persists because no such facts
27  exist. Accordingly, the Court should grant the Motion to Dismiss without leave to amend. Schreiber
28  Distributing Co v. Serv-Well Furniture Co. Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

### G. THE CLAIM FOR BREACH OF CONTRACT FAILS BECAUSE PLAINTIFFS DO NOT SPECIFY THE CONTRACT OR ITS TERMS.

Plaintiffs' fourth cause of action alleges breach of contract; the sole allegation being that "defendants" had an implied contractual obligation to safeguard and protect Plaintiffs' assets. (FAC ¶ 45.) In the absence of more specific allegations, this claim is utter nonsense. Plaintiffs fail to state on what grounds Aurora owes them a duty to safeguard their assets. Plaintiffs lazily lump Aurora with Drexel and Weiss as "defendants" who owned them a duty to protect their property. To state a claim for breach of contract, Plaintiffs must allege (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach. CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008). Plaintiffs fail to identify the specific contract and the terms that give rise to the alleged duty to protect their property. Plaintiffs have not alleged which contractual provisions were allegedly breached, by which defendant and the conduct allegedly constituting the breach. Aurora cannot adequately respond to this cause of action without resorting to wild speculation. Because Plaintiffs fail to state ultimate facts sufficient to constitute a breach of contract cause of action after opportunity to amend, the Court should grant the Motion to Dismiss without leave to amend.

### H. PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR QUIET TITLE.

In California, in order to state a claim for quiet title, the complaint must be verified and include: (1) a description of the property that is the subject of the action, including both its legal description and its street address or common designation, if any; (2) Plaintiffs' alleged title to the property; (3) the adverse claims to the title of the Plaintiffs against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. (Cal. Civ. Proc. § 761.020.)

Plaintiffs' allege that they hold title to the Property because the trustee's sale held on February 28, 2008, is void. (FAC ¶ 51.) Plaintiffs, however, fail to cite ultimate facts to show how or why the trustee's sale is void. The issue of whether the trustee's sale was valid is also alleged in conclusory terms in other areas of the FAC and as described above, Plaintiffs fail to allege any ultimate facts to support the allegation. Indeed, assuming *arguendo*, the trustee's sale was void,

Gray would not be declared an owner of the Property as he did not hold title to the Property at the time the foreclosure sale was conducted. Gray transferred title to the Property to Metcalf seven years before the Subject Loan was originated. (RJN, Ex. E.) The singular allegation that Gray is a resident of the Property now is entirely insufficient to support a cause of action against Aurora to quiet title in favor of Gray. Moreover, most of the allegations in the quiet title cause of action are phrased in terms of "her" ownership and that "she" will be deprived of the Property. (FAC ¶¶ 49, 52-55.) However, without any ultimate facts to describe why the foreclosure sale was allegedly fraudulent or illegal, both Plaintiffs once again fail to state a claim to quiet title in themselves. Thus, the cause of action to quiet title must be dismissed, and the Court should grant the motion to dismiss without leave to amend.

## I. IF THE COURT DOES NOT DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6), THE COURT SHOULD ORDER THE PLAINTIFF TO MAKE A MORE DEFINITE STATEMENT.

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief shall contain a short and plain statement of the claims showing that the pleader is entitled to relief. Furthermore, "[e]ach averment of a pleading shall be simple, concise, and direct." In the event the Court does not dismiss the FAC in its entirety without leave to amend, Aurora seeks an order that the Plaintiffs must make a more definite statement because the allegations in the FAC are so uncertain that Plaintiffs have failed to satisfy their Rule 8 burden of clear and concise pleading, and Aurora cannot prepare an answer to the allegations contained therein. The FAC alleges violations of numerous state and federal statutes, as well as several common law causes of action; however, the FAC fails to identify: (1) any specific acts by Aurora that sustain such claims against it; and (2) how Aurora comes under the purview of TILA when it is not a creditor. As a result, to the extent the court does not dismiss the complaint pursuant to Rule 12(b), the Plaintiffs should be required to make a more definite statement of the allegations against Aurora.

/./.

/./.

/./.

## V. CONCLUSION

For the foregoing reasons, the Court should grant the Motion to Dismiss without leave to amend.

Dated: August 8, 2008                                PITE DUNCAN, LLP


By: _/s/ Thomas N. Abbott_
THOMAS N. ABBOTT
Attorneys for Defendant
AURORA LOAN SERVICES LLC
E-mail: tabbott@piteduncan.com