Timothy M. Ryan, Bar No. 178059
Kimberly L. Roig, Bar No. 249004
THE RYAN FIRM
A Professional Corporation
1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
Telephone (714) 666-1362; Fax (714) 666-1443

Attorneys for Defendant DGG FINANCIAL CORPORATION dba DREXEL LENDING GROUP (erroneously sued as Drexel Lending Group, a California corporation)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA R. METCALF, DENNIS R. GRAY,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>DREXEL LENDING GROUP, a California corporation; OLD REPUBLIC TITLE COMPANY, a California corporation; AURORA LOAN SERVICES, LLC; a California limited liability company; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and ROBERT E. WEISS INCORPORATED, a California corporation,<br><br>　　　　Defendants. | CASE NO.:　3:08-cv-00731-W-POR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DGG FINANCIAL CORPORATION DBA DREXEL LENDING GROUP'S MOTION TO DISMISS OR ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**<br><br>[F.R.Civ.P., rule 12(b)(6) and rule 12(e)]<br><br>Date:　　　　September 15, 2008<br>Time:　　　　10:30 a.m.<br>Courtroom:　7<br>Judge:　　　Hon. Thomas J. Whelan<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)** |

///
///
///
///
///

3:08-cv-00731-W-POR

Memorandum of Points and Authorities in Support of Motion to Dismiss

## 1. STATEMENT OF FACTS

While Plaintiffs' First Amended Complaint ("FAC") does not discuss the facts of this case, Plaintiff Maria Metcalf's ("Metcalf") original Complaint provides that in or about February 2007, Metcalf was the borrower of loan number 070122001 and Defendant DGG Financial Corporation dba Drexel Lending Group ("Drexel") was the lender. (Complaint, p. 3:11–13.) Metcalf executed a Note secured by a Deed of Trust on the real property located at 954 Surrey Drive in Chula Vista, California ("subject property"). (Request for Judicial Notice ("RFJN"), Ex. 1.) As part of the loan transaction, Drexel provided Metcalf with all of the appropriate documents, notices and disclosures and, on February 13, 2007, Drexel recorded the Subject Deed. (RFJN, Ex. 1.) Drexel then sold the loan to Aurora Loan Services, LLC ("Aurora") on or about February 27, 2007. (RFJN, Ex. 2.) Subsequently, a Notice of Default was recorded, a Notice of Trustee's Sale was recorded, a foreclosure sale took place, and a Trustee's Deed Upon Sale was recorded on February 28, 2008. (RFJN, Exs. 3–5.)

## 2. SUMMARY OF ARGUMENT

Plaintiffs' FAC asserts six causes of action against "Defendants," but it does not contain a single specific allegation of wrongdoing by Drexel. The FAC simply alleges that "Defendants" violated state and federal statutes and therefore Plaintiffs are entitled to relief without setting forth the manner in which the Defendants purportedly violated the statutes. The FAC fails to allege ultimate facts to support a claim for relief against Drexel. Due to the fact that this is Plaintiffs' second opportunity to plead their case and they are unable to set forth any facts entitling them to relief, Drexel respectfully requests that this Court dismiss this action as against Drexel.

## 3. STANDARDS FOR MOTION TO DISMISS

A motion to dismiss for failure to state a claim upon which relief can be granted is specifically authorized under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. A motion to dismiss tests the legal sufficiency of the claims asserted and whether or not the plaintiff is entitled to a remedy should the alleged facts prove to be true. "The issue is

Memorandum of Points and Authorities in Support of Motion to Dismiss

not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." (*DeLa Cruz v. Tormey*, (9th Cir. 1978) 582 F.2d 45, 48.)  A dismissal under Rule 12(b)(6) is proper where plaintiff "can prove no set of facts which would entitle him to relief." (*Conley v. Gibson*, (1957) 355 U.S. 41, 45-46.)

In ruling on a motion to dismiss, the court must: (1) construe the complaint in the light most favorable to plaintiff, (2) accept all well pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. (*Cahill v. Liberty Mutual Insurance Co.*, (9th Cir. 1996) 80 F.3d 336, 337–338.)  A court is not required to accept legal conclusions cast in the form of factual allegations, unwarranted deductions of fact or unreasonable inferences. (*Spreewell v. Golden State Warriors*, (9th Cir. 2001) 26 F.3d 979, 988.)

