Timothy M. Ryan, Bar No. 178059
Kimberly L. Roig, Bar No. 249004
THE RYAN FIRM
A Professional Corporation
1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
Telephone (714) 666-1362; Fax (714) 666-1443

Attorneys for Defendant DGG FINANCIAL CORPORATION dba DREXEL LENDING GROUP (erroneously sued as Drexel Lending Group, a California corporation)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA R. METCALF, DENNIS R. GRAY, <br><br> Plaintiffs, <br><br> vs. <br><br> DREXEL LENDING GROUP, a California corporation; OLD REPUBLIC TITLE COMPANY, a California corporation; AURORA LOAN SERVICES, LLC; a California limited liability company; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and ROBERT E. WEISS INCORPORATED, a California corporation, <br><br> Defendants. | CASE NO.:  3:08-cv-00731-W-POR <br><br> **DEFENDANT DGG FINANCIAL CORPORATION DBA DREXEL LENDING GROUP'S REPLY TO OPPOSITION TO MOTION TO DISMISS OR ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT** <br><br> [F.R.Civ.P., rule 12(b)(6) and rule 12(e)] <br><br> Date:     September 15, 2008 <br> Time:     10:30 a.m. <br> Courtroom:  7 <br> Judge:    Hon. Thomas J. Whelan <br><br> **NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)** |

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.     INTRODUCTION**

Plaintiff Maria Metcalf ("Metcalf") is the borrower, and Defendant DGG Financial Corporation dba Drexel Lending Group ("Drexel") the lender, of the subject loan herein. Within two weeks of funding the loan, Drexel sold the subject loan to an investor;

nonetheless, Plaintiffs seek relief from Drexel premised upon allegations of a fraudulent foreclosure sale. Additionally, Plaintiff Dennis Gray ("Gray") has had no interest in the subject property since prior to Metcalf obtaining her loan from Drexel (Opposition, p.1:27-2:1),[1] yet Gray impermissibly seeks relief in this action as Metcalf's domestic partner and resident at the subject property.[2] Plaintiffs' collective Opposition to "each of the defendants' motions to dismiss" does not address the issues in Drexel's motion; rather, the Opposition merely challenges the foreclosure sale of the subject property. The remainder of Plaintiffs' Opposition contains allegations having no bearing upon Drexel including discussions regarding the original note for the loan, holders in due course, accounting and documentation of ownership. As set forth more fully in Drexel's motion to dismiss, Drexel has had no involvement with the subject loan since February 2007 when it sold the subject loan to an investor. Therefore, the conduct complained of in the First Amended Complaint does not pertain to Drexel, and Drexel's motion to dismiss must be granted.

## 2. PLAINTIFFS' UNTIMELY SUBMISSION AND SERVICE OF THEIR "OPPOSITION" IS DEEMED AS CONSENT TO THE GRANTING OF DREXEL'S MOTION TO DISMISS

Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Local Rule 7.1(e)(2) provides in pertinent part: "Except as otherwise specified in Civil Local Rule 7.1(e)(1), each party opposing a motion, application or order to show cause shall file that opposition or statement of non-opposition with the clerk and serve the movant or the movant's attorney not later than 14 *calendar* days prior to the noticed hearing."

---

[1] Factual concessions by plaintiff in papers opposing a motion to dismiss may also be considered in ruling on the motion. (*Arturet-Vélez v. R.J. Reynolds Tobacco Co.*, (1st Cir. 2005) 429 F.3d 10, 13, fn. 2.)

[2] Some courts, including the Ninth Circuit, hold a motion to dismiss for failure to state a claim under Rule 12(b)(6) lies where the complaint reveals on its face that plaintiff lacks standing. (*Sacks v. Office of Foreign Assets Control*, (9th Cir. 2006) 466 F.3d 764, 771.)

