PETER J. SALMON (SBN 174386)
MICHELLE A. MIERZWA (SBN 196175)
THOMAS N. ABBOTT (SBN 245568)
PITE DUNCAN, LLP
4375 JUTLAND DRIVE, SUITE 200
SAN DIEGO, CA 92117
TELEPHONE: (619) 590-1300
FACSIMILE: (619) 590-1385
E-Mail: tabbott@piteduncan.com

Attorneys for Defendants
AURORA LOAN SERVICES LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA R. METCALF, DENNIS R. GRAY,<br><br>Plaintiffs,<br><br>v.<br><br>DREXEL LENDING GROUP, a California corporation, OLD REPUBLIC TITLE COMPANY, a California corporation, AURORA LOAN SERVICES LLC, a California limited liability company MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, and ROBERT E. WEISS INC., a California Corporation,<br><br>Defendants. | Case No. 3:08-cv-00731-W-POR<br><br>REPLY BY DEFENDANTS AURORA LOAN SERVICES LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS<br><br>[F.R.Civ.P., Rule 12(b)(6) and Rule 12(e)]<br><br>Date:       September 15, 2008<br>Time:      10:30 a.m.<br>Courtroom:   7<br><br>**NO ORAL ARGUMENT WILL BE HEARD [CivLR 7.1(d)1]** |

Defendants AURORA LOAN SERVICES LLC ("Aurora") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") (collectively, "Defendants") respectfully submit the following reply to Plaintiffs MARIA R. METCALF ("Metcalf") and DENNIS R. GRAY ("Gray") opposition to Defendants' Motions to Dismiss.

## I. INTRODUCTION

This action concerns a loan for $900,000.00 obtained by Metcalf from defendant Drexel Lending Group ("Drexel") secured by a deed of trust executed by Metcalf on or about February 1, 2007 ("Subject Loan"). Metcalf defaulted on the loan, the deed of trust was foreclosed, and the property encumbered thereby sold on February 22, 2008, to Aurora.

## II. ARGUMENT

Plaintiffs' opposition utterly fails to address any of the substantive issues raised in Defendants' Motions to Dismiss. Metcalf fails to explain how her claims are not barred by the applicable statute of limitations; Gray fails to explain the basis for his purported standing as a plaintiff in this matter. The Court should grant Defendants' Motions to Dismiss because: (1) Plaintiffs consent to the granting of the Motions to Dismiss pursuant to Local Rule 7.1(f)(3)(c); (2) Plaintiffs' claims are barred by the statute of limitations; (3) Plaintiffs fail to allege actionable conduct by Aurora; and (4) Grey fails to establish that he has standing to proceed with the instant action.

### A. PLAINTIFFS CONSENT TO THE GRANTING OF DEFENDANTS' MOTIONS TO DISMISS

United States District Court, Southern District of California Local Rule 7.1(e)(2) requires an opposing party to file and serve opposition papers, or a written statement that the party does not oppose the motion "not later than 14 *calendar* days prior to the noticed hearing". S.D. Cal. Civ. R. 7.1(e)(2) [emphasis in original]. Defendants' Motions to Dismiss are set to be heard on September 15, 2008, and therefore, Plaintiff's opposition was due to be filed and served no later than September 1, 2008. Plaintiffs' filed their opposition on September 3, 2008, and served the opposition on Aurora and MERS on September 4, 2008. Thus, Plaintiffs did not file and serve their opposition within the time frame required by Local Rule 7.1(e)(2).

When an opposing party fails to file and serve their opposition papers within the time frame required by Local Rule 7.1(e)(2), their failure may constitute consent to the Court granting the moving party's motion. S.D. Cal. Civ. R. 7.1(f)(3)(c). The Court should deem Plaintiffs' failure to file and serve their opposition in a timely manner as Plaintiffs' consent to the Court granting Defendants' Motions to Dismiss.

In addition to the foregoing procedural defect, Plaintiffs' opposition is substantively ineffective because it is unresponsive to the issues raised in Defendants' Motions to dismiss and is based on a faulty Request for Judicial Notice. Plaintiffs opposition contains no analysis or argument whatsoever; rather, it consists entirely of a Request for Judicial Notice pursuant to Federal Rules of

Evidence, Rule 201. Rule 201, however, only permits judicial notice of adjudicative facts. Fed. R. Evid. 201(a). The instant Request for Judicial Notice concerns certain articles published by the New York Times. Plaintiffs' Request for Judicial Notice is faulty because it does not pertain to the kind of facts subject to Rule 201, e.g., facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). The New York Times articles are inherently subject to reasonable dispute, and therefore, the Court should deny Plaintiffs' Request for Judicial Notice.

