Maria R. Metcalf
Dennis R. Gray
Plaintiffs in proper
954 Surrey Drive
Chula Vista, CA  91902

FILED
2008 SEP -9  AM 9: 23
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

NUNC PRO TUNC
SEP 3 2008

Maria R. Metcalf, plaintiff
Dennis R. Gray, plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA R. METCALF, <br> DENNIS R. GRAY <br>    Plaintiff, <br> v. <br><br> DREXEL LENDING GROUP, a <br> California corporation, OLD <br> REPUBLIC TITLE COMPANY, a <br> California corporation, AURORA <br> LOAN SERVICES LLC, a <br> California limited liability company; <br> MORTGAGE ELECTRONIC <br> REGISTRATION SYSTEMS, INC., <br> a Delaware corporation, and <br> ROBERT E. WEISS <br> INCORPORATED, a California <br> Corporation, | CASE NO. 3-08-CV-00731–W-POR <br><br> OPPOSITION TO DEFENDANTS' <br> MOTION TO DISMISS FIRST <br> AMENDED COMPLAINT OR <br> ALTERNATIVE MOTION FOR <br> A MORE DEFENITE STATEMENT. <br><br> DATE: SEPT 15, 2008 <br> TIME: 10:30 AM. <br> COURTROOM: 7 <br> JUDGE: HON. THOMAS J. WHELAN. <br> NO HEARING DATE SET |

Plaintiffs Maria R. Metcalf and Dennis Gray, filed the first amended complaint on issues presented in Metcalf's complaint on July 22, 2008.  Plaintiffs have lived as domestic partners in the subject property at 954 Surrey Drive, Chula Vista, CA 91902  since 1991.  When the property was refinanced the property was transferred go Maria's name as stated in the transfer

1

OPPOSITION TO MOTION TO DISMISS

deed for purposes of refinancing only. This transfer did not sever or limit Dennis Gray's 50% ownership rights to protect his property interests and contractual agreement with Metcalf. In fact it is Gray's monies that were tendered in this matter. Accordingly, Gray is a necessary plaintiff in this action..

This opposition is addressed to each of the defendants' motions to dismiss simultaneously set for hearing. Plaintiffs recognize the position of Aurora as a servicer avoids liability as an agent of lenders, however they understood that Aurora was the party doing the foreclosure. To the extent that AURORA is merely an agent with no liability for its actions, plaintiffs are willing to amend their complaint with more specificity to omit AURORA from the action without prejudice to recall them as a defendant in the event that their activities are construed to be outside of such agency.

Defendants wrongfully attempt to escape their liability under the pretext tht Gray has no interest in the subject property and no standing to sue. In fact, it is Gray who made the payments on the property and built the home with his own labor.

This foreclosure sale is illegal. Plaintiffs' case involves the nondisclosure and illegal acts of the defendant lenders. Plaintiffs believes that they are attempting to put Plaintiffs in a precarious position by selling the property out from under them thus adding more confusion to complicate this matter. Defendant did an illegal foreclosure sale without an order or review by any court to determine ownership and any right to seek a foreclosure. The court must adjudicate issues of nondisclosure, TILA's three year extended statute of limitations, foreclosure which was executed without true ownership proof provided with production of the original wet ink signature note and no change by securitization of the note. The chain of ownership for purposes of executing a foreclosure did not exist. The foreclosure was illegal; the creditor had no standing to foreclose and did not show proof of ownership required by law. Simultaneously filed is

Plaintiffs' Request for Judicial Notice of the primary basis of non disclosure and required proof of ownership necessary to proceed with a foreclosure.

     This sale is illegal. The court must grant an equitable stay of execution until the adjudication of the facts of ownership by proof with production of the original wet ink signature note and reversal of the illegal acts complained of by plaintiffs.

Ownership status required at the time of the foreclosure did not exist as there was no holder in due course. Plaintiffs believe the note was securitized and that act severed the chain of ownership. Before proceeding with a foreclosure Defendants must produce the original wet signature promissory note to the court. The court must determine if there is a right of disclosure. Further a proper accounting must be made as the nature of the transaction is contrary to GAAP (Generally Accepted Accounting Principles) to determine the correct loan charges.

