1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                           SOUTHERN DISTRICT OF CALIFORNIA

10

11   MARIA R. METCALF, et al.,                CASE NO. 08-CV-00731 W POR

12                               Plaintiffs,   **ORDER GRANTING**
                                               **DEFENDANTS' MOTIONS TO**
13         vs.                                 **DISMISS (DOC NOS. 42, 43)**

14   DREXEL LENDING GROUP, et al.,

15                               Defendants.

16         Pending before the Court are Defendants Aurora Loan Services, LLC ("Aurora"),

17   and DGG Financial Corporation dba Drexel Lending Group's ("Drexel") motions to

18   dismiss Plaintiffs' First Amended Complaint ("FAC") or, in the alternative, for a more

19   definite statement.  The Court decides the matter on the papers submitted and without

20   oral argument.  See S.D. Cal. Civ. R. 7.1(d.1).  For the reasons stated herein, the Court

21   **GRANTS** Defendants' motions to dismiss.

22

23   **I.   BACKGROUND**

24         On or about February 2, 2007, Plaintiff Maria R. Metcalf entered into a $900,000

25   loan agreement secured by a deed of trust in favor of Drexel relating to real property

26   located in Bonita, California (the "Property").  (*FAC*, ¶¶ 10, 13[1]; *Aurora Mot.*, p.1.)

27

28         [1]The FAC alleges that the property is located in Bonita, but Plaintiffs' opposition alleges
     that the property is located in Chula Vista.  (*Opp'n*, p.1.)

1  Plaintiff Dennis R. Gray is not a party to the note, but resides in the Property.  (*Opp'n.*,
2  pp.1–2.)

3      On or about February 26, 2007, Defendant Robert E. Weiss, Inc., caused a Notice
4  of Default to be recorded, and on December 28, 2007, Weiss caused a Notice of
5  Trustee's Sale for the Property to be recorded.  (*Id.*, Exs. B, C.)  On February 22, 2008,
6  Aurora purchased the Property at a foreclosure sale, and a Trustee's Deed Upon Sale
7  was recorded in the Official Records of San Diego County.  (*Id.*, Ex. D.)

8      On April 22, 2008, Metcalf filed this lawsuit.  On July 28, 2008, Metlcalf filed the
9  FAC, adding Gray as a plaintiff.  Plaintiffs accuse Defendants of violating various federal
10  statutes and California state laws.  Plaintiffs seek compensatory damages and rescission
11  of the mortgage and note.

12      On August 8, and August 11, 2008, Defendants Drexel and Aurora filed motions
13  to dismiss or, in the alternative, for a more definite statement.  For the reasons stated
14  below, the Court will grant Defendants' motions to dismiss.

15

16  **II.    LEGAL STANDARD**

17      A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  <u>See
18  North Star Int'l. v. Arizona Corp. Comm'n.</u>, 720 F.2d 578, 581 (9th Cir. 1983).  The
19  Court must dismiss a cause of action that fails to state a claim upon which relief can be
20  granted. Fed. R. Civ. P. 12(b)(6).  A complaint may be dismissed as a matter of law for
21  two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a
22  cognizable theory.  <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th
23  Cir. 1984).

24      As the Supreme Court recently explained, "[w]hile a complaint attacked by a
25  Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's
26  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels
27  and conclusions, and a formulaic recitation of the elements of a cause of action will not
28  do." <u>Bell Atlantic Corp. v. Twombly</u>, – – – U.S. – – –, – – –, 127 S.Ct. 1955, 1964

1  (2007).  Rather, the allegations in the complaint "must be enough to raise a right to

2  relief above the speculative level."  Id. at 1964–65.

3       Additionally, all material allegations in the complaint, "even if doubtful in fact,"

4  are assumed to be true.  Id.  The court must assume the truth of all factual allegations

5  and must "construe them in the light most favorable to the nonmoving party."

6  Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002).  The complaint and all

7  reasonable inferences therefrom are construed in the plaintiff's favor.  Walleri v. Fed.

8  Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).  Nevertheless,

9  conclusory legal allegations and unwarranted inferences are insufficient to defeat a

10 motion to dismiss.  Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001).

11

12 **III.   DISCUSSION**

13     **A.    Plaintiff Gray Lacks Standing.**

14     Defendants contend that Gray lacks standing because Plaintiffs' claims arise out

15 of the loan, to which Gray was not a party.  Defendants also contend that Gray was not

16 a party to the deed of trust, and did not hold title to the Property during the relevant

17 time because he transferred title to Metcalf by quitclaim deed in January 1999, 8 years

18 before the loan transaction.

