1

2

3

4

5

6

7

FILED

2009 JAN 27  PM 3: 13

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

8

9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

| | |
|---|---|
| MARIA R. METCALF, et al., | CASE NO. 08-CV-00731 W POR |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (DOC. NOS. 68, 73)** |
| vs. | |
| DREXEL LENDING GROUP, a California Corporation, et al., | |
| Defendants. | |

18   Pending before the Court are Defendants Aurora Loan Services, LLC's ("Aurora")

19 and DGG Financial Corporation dba Drexel Lending Group's ("Drexel") motions to

20 dismiss.  Plaintiffs have not filed an opposition.

21   Pursuant to Civil Local Rule 7.1(d.1), the Court decides the matter on the papers

22 submitted and without oral argument.  For the reasons stated herein, the Court **GRANTS**

23 Defendants' Motions to Dismiss.  (Doc. Nos. 68, 73.)

24

25 ## I.   BACKGROUND

26   On April 22, 2008, Plaintiff Maria Metcalf filed this lawsuit for alleged violations

27 of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Real Estate

28 Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, as well as various

1  California state laws.. (Doc. No. 1.)  In response, Defendants filed motions to dismiss the

2  complaint. (*See* Doc. Nos. 13, 14, 16, 22.)  Plaintiff Metcalf failed to file a timely response

3  to most of the motions to dismiss.  (Doc. Nos. 19, 20.)

4       On June 23, 2008, Plaintiff Metcalf filed an ex parte application for an order

5  (1) staying an unlawful detainer action pending in another federal court, (2) continuing the

6  hearing on Defendants' motions to dismiss, (3) allowing Dennis R. Gray to intervene, and

7  (4) granting Plaintiff leave to file an amended complaint. (Doc. No. 25.)  On July 3, 2008,

8  the Court denied the request to stay, continued the motion hearings to allow Plaintiff to

9  file an opposition, and denied as unnecessary to request for leave to amend the complaint.[1]

10  (Doc. No. 31.)

11       On July 21, 2008, Defendant Aurora filed a notice alerting the Court that Plaintiff

12  failed to file an opposition to the motions to dismiss.  (Doc. No. 35.)  However, on July

13  22, 2008, before the hearing on the motions, Plaintiff Metcalf and Dennis R. Gray filed

14  an amended complaint. (Doc. No. 37.)  On July 28, 2008, the Court denied the motions

15  to dismiss as moot. (Doc. No. 39.)

16       On August 8 and 11, 2008, Defendants Aurora and Drexel filed motions to dismiss

17  the amended complaint. (Doc. Nos. 41, 43.)  The motions challenged Plaintiff Gray's

18  standing, as well as each of Plaintiffs' causes of action.

19       On September 3, 2008, Plaintiffs filed an opposition to Defendants' motions to

20  dismiss. (Doc. No. 53.)  The opposition was not timely.  Nevertheless, the Court accepted

21  the document.  (Doc. No. 52.)

22       On October 29, 2008, the Court granted Defendants' motions to dismiss.  (Doc.

23  No. 61.)  The Court found that Plaintiff Gray lacked standing because he was not a party

24  to the loan that gave rise to the lawsuit.  (Id. at pp. 3–2.)  The Court also found that

25

26

27  [1] The Order stated that because none of the Defendants had filed a responsive pleading, under Fed.R.Civ.P 15(a)(1)(A), Plaintiff could amend as a matter of course and thus did not need an order granting her leave.

28  The ex parte request to intervene was rejected in a separate order. (*See* Doc. No. 32.)

08cv00731

1    Plaintiff Metcalf's TILA and RESPA claims were time barred, and thus dismissed them
2    without leave to amend. (Id. at p. 6.) As for the 12 U.S.C. § 1831n and state claims, the
3    Court found Plaintiff Metcalf failed to allege sufficient facts to state a claim, and dismissed
4    those claims with leave to amend.

5        On November 24, 2008, Plaintiffs Metcalf and Grey filed a Second Amended
6    Complaint. (Doc. No. 67.) Despite the Court's October 29, 2008 Order, the SAC
7    included Dennis Gray as a Plaintiff, and reasserted the TILA and RESPA claims.

8        In December 2008, Defendants Drexel and Aurora filed the pending motions to
9    dismiss. (Doc. Nos. 68, 73.) The original hearing on the motions was set for January 26,
10   2009. On January 12, 2009–the last day to file their opposition–Plaintiffs requested a ten-
11   day extension of time to oppose the motions to dismiss. (Doc. No. 77.) The Court
12   granted the extension. (Doc. No. 78.)

13       On January 23, 2009, Defendant Aurora filed a notice alerting the Court that
14   Plaintiffs failed to file an opposition. (Doc. No. 81.) The Court now rules on the
15   motions.

16

17   II.   **ANALYSIS**

18       As an initial matter, the Court grants Defendants' motions to dismiss based on
19   Plaintiffs' failure to file an opposition as required by Civil Local Rule 7.1. The Ninth
20   Circuit has held that pursuant to a local rule, a district court may properly grant a motion
21   to dismiss for failure to respond. See generally Ghazali v. Moran, 46 F.3d 52, 53 (9th
22   Cir.1995) (per curiam) (affirming dismissal for failure to file timely opposition papers
23   where plaintiff had notice of the motion and ample time to respond).

24       Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file
25   papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent
26   to the granting of that motion or other ruling by the court." Here, Plaintiffs did not file
27   an opposition and have not requested additional time in which to do so.

28

-3-

08cv00731

Moreover, Plaintiffs provide no evidence that Defendants' moving papers failed to reach the mailing address designated in Defendants' Proofs of Service or that Plaintiffs were not aware of this pending motion.  To the contrary, Plaintiffs' request for an extension of time establishes that Plaintiffs received Defendants' moving papers and notice of the motions. Accordingly, relying on Civil Local Rule 7.1 (f.3.c), the Court deems Plaintiffs' failure to oppose Defendants' motions to dismiss as consent to the merits, and the Court **GRANTS** Defendants' motions to dismiss.

Furthermore, having reviewed the moving papers, the Court also finds that Defendants' arguments are meritorious.  The allegations in Plaintiffs' SAC do not cure the defects identified in the October 29, 2008 order granting the motions to dismiss the amended complaint. (*See* Doc. No. 61.)  Accordingly, the Court finds that leave to amend would be futile, and grants the motions to dismiss without leave to amend.

## III.    CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' motions to dismiss without leave to amend.  (Doc. Nos. 68, 73.)  The clerk of the court shall close the district court case.

**IT IS SO ORDERED.**

**DATE: January 27, 2009**

_____
**HON. THOMAS J. WHELAN**
United States District Court
Southern District of California