In considering a motion, the court is normally limited to considering the pleadings, but the court may also consider attached exhibits and those matters of which the court may take judicial notice: "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." (*United States v. Ritchie*, (9th Cir. 2003) 342 F.3d 903, 908.)  The matters of which a court may take judicial notice under Rule 201 of the *Federal Rules of Evidence* include matters of public record including documents recorded with a County Recorder such as deeds of trusts and notices of default. (*In the Matter of Manges*, (5th Cir. 1994) 29 F.3d 1034, 1042.)  To the extent that the documents exhibited or referenced in the complaint conflict with the complaint, the court may also disregard allegations in a complaint. (*During v. First Boston Corp.*, (9th Cir. 1987) 815 F.2d 1265, 1267.)

In this case, even after construing the FAC in the light most favorable to Plaintiffs and assuming that the sparse alleged facts are true, Plaintiffs cannot establish a claim for which relief may be granted.

///

### 4. PLAINTIFF DENNIS GRAY LACKS STANDING AND HIS CLAIMS MUST BE DISMISSED

Plaintiff Gray inserted himself into this action as a plaintiff upon the filing of the FAC based on the grounds that he resides at the subject property. (FAC, p. 3:26-28.) However, this case pertains to a mortgage loan transaction in which Plaintiff Metcalf was the sole borrower and the claims herein arise out of said loan transaction. (RFNJ, Ex. 1.)

Plaintiff Gray is permitted to assert claims for which he suffered injury to his own legal rights and interests—not that of another. (*Elk Grove Unified School Dist. v. Newdow*, (2004) 542 U.S. 1, 14.) The "real party in interest" is the person who has the *right to sue under the substantive law*. In general, it is the person holding *title* to the claim or property involved, as opposed to others who may be interested in or benefit by the litigation. (*United Healthcare Corp. v. American Trade Ins. Co., Ltd.*, (8th Cir. 1996) 88 F.3d 563, 568–569.) Thus, a plaintiff "must allege facts sufficient to reveal that he suffered an injury, that the injury was caused by the defendant's illegal conduct, and that his injury could be redressed by a favorable outcome to the lawsuit." (*Seckler v. Star Enterprise*, (11th Cir. 1997) 124 F.3d 1399, 1406.) Whether Plaintiff Gray is a real party in interest under *Federal Rules of Civil Procedure*, rule 17(a) is determined by California law. (*In re Davis*, (5th Cir. 1999) 194 F.3d 570, 578.) According to California law, the person seeking relief must be a party to the contract (*Gantman v. United Pac. Ins. Co.*, (1991) 284 Cal.Rptr. 188, 191) or a property owner, or if neither of these, must allege an assignment of the chosen action (*Greco v. Oregon Mut. Fire Ins. Co.*, (1961) 12 Cal.Rptr. 802, 809.) Plaintiff Gray has alleged none of these and, therefore, is not a real party in interest.

### 5. PLAINTIFFS' FIRST "CAUSE OF ACTION" FOR INJUNCTIVE RELIEF IS A REMEDY, NOT A CAUSE OF ACTION, AND MUST BE DISMISSED

Plaintiffs alleged a cause of action for injunctive relief. However injunctive relief is a remedy and not a cause of action and, in the absence of any other viable cause of action, injunctive relief is not available:

"A preliminary injunction is an interim remedy designed to maintain the

status quo pending a decision on the merits. (*Gray v. Bybee* (1943) 60 Cal.App.2d 564, 571, 141 P.2d 32.) It is not, in itself, a cause of action. Thus, a cause of action must exist before injunctive relief may be granted. (*Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 168, 125 P.2d 930.) Accordingly, where the complaint fails to state a cause of action an order granting a preliminary injunction must be reversed. (*Watson v. Santa Carmenita etc. Co.* (1943) 58 Cal.App.2d 709, 719, 137 P.2d 757.)"

(*Major v. Miraverde Homeowners Assn.*, (1992) 7 Cal.App.4th 618, 623.)

Not only has the foreclosure sale already taken place, but as discussed below, each of the other causes of action in the FAC fails to state facts sufficient to constitute a cause of action and therefore injunctive relief is not available. Plaintiffs' first cause of action fails to state facts sufficient to constitute a cause of action and must be dismissed.