1	Here, with a September 15th hearing date, Plaintiffs Opposition was required to be
2	filed and served on September 1st. Plaintiffs claim to have served their opposition on
3	August 1, 2008, despite the fact that Drexel's motion to dismiss was not filed and served
4	until August 11, 2008. (Opposition, p. 6:3-13.) Drexel did not receive the Opposition
5	until September 5, 2008, which is consistent with the Court's receipt date of September 3,
6	2008. Further, the Court stamping "received" on Plaintiffs' motion rather than "filed" is
7	consistent with the local rules. Local Rule 7.1(e)(7) provides: "[t]he clerk's office is
8	directed not to file untimely motions and responses thereto without the consent of the
9	judicial officer assigned to the case." Local Rule 7.1(e)(4) provides: "[m]otions, notices
10	of motion, opposition and supporting documentation shall not be accepted for filing
11	unless accompanied by proof of service demonstrating either hand-delivery or
12	compliance with this section's mailing provisions."
13	Plaintiffs' untimely Opposition was accompanied by a faulty and objectionable
14	request for judicial notice filed on September 3rd. *Federal Rules of Evidence*, rule 201(a)
15	states: "[t]his rule governs only judicial notice of adjudicative facts;" however, the
16	documents Plaintiffs seek to have judicially noticed are articles printed from the internet.
17	Plaintiffs' untimely Opposition, which fails to discuss Drexel at all, is deemed as
18	consent to the granting of Drexel's motion, and judgment should be entered accordingly.

19	**3.	PLAINTIFFS ADMIT THE MERITS OF DREXEL'S MOTION TO**
20	**DISMISS BY FAILING TO OPPOSE ANY OF DREXEL'S ARGUMENTS**
21	In their untimely Opposition, Plaintiffs fail to oppose the merits of Drexel's
22	motion to dismiss thereby tacitly admitting that Drexel's motion is meritorious. As such,
23	Drexel's motion must be granted.

24	**4.	DREXEL'S MOTION IS WELL FOUNDED, UNOPPOSED, AND MUST**
25	**BE GRANTED**
26	As discussed in detail in Drexel's motion to dismiss, Plaintiffs First Amended
27	Complaint does not contain a single specific allegation of wrongdoing by Drexel.
28	Plaintiffs simply allege that "Defendants" violated state and federal statutes in an attempt

THE RYAN FIRM
A Professional Corporation

to set aside the foreclosure sale of the subject property.[3] Since Drexel has had no interest in the subject property since February 2007, Drexel had no involvement with the foreclosure process.

As more thoroughly set forth in Drexel's motion, Plaintiffs' First Amended Complaint fails to allege facts sufficient to support a claim for relief against Drexel. Specifically, Plaintiffs' first cause of action for injunctive relief fails because injunctive relief is a remedy and not a cause of action, and since none of Plaintiffs' causes of action are viable, injunctive relief is not available to them. Plaintiffs' second claim for statutory damages fails because the statute of limitations has run on Plaintiffs' Truth In Lending Act claim;[4] Plaintiffs' claim under the Real Estate and Settlement Procedures Act is applicable to loan servicers and not lenders, such as Drexel; Plaintiffs' claim for unjust enrichment fails because it is not a recognized cause of action under California law; Plaintiffs' claims for breach of fiduciary duty and negligence lack merit because Drexel does not owe Metcalf any duties that exceed the scope of the lender-borrower relationship; and Plaintiffs' claim for conversion fails because realty cannot be the subject of conversion and Plaintiffs have not alleged dispossession of their personal property. Plaintiffs' third claim for fraud fails because Plaintiffs fail to allege fraud with the required specificity. Plaintiffs' fourth claim for breach of contract must be

---

[3] The court need not accept as true conclusionary allegations or legal characterizations. Nor need it accept *unreasonable* inferences or unwarranted deductions of fact. (*In re Delorean Motor Co.*, (6th Cir. 1993) 991 F.2d 1236, 1240.) Nor need a court assume that plaintiff can prove facts different from those it has alleged. (*Associated Gen. Contractors of Calif., Inc. v. California State Council of Carpenters, Inc.*, (1983) 459 U.S. 519, 526.) As one court has put it, courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." (*Aulson v. Blanchard*, (1st Cir. 1996) 83 F.3d 1, 3.)