Plaintiffs' opposition is untimely and unresponsive. The former constitutes a reasonable basis for deeming the untimely filing and serving of their opposition as Plaintiffs' consent to granting Defendants' Motions to Dismiss. The latter constitutes a valid basis for concluding that Plaintiffs cannot refute that their claims are barred by the applicable statute of limitations and that Gray lacks standing to proceed in this matter. Accordingly, the Court should grant Defendants' Motions to Dismiss without leave to amend.

**B.     PLAINTIFFS' FEDERAL CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

Plaintiffs failure to explain how their federal claims are not barred by the statute of limitations amounts to a concession that their claims are indeed time barred. Because the facts and dates alleged in their complaint indicate their federal claims are barred by the statute of limitations and they do not refute this assertion, a motion to dismiss for failure to state a claim must be granted as a matter of law. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Moreover, because a claim barred by the statute of limitation cannot be cured by amendment, leave to amend should not be afforded because amendment would be futile. Schreiber Distributing Co v. Serv-Well Furniture Co. Inc., 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, any claims based on purported violations of the Truth in Lending Act ("TILA") or Real Estate Settlement Procedures Act ("RESPA") must be dismissed, without leave to amend.

**C.     PLAINTIFFS FAIL TO SHOW ACTIONABLE CONDUCT BY AURORA**

Plaintiffs' opposition also fails to address two essential points raised in Aurora's Motion to Dismiss: (1) the amended complaint contains no allegations of actionable conduct by Aurora; and (2) TILA does not apply to Aurora because Aurora is not a creditor.

Plaintiffs' amended complaint contained no allegations of ultimate fact regarding acts or omissions by Aurora. In their opposition, Plaintiffs' continue this trend of useless and ineffective pleading. However, the Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged. Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Moreover, references in the New York Times to court cases in foreign jurisdictions are not sufficient allegations of ultimate fact to constitute a cause of action upon which relief may be granted. Without addressing the amended complaint's complete void of ultimate facts as to Aurora, the Court cannot even give Plaintiffs the benefit of the doubt. Plaintiffs' opposition simply fails to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Accordingly, the Court should grant Defendants' Motions to Dismiss without leave to amend.

### D. GREY FAILS TO SHOW THAT HE HAS STANDING TO PROCEED WITH THIS ACTION

Gray's sole connection with this matter appears to be his personal relationship with Metcalf and his residency on the property; at no time relevant to this action did Gray hold title to the property, or was he a party to the Subject Loan. Gray's intrusion into this matter is inexplicable and unwarranted. Plaintiffs' opposition does nothing to prove Grey's standing.

Gray has the burden to prove standing by showing: an injury in fact, causation, and redressability. Lujan v. Defenders of Wildlife, 504 US 555, 560–561 (1992). The opposition fails to show how the amended complaint relates to Gray's own legal rights and interests, rather than the legal rights or interests of Metcalf, as the borrower under the Subject Loan. Elk Grove Unified School Dist. v. Newdow, 542 US 1, 14 (2004). These requirements are an indispensable part of Gray's case, and therefore, each element must be supported in the same way as any other matter on which Gray bears the burden of proof. Lujan v. Defenders of Wildlife, 504 US at 561. Because Gray fails to address this issue in the opposition, it is reasonable for the Court to conclude that Gray cannot show the essential elements of standing set forth in Lujan. Accordingly, the Court should grant Defendants' Motions to Dismiss as to Gray because he lacks standing in this matter.

/./.

### III. CONCLUSION

Plaintiffs do not contest the substance of Defendants' Motions to Dismiss. To the contrary, it appears that Plaintiffs are merely trying to buy extra time to avoid the consequences of Metcalf's loan default. For the reasons stated above, the Court should grant Defendants Motions to Dismiss without leave to amend.

Dated: September 8, 2008        PITE DUNCAN, LLP


By: _/s/ Thomas N. Abbott_
THOMAS N. ABBOTT
Attorneys for Defendants
AURORA LOAN SERVICES LLC and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
E-mail: tabbott@piteduncan.com