     In determining whether a wrongful disclosure is unfair or deceptive acts or unlawful practices and violate Federal and state statutes and codes, the court is required to take into account representations made or suggested as well as the extent to which the defendant fails to reveal facts material in light of such representations or material with respect to consequences which may result from the conditions as are customary or usual. Where such an act(s) violates Federal and state statutes and codes, the court of law and the court of statutory procedures <u>has no enforcement</u>

If Defendants are not the holder in due course ("HIDC"), the court is being told that they have a right to foreclosure when they do not. The only one with foreclosure rights is the HIDC. To be the HIDC you must have the original wet ink signature note. All others are Holder for Value ("HFV") and have very limited rights.

The court must not determine or confirm a foreclosure sale if:

    (1) title is misrepresented and/or there is no commercial sale;

    (2) the original, unaltered note is not produced;

     (3) there is a holder in due course, not simply a holder for value; and/or

     (4) there is illegal securitization; and

     (5) the contract terms were unconscionable and/or statutory violations are determined by wrongful foreclosure sale which was conducted fraudulently, or justice otherwise was not done.

Plaintiffs have identified the known date of the incident and the activities prior to the incident. Specific facts are anticipated to be disclosed in discovery. Because the defendants directly or indirectly caused or had employees and/or agents who were present during the incident, the court may reasonably find that they participated in the incident. See, Rutherford v. Berkeley, 780 F.2d 1444, 14448 (9th Cir. 1986).

Defendant has no proven right or legal authority to foreclose on plaintiff's real property. A copy of the note does not suffice. Defendant's intentional misrepresentation of their fraud on the consumer and their false representations to the court constitutes a fraud on the court.

1. FORECLOSURE REQUIRES THE ORIGINAL NOTE.

Defendant's long standing practice of non judicial foreclosure does not equate with legal compliance. Plaintiff provides the court a concrete indication of the manner in which the defendant enforces its deception mandate. In doing so plaintiffs raise concerns that about the meaning of deception where defendant alleges it owns the promissory note and the original contract. This court is compelled to stop defendants at the gate.

2. NO EVIDENCE OF HOLDER IN DUE COURSE IN POSSESSION OF NOTE:

There is no competent evidence before the court that (1) any party is the holder of the alleged note or the true holder in due course and (2) an audit accounting to prove

that a certain balance is due and owing on any alleged note. Of course, no tender can be submitted without an audited correct accounting.

Unequivocally Federal and state courts rule is that in order to prove the "instrument" possession is mandatory.

3. <u>NO EVIDENCE OF AUDIT ACCOUNTING PROVING CLAIM OF DAMAGES</u>. In addition another necessary element of proof is: a claim of damages, i.e. an accounting that is signed and dated by the person who is responsible for the account incorporating the general ledger and accounting. Discrepancies and overcharges and excess fees demand an audit.

4. <u>NO EVIDENCE OF DOCUMENTATION OF OWNERSHIP.</u> Thus, more compliance documentation of ownership is required from lenders trying to foreclose. Here the lender has only supplied documents showing <u>an intent to convey the rights in the mortgages</u> rather than <u>proof of ownership</u> as of the foreclosure date. Defendant arguments of legal standing fall short. The court is compelled to stop their weak legal arguments.

Here Lender defendants, as a matter of law, are obligated to properly account and pay out statutory violations and damages to plaintiff. Accordingly, the complaint and its causes of action are properly pled and/or the court must grant plaintiffs leave to amend their pleading. The court must deny the motions to dismiss the complaint.

Dated: September 3, 2008

Respectfully submitted,

_____
Plaintiff: Dennis R. Gray

_____
Plaintiff: Maria Metcalf

## CERTIFICATE OF SERVICE

I, Margilina Goudie hereby certify this 1st day of August 2008 I caused a true and correct copy of the foregoing Opposition to the Motion to Dismiss. or Alternatively, Motion for a More Definitive Statement to be mailed to the interested parties as follows:

Defendant DREXEL LENDING GROUP at 8200 Haven Avenue, Suite 2109, Rancho Cucamonga, CA 91730, upon Defendant OLD REPUBLIC TITLE COMPANY at 9645 Granite Ridge Drive, Suite 300 San Diego CA 92123, upon Defendant MERS at PO Box 2026, Flint MI 48501, upon Defendant ROBERT E. WEISS INCORPORTED at 920 South Village Oaks Drive, Covina, CA 91724 and upon Defendant AURORA LOAN SERVICES LLC by serving JAMES T. LEE, ESQ attorney for Defendant AURORA at Law Offices of Robert E. Weiss Incorported at 920 South Village Oaks Drive, Covina, CA 91724.