19     In every federal case, the party bringing suit must establish standing.  Elk Grove

20 Unified School District v. Newdow, 542 U.S. 1, 11 (2004).  The constitution requires

21 the plaintiff to show that the defendant's conduct caused him to suffer an injury in fact

22 that may be redressed by a favorable judgment.  Id.  Also, the prudential rule of standing

23 bars a litigant from asserting the rights of others.  In re Crevier, 820 F.2d 1553, 1555

24 (9th Cir. 1987).

25     As applied here, in order to satisfy the standing requirement, Gray must establish

26 that his injury may be addressed by a favorable judgment.  However, Plaintiffs' claims

27 arise out of the loan transaction.  Because Gray was not a party to the loan, any ruling

28 regarding the validity or enforcement of the loan would not directly effect him.  Viewed

1  another way, Defendants' conduct could not have caused Gray any harm because
2  Defendants' obligations in connection with the loan were owed to Metcalf.

3      Furthermore, Gray is not a "consumer" as defined by TILA. Generally, the statute
4  defines a "consumer" as "a cardholder or a natural person to whom consumer credit is
5  offered or extended." See 12 C.F.R. § 226.2(a)(11).  Because Gray was not a party to
6  the loan, he is not a person to whom consumer credit was offered or extended. (See
7  Aurora RJN, Ex. A.)

8      Plaintiffs nevertheless contend that Gray has a 50% ownership right by virtue of
9  his previous payments and investments in the Property.  But despite his contributions
10 to the Property, Gray concedes that "the property was transferred [to] Maria [Metcalf]'s
11 name as stated in the transfer deed. . . ." (Opp'n., pp.1–2.)  Although Gray argues that
12 the transfer did not sever or limit his ownership rights in the Property, Plaintiffs' fail to
13 cite any authority that would support his claims against these defendants.  For these
14 reasons, the Court finds that Gray lacks standing.

15

16      **B.    Injunctive Relief Cause of Action.**

17      Metcalf's first cause of action requests that the Court enjoin the foreclosure sale
18 and her eviction.  Defendants argue that this "cause of action" is a remedy and not a
19 claim.  Additionally, Defendants contend that since the foreclosure has already taken
20 place, the claim is moot.  Finally, Defendants argue that the request to enjoin Metcalf's
21 eviction is improper because the matter is pending in another federal case.  The Court
22 agrees.

23      A cause of action is moot when the plaintiffs are no longer in a position to be
24 harmed by the complained-of behavior.  See RK Ventures, Inc. v. City of Seattle, 307
25 F.3d 1045, 1056 (9th Cir. 2002) (holding that appellants could not obtain relief when
26 they were no longer operating the club which had been subject to the complained-of
27 nuisance abatement ordinance).  In a lawsuit for injunctive relief, defendants must
28 establish that (1) their alleged behavior cannot be reasonably expected to recur or

(2) interim events have eradicated the effects of the alleged violation.  <u>Demery v. Arpaio</u>, 378 F.3d 1020, 1026 (9th Cir. 2004) (citing <u>Norman-Bloodsaw v. Lawrence Berkeley Laboratory</u>, 135 F.3d 1260, 1274 (9th Cir. 1998)).  Here, the foreclosure sale occurred on February 22, 2008.  Because the Court cannot enjoin the sale, Metcal's request is moot.

With respect to Metcalf's eviction, it is the subject of an unlawful-detainer action that Metcalf removed from state court, and which is currently pending before District Judge William Q. Hayes.  And as this Court previously stated in its July 3, 2008 order, this Court does not have the authority to enjoin another pending federal case. (*See Doc. No. 31*, pp.2–3.)  Accordingly, Metcalf's request that this Court enjoin her eviction is improper.

For the reasons stated above, the cause of action for injunctive relief is dismissed. Metcalf may amend the FAC to include injunctive relief as a remedy for specific causes of action. However, Metcalf's request for injunctive relief relating to the foreclosure sale and eviction are stricken from the complaint.

### C.   <u>Statutory Damages Cause of Action.</u>

Metcalf's second cause of action requests statutory damages for Defendants' alleged violation of three federal laws and seven state laws.  Specifically, Metcalf alleges claims based on: (1) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (2) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; (3) 12 U.S.C. § 1831n  ("Accounting objectives, standards, and requirements"); (4) California Business and Professions Code § 17200; (5) unjust enrichment; (6) breach of fiduciary duty; (7) conversion; (8) negligence; (9) California Consumer Protection Act; and (10) California Civil Code § 2943.  The Court will address the federal and state claims separately.