### 6.  PLAINTIFFS' SECOND CAUSE OF ACTION FOR STATUTORY DAMAGES MUST BE DISMISSED

Plaintiffs' second cause of action for "statutory damages" simply sets forth conclusory allegations, attempts to assert claims under the Truth In Lending Act ("TILA") in an attempt to rescind the subject loan, makes a claim under the Real Estate Settlement Procedures Act ("RESPA") that is only applicable to loan servicers, improperly labels Drexel as a debt collector, and baldly alleges violations of state laws.

#### A.  Plaintiffs Fail To Set Forth Factual Allegations Constituting Statutory Violations By Drexel

Plaintiffs' claims simply states "Defendant appears to have explicitly broken 4 Federal laws" and "Defendants appear to have broken California state laws." (FAC, p. 7:20 to p. 8:26.) While Plaintiffs identify which particular statutes "Defendants" allegedly violated, Plaintiffs do not state *how* Defendants violated the statutes or *who* violated *which* statute.

In particular, Plaintiffs assert that Drexel is a debt collector as used in the United States Code and the California *Civil Code*. However, Drexel has had no interest in the

subject loan since February 27, 2007, and has not attempted to collect any debt owing from the subject loan transaction. (RFJN, Ex. 2.) Plaintiffs also assert violations of *Business and Professions Code* section 17200, the California Consumer Protection Act, and California *Civil Code* section 2943, but fail to assert the manner in which Drexel purportedly violated those statutes. Rather, Plaintiffs set forth conclusory allegations which subject their claims to dismissal.

### B. Plaintiffs Fail To State A Claim Under TILA

Pursuant to 15 U.S.C. section 1640, actions for a TILA violation are subject to a one year statute of limitations. The one year statute for violations based on nondisclosure begins to run on the date of the closing of the loan. (*Tucker v. Beneficial Mortgage Company*, (E.D. Va. 2006) 437 F.Supp.2d 584, 589.)

Here, the subject loan transaction was consummated in February 2007; in fact, the Deed of Trust was recorded on February 13, 2007. (RFJN, Ex. 1.) Therefore, Plaintiff Metcalf's right to raise a claim under TILA or RESPA must have occurred at least prior to February 13, 2008. However, Plaintiff Metcalf did not file her original complaint until April 22, 2008, which is beyond the one year limitations period. (Complaint, p. 1.) Similarly, Plaintiff Metcalf's claim for rescission expired due to the sale of the subject property, so rescission is not an option for her. (15 U.S.C. § 1635(f).) Accordingly, Plaintiff Metcalf's claims under TILA are time barred and must be dismissed.

### C. Plaintiffs Fail To State A Claim Under RESPA

Plaintiffs assert a claim under 12 U.S.C. section 2605. However, that Section is entitled "servicing of mortgage loans and administration of escrow accounts" and is only applicable to loan servicers—not lenders.

### D. Plaintiffs Fail To Set Forth Any Facts Suggesting Violations Of State Laws

Plaintiffs allege that "Defendants appear to have broken California state laws: 1) Business and Professions Code 17200 for unfair and deceptive business practices; 2) Unjust enrichment; 3) breach of fiduciary duty; 4) conversion; 5) negligence and 6)

THE RYAN FIRM
A Professional Corporation

Memorandum of Points and Authorities in Support of Motion to Dismiss

violations of the California Consumer Protection Act; 7) violations of California Civil Code 2943 for not supplying Payoff Demand Statements, if requested by mail [both bank and trustee]." (FAC, p. 8:21–26.) Items 1, 6, and 7 were addressed above in subsection 6(A), and the remaining items will be addressed below.

### 1. Unjust Enrichment Is Not A Cause Of Action

Plaintiffs' unjust enrichment claim against Drexel lacks merit because no such cause of action is recognized under California law. (*Melchior v. New Line Productions, Inc.* (2003) 106 Cal.App.4th 779, 793.) The phrase "unjust enrichment" does not describe a theory of recovery. (*Lauridedale Associates, Ltd. V. Wilson* (1992) 7 Cal.App.4th 1439, 1448.) Most recently, the California Court of Appeal explicitly stated that "there is no cause of action for unjust enrichment." (*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1490.) Since unjust enrichment is not an independent cause of action for which Plaintiffs' can recover, the cause of action lacks merit.