[4] Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies. The complaint fails to state a claim because the action is time-barred. (*Jablon v. Dean Witter & Co.*, (9th Cir. 1980) 614 F.2d 677, 682.)

dismissed because it does not even set forth the purported contract.[5] Plaintiffs' fifth claim for quiet title has no merit because Drexel has no interest in the subject property. Finally, Plaintiffs' claim for declaratory relief lacks merit because there is no present controversy and Plaintiffs are suing for past alleged wrongs.

## 5. CONCLUSION

Plaintiffs fail to set forth any facts entitling them to relief from Drexel. Plaintiffs' Opposition to Drexel's motion to dismiss does not even contest any of Drexel's arguments; instead, Plaintiffs once again challenge the foreclosure sale of the subject property—property that Drexel has had no interest in since two weeks after funding the subject loan in February 2007.

Since Drexel's motion is well founded, unopposed, and Plaintiffs cannot set forth any facts entitling them to relief from Drexel, Drexel respectfully requests that this Court grant its motion to dismiss.

DATED: September 8, 2008

THE RYAN FIRM
A Professional Corporation

By:_____
TIMOTHY M. RYAN
KIMBERLY L. ROIG
Attorneys for Defendant DGG
FINANCIAL CORPORATION dba
DREXEL LENDING GROUP

r:\9187 drexel lending group\9187-0005 maria r. metcalf v. dgg financial\law & motion\motion to dismiss re fac\reply.doc

---

[5] Plaintiff is not required to attach to the complaint the documents on which it is based, but if plaintiff fails to do so, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint *to show that they do not support* plaintiff's claim. (*Branch v. Tunnell*, (9th Cir. 1994) 14 F.3d 449, 454 (overruled on other grounds in *Galbraith v. County of Santa Clara*, (9th Cir. 2002) 307 F.3d 1119, 1127.) The court need not accept as true allegations that contradict facts which may be judicially noticed by the court. (*Mullis v. United States Bank. Ct.*, (9th Cir. 1987) 828 F.2d 1385, 1388.)

5                                                     3:08-cv-00731-W-POR

Reply to Opposition to Motion to Dismiss

## PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 1100 North Tustin Avenue, Suite 200, Anaheim, California 92807.

On September 8, 2008, I served the within document(s) described as: **DEFENDANT DGG FINANCIAL CORPORATION DBA DREXEL LENDING GROUP'S REPLY TO OPPOSITION TO MOTION TO DISMISS OR ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT** on the interested parties in this action:

☒ by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) ☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone/Fax/E-mail | Role |
|---|---|---|
| Maria R. Metcalf<br>954 Surrey Drive<br>Chula Vista, CA 91902 | | Plaintiff pro se |
| Thomas N. Abbott, Esq.<br>Pite Duncan, LLP<br>P.O. Box 12289<br>El Cajon, CA 92022-2289 | Tel.:  (213)458-2586<br>tabbott@piteduncan.com | Counsel for Defendants AURORA LOAN SERVICES, LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. |
| Cris A. Klingerman, Esq.<br>Robert E. Weiss, Inc.<br>920 S. Village Oaks Drive<br>Covina, CA 91724 | Tel.:  (626) 967-4302<br>Fax:  (626) 967-9216<br>cklingerman@rewlaw.com | Counsel for Defendant ROBERT E. WEISS, INC. |
| Edward A. Treder, Esq.<br>L/O Robert E Weiss Inc.<br>920 S. Village Oaks Drive<br>Covina, CA 91722-3605 | Tel.:  (626) 967-4302<br>Fax:  (626) 339-7103<br>etreder@rewlaw.com | Co-counsel for Defendant ROBERT E. WEISS, INC. |

☒ **BY MAIL** (C.C.P. § 1013(a))–I deposited such envelope(s) for processing in the mailroom in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Anaheim, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in

Proof of Service

affidavit.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 8, 2008, at Anaheim, California.

_____
TYLER J. KEMP

THE RYAN FIRM
A Professional Corporation

Proof of Service