By _Margilina Goudie_

Maria R. Metcalf
Dennis R. Gray
Plaintiffs in proper
954 Surrey Drive
Chula Vista, CA 91902


Maria R. Metcalf, plaintiff
Dennis R. Gray, plaintiff


# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA R. METCALF,<br>DENNIS R. GRAY<br>　　Plaintiff,<br>v.<br><br>DREXEL LENDING GROUP, a<br>California corporation, OLD<br>REPUBLIC TITLE COMPANY, a<br>California corporation, AURORA<br>LOAN SERVICES LLC, a<br>California limited liability company;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>a Delaware corporation, and<br>ROBERT E. WEISS<br>INCORPORATED, a California<br>Corporation, | CASE NO. 3-08-CV-00731-W-POR<br><br>OPPOSITION TO DEFENDANTS'<br>MOTION TO DISMISS FIRST<br>AMENDED COMPLAINT OR<br>ALTERNATIVE MOTION FOR<br>A MORE DEFENITE STATEMENT.<br><br>DATE: SEPT 15, 2008<br>TIME: 10:30 AM<br>COURTROOM: 7.<br>JUDGE: THOMAS J. WHELAN<br>NO HEARING DATE SET |

　　Plaintiffs Maria R. Metcalf and Dennis Gray, filed the first amended complaint on issues presented in Metcalf's complaint on July 22, 2008. Plaintiffs have lived as domestic partners in the subject property at 954 Surrey Drive, Chula Vista, CA 91902 since 1991. When the property was refinanced the property was transferred go Maria's name as stated in the transfer

1

OPPOSITION TO MOTION TO DISMISS

deed for purposes of refinancing only. This transfer did not sever or limit Dennis Gray's 50% ownership rights to protect his property interests and contractual agreement with Metcalf. In fact it is Gray's monies that were tendered in this matter. Accordingly, Gray is a necessary plaintiff in this action..

This opposition is addressed to each of the defendants' motions to dismiss simultaneously set for hearing. Plaintiffs recognize the position of Aurora as a servicer avoids liability as an agent of lenders, however they understood that Aurora was the party doing the foreclosure. To the extent that AURORA is merely an agent with no liability for its actions, plaintiffs are willing to amend their complaint with more specificity to omit AURORA from the action without prejudice to recall them as a defendant in the event that their activities are construed to be outside of such agency.

Defendants wrongfully attempt to escape their liability under the pretext tht Gray has no interest in the subject property and no standing to sue. In fact, it is Gray who made the payments on the property and built the home with his own labor.

This foreclosure sale is illegal. Plaintiffs' case involves the nondisclosure and illegal acts of the defendant lenders. Plaintiffs believes that they are attempting to put Plaintiffs in a precarious position by selling the property out from under them thus adding more confusion to complicate this matter. Defendant did an illegal foreclosure sale without an order or review by any court to determine ownership and any right to seek a foreclosure. The court must adjudicate issues of nondisclosure, TILA's three year extended statute of limitations, foreclosure which was executed without true ownership proof provided with production of the original wet ink signature note and no change by securitization of the note. The chain of ownership for purposes of executing a foreclosure did not exist. The foreclosure was illegal; the creditor had no standing to foreclose and did not show proof of ownership required by law. Simultaneously filed is

Plaintiffs' Request for Judicial Notice of the primary basis of non disclosure and required proof of ownership necessary to proceed with a foreclosure.

This sale is illegal. The court must grant an equitable stay of execution until the adjudication of the facts of ownership by proof with production of the original wet ink signature note and reversal of the illegal acts complained of by plaintiffs.

Ownership status required at the time of the foreclosure did not exist as there was no holder in due course. Plaintiffs believe the note was securitized and that act severed the chain of ownership. Before proceeding with a foreclosure Defendants must produce the original wet signature promissory note to the court. The court must determine if there is a right of disclosure. Further a proper accounting must be made as the nature of the transaction is contrary to GAAP (Generally Accepted Accounting Principles) to determine the correct loan charges.

In determining whether a wrongful disclosure is unfair or deceptive acts or unlawful practices and violate Federal and state statutes and codes, the court is required to take into account representations made or suggested as well as the extent to which the defendant fails to reveal facts material in light of such representations or material with respect to consequences which may result from the conditions as are customary or usual. Where such an act(s) violates Federal and state statutes and codes, the court of law and the court of statutory procedures <u>has no enforcement</u>

If Defendants are not the holder in due course ("HIDC"), the court is being told that they have a right to foreclosure when they do not. The only one with foreclosure rights is the HIDC. To be the HIDC you must have the original wet ink signature note. All others are Holder for Value ("HFV") and have very limited rights.