08cv0731

1        **1.      Federal claims.**

2        Metcalf alleges claims under three federal statutes: RESPA, TILA, and 12 U.S.C.

3    § 1831n.  For the following reasons, each of these claims must be dismissed.

4        Metcalf's RESPA claim is barred by the applicable one-year statute of limitations.

5    See 12 U.S.C. § 2641.  The RESPA statute of limitations generally begins to run no later

6    than the date of actual disclosure of actions constituting an alleged violation.  Meyer v.

7    Ameriquest Mtg. Co., 342 F.3d 899, 902 (9th Cir. 2003).  Typically, in cases involving

8    loan documents, the statute begins to run when the documents are signed unless

9    evidence is presented to override this assumption.  Id.  Because Metcalf signed the loan

10   documents on February 2, 2007, but did not file this lawsuit until April 2008, the

11   RESPA claim is time barred.  (FAC, ¶49; Aurora Mot., p.5.)

12       Similarly, Metcalf's TILA claim is also time barred.  15 U.S.C. § 1640 provides

13   that all actions for TILA violations are subject to a one-year statute of limitations, which

14   begins to run on the loan's closing date.  Because the loan closed no later than February

15   2007, the TILA claim is time barred.

16       Finally, with respect to Defendants alleged violation of 12 U.S.C. § 1831n(2)(A),

17   the FAC alleges simply that the statute requires banks to follow "Uniform accounting

18   principles consistent with GAA."  (FAC, ¶ 28(2).) There are no factual allegations

19   identifying how Defendants allegedly violated the statute.  Metcalf, therefore, has not

20   satisfied the pleading requirements for this claim.

21       For the foregoing reasons, Metcalf's TILA and RESPA claims are dismissed

22   without leave to amend.  The 12 U.S.C. § 1831n claim is dismissed with leave to amend.

23

24

25       **2.      State claims.**

26       Metcalf's proffered support in the FAC for the seven state law claims consists

27   entirely of the following allegation:

28

1
2
3
4

> 30. Defendants appear to have broken California state laws: 1) Business and Professions Code 17200 for unfair and deceptive business practices; 2) Unjust enrichment; 3) breach of fiduciary duty; 4) conversion; 5) negligence and 6) violations fo the California Consumer Protection Act; 7) violations of California civil Code 2943 for not supplying Payoff Demand Statements, if requested by mail [both bank and trustee].

5   (*FAC*, ¶30.)   This allegation is insufficient to state a cognizable claim.  Accordingly,

6   Metcalf's state-law claims supporting the request for statutory damages are dismissed

7   with leave to amend.

8

9       **D.    Fraud Cause of Action.**

10      Under California law, a fraud cause of action has the following elements: "a

11  representation, usually of fact, which is false, knowledge of its falsity, intent to defraud,

12  justifiable reliance upon the misrepresentation, and damage resulting from that

13  justifiable reliance." Stansfield v. Starkey, 220 Cal. App. 3d 59, 72-73 (1990). The facts

14  tending to prove these elements must be alleged with sufficient specificity.  Id. at 73.

15  The particularity requirement necessitates pleading facts which show "how, when,

16  where, to whom, and by what means representations were tendered." Id. (quoting Hill

17  Trans. Co.. v. Southwest, 266 Cal. App. 2d 702, 707 (1968).  The normal liberal

18  standards do not apply to fraud claims, which must be pled with particularity in order

19  to allow the defendant to prepare his defense.  Id.

20      Here, the FAC alleges simply that Metcalf recently discoverd that "no one

21  disclosed certain facts that they were necessarily required to disclose and went further

22  to conceal such facts. . . ." (*FAC*, ¶34.)  Absent from the FAC is any particularity with

23  respect to what material facts were concealed, and which Defendant concealed the

24  material facts.   Additionally, to the extent Metcalf is contending that affirmative

25  misrepresentations were made, she must identify the misrepresentations, which

26  Defendant(s) made the statements, when they were made, and to whom they were

27  made.  Because the FAC lacks the requisite level of specificity, the fraud cause of action

28  is dismissed with leave to amend.