### 2. A Lender Does Not Owe Any Duties To A Borrower That Exceeds The Scope Of The Lender-Borrower Relationship

Plaintiffs' claims for breach of fiduciary duty and negligence lack merit because a lender does not owe a borrower any duties that exceed the scope of the lender-borrower relationship. "[A] financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." (*Nymark v. Heard Federal Savings & Loan Association*, (1991) 231 Cal.App.3d 1089, 1096.) In this case, Drexel did nothing more than enter into the subject loan transaction with Plaintiff Metcalf then sold the loan within two weeks. (RFJN, Ex.2.)

### 3. Plaintiffs Fail To State A Claim For Conversion

Under California law, the essential elements a plaintiff must allege and prove for a defendant to be liable for conversion are: (1) plaintiff's ownership or right to possession of the property; (2) defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. (*Burlesci v. Petersen* (1998) 68 Cal.App.4th 1062, 1065.)

These elements specifically refer to personal property as "realty cannot be the subject of conversion." (*Reynolds v. Lerman* (1956) 138 Cal.App.2d 586, 591.) Here, Plaintiffs have not set forth any allegations in their FAC claiming that Drexel dispossessed them of their personal property.

### 7. PLAINTIFF'S THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM FOR FRAUD AND MUST BE DISMISSED

To properly state a cause of action for fraud, Plaintiffs must allege all the necessary elements with particularity. Rule 9(b) of the *Federal Rules of Civil Procedure* states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Rule 9(b) requirement is satisfied if the pleading "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (*Moore v. Kayport Package Express, Inc.* (9th Cir. 1989) 885 F2d 531, 540.) Additionally, plaintiff's allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud … so that they can defend against the charge and not just deny that they have done anything wrong." (*Semegen v. Weidner* (9th Cir. 1985) 780 F.2d 727, 731.)

In this case, Plaintiffs have not met their heightened pleading standard for fraud. Plaintiffs' fraud cause of action contains the fatal error of not specifically alleging who made what false representations. Plaintiffs make absolutely no allegations in the FAC regarding the names of the people who made allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, or when it was said or written. Plaintiffs do not even allege that Drexel made false representations. The FAC does not, and cannot, allege that Drexel had the intent to defraud Plaintiffs since no false representations are identified. Additionally, Plaintiffs do not, and cannot, successfully allege that they justifiably relied on any representations made by Drexel since false representations have yet to be identified. Finally, the FAC does not, nor can it, allege that Plaintiffs have been damaged as a result of false representations made by Drexel because false representations have yet to be identified. Plaintiffs' FAC fails to state a claim for

fraud, and the cause of action should be dismissed as against Drexel under Rule 12(b)(6).

8. **PLAINTIFF'S FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT DOES NOT ALLEGE THE EXISTENCE OF A CONTRACT AND THIS CAUSE OF ACTION MUST BE DISMISSED**

To successfully allege and prove a cause of action for breach of contract, a plaintiff must allege all the required elements. The elements for a cause of action of breach of contract are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff therefrom. (*Acoustics, Inc. v. Trepte Construction Co.* (1971) 14 Cal.App.3d 887, 913.) A written contract may be pleaded either by (1) setting it out verbatim ("*in haec verba*") or attaching it as an exhibit (*Harris v. Rudin, Richman & Appel,* (1999) 74 Cal.App.4th 299, 307) or (2) by averring its legal intendment and effect. (*Scolinos v. Kolts,* (1995) 37 Cal.App.4th 635, 640).

In this case, Plaintiffs fail to either attach the alleged breached contract to the FAC or allege the existence of a contractual relationship between themselves and Drexel. Therefore, Plaintiffs cannot allege a corresponding claim for breach of a contract. Since Plaintiffs have neither attached a copy of the alleged agreement which they claim to have been breached by all "Defendants," nor have they alleged its material terms *in haec verba*, their breach of contract claim cannot lie.