The court must not determine or confirm a foreclosure sale if:

(1) title is misrepresented and/or there is no commercial sale;

(2) the original, unaltered note is not produced;

3

OPPOSITION TO MOTION TO DISMISS

(3) there is a holder in due course, not simply a holder for value; and/or

(4) there is illegal securitization; and

(5) the contract terms were unconscionable and/or statutory violations are determined by wrongful foreclosure sale which was conducted fraudulently, or justice otherwise was not done.

Plaintiffs have identified the known date of the incident and the activities prior to the incident. Specific facts are anticipated to be disclosed in discovery. Because the defendants directly or indirectly caused or had employees and/or agents who were present during the incident, the court may reasonably find that they participated in the incident. See, Rutherford v. Berkeley, 780 F.2d 1444, 14448 (9th Cir. 1986).

Defendant has no proven right or legal authority to foreclose on plaintiff's real property. A copy of the note does not suffice. Defendant's intentional misrepresentation of their fraud on the consumer and their false representations to the court constitutes a fraud on the court.

1. FORECLOSURE REQUIRES THE ORIGINAL NOTE.

Defendant's long standing practice of non judicial foreclosure does not equate with legal compliance. Plaintiff provides the court a concrete indication of the manner in which the defendant enforces its deception mandate. In doing so plaintiffs raise concerns that about the meaning of deception where defendant alleges it owns the promissory note and the original contract. This court is compelled to stop defendants at the gate.

2. NO EVIDENCE OF HOLDER IN DUE COURSE IN POSSESSION OF NOTE:

There is no competent evidence before the court that (1) any party is the holder of the alleged note or the true holder in due course and (2) an audit accounting to prove

that a certain balance is due and owing on any alleged note. Of course, no tender can be submitted without an audited correct accounting.

Unequivocally Federal and state courts rule is that in order to prove the "instrument" possession is mandatory.

3. <u>NO EVIDENCE OF AUDIT ACCOUNTING PROVING CLAIM OF DAMAGES</u>. In addition another necessary element of proof is: a claim of damages, i.e. an accounting that is signed and dated by the person who is responsible for the account incorporating the general ledger and accounting. Discrepancies and overcharges and excess fees demand an audit.

4. <u>NO EVIDENCE OF DOCUMENTATION OF OWNERSHIP.</u> Thus, more compliance documentation of ownership is required from lenders trying to foreclose. Here the lender has only supplied documents showing <u>an intent to convey the rights in the mortgages</u> rather than <u>proof of ownership</u> as of the foreclosure date. Defendant arguments of legal standing fall short. The court is compelled to stop their weak legal arguments.

Here Lender defendants, as a matter of law, are obligated to properly account and pay out statutory violations and damages to plaintiff. Accordingly, the complaint and its causes of action are properly pled and/or the court must grant plaintiffs leave to amend their pleading. The court must deny the motions to dismiss the complaint.

Dated: September 3, 2008                     Respectfully submitted,

_____                  _____
Plaintiff: Dennis R. Gray                    Plaintiff: Maria Metcalf

**CERTIFICATE OF SERVICE**

I, Margilina Goudie hereby certify this 1st day of August 2008 I caused a true and correct copy of the foregoing Opposition to the Motion to Dismiss. or Alternatively, Motion for a More Definitive Statement to be mailed to the interested parties as follows:
Defendant DREXEL LENDING GROUP at 8200 Haven Avenue, Suite 2109, Rancho Cucamonga, CA 91730, upon Defendant OLD REPUBLIC TITLE COMPANY at 9645 Granite Ridge Drive, Suite 300 San Diego CA 92123, upon Defendant MERS at PO Box 2026, Flint MI 48501, upon Defendant ROBERT E. WEISS INCORPORATED at 920 South Village Oaks Drive, Covina, CA 91724 and upon Defendant AURORA LOAN SERVICES LLC by serving JAMES T. LEE, ESQ attorney for Defendant AURORA at Law Offices of Robert E. Weiss Incorported at 920 South Village Oaks Drive, Covina, CA 91724.

By _Margilina Goudie_