**E.**     <u>Breach of Contract Cause of Action.</u>

A breach of contract cause of action is comprised of the following elements: (1) existence of a contract; (2) plaintiffs' performance or excuse for nonperformance; (3) defendants' breach; and (4) damages to plaintiffs as a result of the breach. <u>Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.</u>, 116 Cal. App. 4th 1375, 1391 (2004). Plaintiffs may show the existence of a written contract by setting it out verbatim, attaching it as an exhibit, or swearing to its legal intendment and effect. <u>Scolinos v. Kolts</u>, 37 Cal. App. 4th 635, 640 (1995). An oral contract may be pleaded generally to its effect because it is not typically possible to allege exact words. <u>Id.</u>

Metcalf's breach of contract claim is based entirely on the following allegations:

> 44. PLAINTIFF realleges and incorporates by reference the allegations contained in paragraphs 1-42.
> 45. Plaintiffs alleges [sic] that at all times there existed between Plaintiffs and defendants either a direct or implied contractual covenant of good faith and fair dealing requiring defendants to safeguard protect or otherwise care for the assets and/or rights of Plaintiffs. Said covenant prohibited the [sic].

(FAC, ¶44.[2]) Even assuming that Metcalf's factual allegations are true, they fall far short of alleging the required elements for a breach of contract claim. For example, Metcalf fails to allege her performance (or excuse for non-performance), and she fails to identify what contract term Defendants allegedly breached. Accordingly, the breach of contract claim is dismissed with leave to amend.

**F.**     <u>Quiet Title Cause of Action.</u>

Metcalf alleges that Defendants have wrongfully interfered or threatened to interfere with her use and enjoyment of the Property. Defendant Aurora argues that Metcalf fails to state a cause of action for quiet title. Defendant Drexel argues that the

---

[2]Paragraph 45 in the FAC is cutoff.

1  claim should be dismissed because Drexel has no interest in the Property, having

2  assigned its interest to Aurora.  Metcalf does not address the issue in her opposition.

3         In order to state a claim for quiet title, the complaint must include (1) the subject

4  property's description, including both its legal description and its street address or

5  common designation; (2) plaintiff's alleged title to the property; (3) the adverse claims

6  against which a determination is sought; (4) the date as of which the determination is

7  sought; and (5) a prayer for the determination of the title against the adverse claims.

8  See Cal. Civ. Proc. § 761.020.

9         It is clear from Defendants' motions and Plaintiffs' opposition that Drexel

10 sold the Property at the foreclosure sale.  Because Drexel is not claiming any further

11 interest in the Property, Drexel does not have an "adverse claim" against which a

12 determination is sought.  Therefore, Metcalf has failed to state a claim against Drexel

13 for quiet title.

14        Similarly, Metcalf has also failed to satisfy the pleading requirements for a quiet

15 title action against Aurora.  The FAC does not identify the Property's legal description

16 or the date as of which the determination is sought.  Moreover, there are several

17 defendants in this action, and Metcalf fails to allege which defendants are asserting an

18 adverse claim to the Property.   Accordingly, Metcalf's claim for quiet title is dismissed

19 with leave to amend.

20

21        **G.    <u>Declaratory Relief Cause of Action.</u>**

22        Metcalf requests a declaration that Defendants violated state securities law and

23 that she is the Property's rightful owner.

24        An action for declaratory relief requires the plaintiff to demonstrate the existence

25 of an actual controversy regarding the legal rights of the parties.  <u>McClain v. Octagon</u>

26 <u>Plaza, LLC</u>, 159 Cal. App. 4th 784, 800 (2008).  Where there is an accrued cause of

27 action for a past breach of contract or other wrong, declaratory relief is inappropriate.

28 <u>See</u> <u>Canova v. Turstees of Imperial Irregation District Employee Pension Plan</u>, 150 Cal.

08cv0731

App. 4th 1487, 1497 (2007) ("Declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs").  The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred.  County of San Diego v. California, 164 Cal. App. 4th 580, 607-08 (2008).  If a party has a "fully matured cause of action for money," the party must seek damages rather than declaratory relief.  Canova, 150 Cal. App. 4th at 1497.

Based on the FAC's allegations, declaratory relief does not appear appropriate at this time.  Because the foreclosure sale has taken place, the claimed invasion of right has already occurred.  Accordingly, the proper avenue for Metcalf is to seek redress through a claim for money damages.  See Canova, 150 Cal. App. 4th at 1497; see also Clarke v. Witkin & Eisenger, 2002 WL 1057458, *3 (Cal. Ct. App. 2002) (holding that Plaintiff's action for declaratory relief "is now moot because the foreclosure sale, which Clarke sought to avoid, has already occurred.").  Therefore, the declaratory relief claim is dismissed with leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Aurora's motion to dismiss (Doc. No. 42), and Defendant Drexel's motion to dismiss (Doc. No. 43).  Plaintiff Maria Metcalf's second amended complaint, if any, must be filed on or before **November 24, 2008**.

**IT IS SO ORDERED.**

DATED:  October 29, 2008

_____
Hon. Thomas J. Whelan
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

08cv0731