9. **PLAINTIFFS' FIFTH CAUSE OF ACTION FOR QUIET TITLE MUST BE DISMISSED BECAUSE DREXEL HAS NO INTEREST IN THE PROPERTY**

Under California law, a plaintiff in a quiet title action must allege, by verified complaint, the following: "(a) a description of the property that is the subject of the action … (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title … (c) The adverse claims to the title of the plaintiff against which a determination is sought … (d) The date as of which the determination is sought … (e) A prayer for the determination of the title of the plaintiff against the adverse

Memorandum of Points and Authorities in Support of Motion to Dismiss

claims." (*Code of Civil Procedure* § 761.020.)

Property interests are determined by state law (*Oscar v. University Students Co-Operative Association*, (9th Cir. 1991) 939 F.2d 808, 811) and, under California law, an assignment divests the assignor of all interest in the note and deed of trust. (*Santens v. Los Angeles Finance Co.*, (1949) 91 Cal.App. 197, 200–201). While Plaintiffs allege that Drexel was the purported lender, Plaintiffs neglect to advise the Court that Drexel assigned all of its beneficial interest in the Subject Deed to Aurora Loan Services, LLC as evidenced by the recorded Assignment of Deed of Trust. (RFJN, Ex.2.) Therefore, based on the matters of which the Court may take judicial notice and upon the California authority regarding the effect of assignments, Drexel has no interest in the subject property and there is no place for Drexel in a quiet title claim.

## 10. PLAINTIFF IS NOT ENTITLED TO DECLARATORY RELIEF

An action for declaratory relief necessarily requires the plaintiff to demonstrate the existence of an actual controversy regarding the legal rights of the parties. An action for declaratory relief does not lie when it is invoked for the purpose of addressing past wrongs. (*Baldwin v. Marina City Properties, Inc.*, (1978) 79 Cal.App.3d 393, 407.) Hence, where there is an accrued cause of action for an actual breach of contract or other wrongful act, declaratory relief may be denied. (*Id.*)

In this instance the threatened foreclosure has already happened and there is no other present controversy that requires a determination of the rights and obligations of the parties except as to the redress of alleged past wrongs. Plaintiffs' declaratory relief claim fails to state facts sufficient to constitute a cause of action because Plaintiffs have no legal, equitable, possessory, or any other interest in the subject property. Moreover, Drexel has no legal, equitable, possessory, or any other interest in the subject property. If Plaintiffs are upset because of past wrongs which they claim were committed upon them by any defendant, such conduct would have no bearing upon Plaintiffs' standing as a foreclosed-out former owner of the subject property. Because neither Plaintiffs nor Drexel have an interest in the subject property, declaratory relief is inappropriate in the present case.

Plaintiffs fail to allege facts of a continuing wrong, but rather raise the cause of action for declaratory relief as a mere catch-all for all of the past wrongs alleged against all defendants. This is not a proper basis for asserting a cause of action for declaratory relief, and Plaintiffs' claim must be dismissed.

**11. IF THE COURT DOES NOT DISMISS PLAINTIFFS' CASE AGAINST DREXEL, THE COURT SHOULD ORDER PLAINTIFF METCALF TO MAKE A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)**

Federal Rule of Civil Procedure, rule 8(a) requires a pleading that sets forth a claim for relief to contain a short and plain statement of the claims showing that the pleader is entitled to relief. Furthermore, "[e]ach averment of a pleading shall be simple, concise, and direct."

Here, Plaintiffs' claims are so poorly written that Drexel cannot prepare an answer to the allegations contained therein. The FAC is devoid of any specific facts identifying any wrongdoing by Drexel. Accordingly, if the Court declines to dismiss Plaintiffs' FAC against Drexel, the Court should order Plaintiff Metcalf to make a more definite statement.

**12. CONCLUSION**

For all of the foregoing reasons, Plaintiffs cannot set forth any set of circumstances which would allow them the relief requested. If the Court is not inclined to grant Drexel's motion to dismiss, Drexel respectfully requests this Court order Plaintiffs to file a more definite statement.

DATED:   August 11, 2008

THE RYAN FIRM
A Professional Corporation

By:_____
TIMOTHY M. RYAN
KIMBERLY L. ROIG
Attorneys for Defendant DGG
FINANCIAL CORPORATION dba
DREXEL LENDING GROUP

r:\9187 drexel lending group\9187-0005 maria r. metcalf v. dgg financial\law & motion\motion to dismiss re fac\memorandum of points and authorities.doc